**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>　　　　　Defendant. | Civil Action No. 6:20-cv-00730-ADA |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
MOTION TO DISMISS COMPLAINT FOR FAILURE TO
<u>STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF FACTS .............................................................................................. 1
III. LEGAL STANDARDS ................................................................................................... 3
IV. ARGUMENT ................................................................................................................... 6
   A. WSOU's Complaint Fails to Assert a Plausible Claim of Direct Infringement ................. 6
   B. WSOU Fails to State a Claim for Induced or Contributory Infringement .......................... 8
      1. WSOU's Indirect Infringement Claims Fail without Direct Infringement ..................... 9
      2. WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement .................. 9
      3. WSOU Fails to Allege the Requisite Specific Intent for Induced Infringement .......... 10
V. CONCLUSION .............................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ................................................................................5, 11

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
  No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..................................6, 11

*Aguirre v. Powerchute Sports, LLC*,
  No. SA-10-cv-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ................................9

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015)............................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................3

*Bowlby v. City of Aberdeen, Miss.*,
  681 F.3d 215 (5th Cir. 2012) ..........................................................................................3, 4

*Castlemorton Wireless, LLC v. Bose Corp.*,
  6:20-cv-00029-ADA, Order Denying Def............................................................................9, 10

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
  859 F.3d 1352 (Fed. Cir. 2017)..........................................................................................11

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)....................................................................................................5, 9

*De La Vega v. Microsoft Corp.*,
  Nos. W-19-cv-00612, -00617, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ....................4, 8

*Diem LLC v. BigCommerce, Inc.*,
  No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017)..............................4

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) ..............................................4

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004)............................................................................................9

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
  845 F.3d 1357 (Fed. Cir. 2017)............................................................................................5

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
   909 F.3d 398 (Fed. Cir. 2018) .................................................................................................5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009) ...............................................................................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) .................................................................................................................6

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017) ...............................................................................................5

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016) ...............................................................................................5

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ...............................................................................................5

*Neitzke v. Williams*,
   490 U.S. 319 (1989) .................................................................................................................4

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
   965 F.3d 1299 (Fed. Cir. 2020) ............................................................................................7, 8

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ..............................10

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432 .....................................................................................................................10

*TeleSign Corp. v. Twilio, Inc.*,
   No. 16-cv-2106-PSG, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016) ........................................4

*Travel Sentry, Inc. v. Tropp*,
   877 F.3d 1370 (Fed. Cir. 2017) ...............................................................................................5

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
   No. 6:15-cv-974-JRG-JDL, Dkt. 153, Order (E.D. Tex. Aug. 24, 2016) .................................4

*ZitoVault, LLC v. Int'l Bus. Machs. Corp.*,
   No. 3:16-cv-0962, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018) ...........................................3

I.      INTRODUCTION

Plaintiff WSOU Investments, LLC's, d/b/a Brazos Licensing and Development, ("WSOU") August 12, 2020 Complaint alleges infringement of a single patent: U.S. Patent No. 8,462,774 (the "'774 patent" or the "Asserted Patent"). Dkt. 1 at ¶¶ 19–53. Specifically, WSOU accuses Defendant Hewlett Packard Enterprise Company ("HPE") of directly and indirectly infringing the '774 patent because HPE "makes, uses, sells, offers for sale, imports, and/or distributes" network switches including "HPE Aruba 6400, 8320, 8325, and 8400 series" network switches, which WSOU refers to as the Accused Products. *Id*.

However, WSOU's complaint fails to state a claim upon which relief could be granted, because, even if the Court accepts WSOU's factual allegations as true, the complaint fails to plausibly allege that any entity practices each and every element of at least one claim of the '774 patent. Thus, as a matter of law, WSOU cannot prove that HPE or anyone else directly infringes the asserted claims of the '774 patent, and this failure also condemns WSOU's claims for indirect infringement. WSOU's indirect infringement claim also fails because it does not allege HPE had pre-suit knowledge of the Asserted Patent, nor does it plead the requisite specific intent for inducement. Therefore, HPE respectfully requests the Court grant this motion and dismiss WSOU's complaint with prejudice.

II.     STATEMENT OF FACTS

WSOU alleges infringement by HPE of the '774 patent, which is directed to a system and method for providing a virtual Internet Protocol (IP) interface on a local aggregation switch of a multi-chassis system. *See* Dkt. 1 ¶¶ 19–53. Claim 12, the only claim asserted in the complaint, is a method claim directed to a method for configuring a virtual Internet Protocol (IP) interface on a

1

local aggregation switch of a multi-chassis system. '774 patent, cl. 12. Claim 12 is set forth below:

> 12. A method for configuring a virtual Internet Protocol (IP) interface on *a local aggregation* switch of a multi-chassis system, comprising:
>
> coupling a portion of local customer-facing ports of the *local aggregation switch* to a *multi-chassis link aggregation group (MC-LAG)*, the MC-LAG being further coupled to a portion of remote customer-facing ports of *a remote aggregation switch* of the multi-chassis system, the local aggregation switch and the remote aggregation switch each being active and in a separate respective physical chassis;
>
> assigning the MC-LAG to a multi-chassis link aggregate group virtual local area network (MC-LAG VLAN);
>
> allocating a virtual Internet Protocol (IP) interface to the MC-LAG VLAN; and
>
> *configuring* the virtual IP interface *on the local aggregation* switch with an IP address.

Ex. A to Dkt. 1, '774 Patent at 22:15–31 (emphasis added).

The '774 patent describes a link aggregation group (LAG) that is split across two devices to "provide increased resiliency and remove a single point of failure." *Id.* at 4:20–23. The '774 patent refers to this as "a multi-chassis link aggregation group (MC-LAG)." *Id*. The MC-LAG "is split into two subsets and connected to two Aggregation Switches $106_a$ and $106_b$, with one or more physical links of the MC-LAG $102_a$ in each subset." *Id*. at 4:24–27. "The Aggregation Switches $106_a$ and $106_b$ are separate physical switches with each operable as a stand-alone switch and each encased by its own separate physical chassis. The Aggregation Switches $106_a$ and $106_b$ may be in the same geographic area, such as in a central office or data center, or may be separate geographic locations." *Id*. at 5:65–6:4. According to the '774 patent, "an IP interface is configured for each VLAN coupled to the Aggregation Switches $106_a$ and $106_b$." *Id*. at 18:2–3. "[I]n order to support IP interfaces on VLAN's attached to MC-LAGs, the IP subnet running on

such a MC-LAG VLAN can only be singly-attached to any outside Layer 3 routing infrastructure." *Id.* at 18:9–11.

WSOU accuses certain HPE network switches, including the HPE Aruba 6400, 8320, 8325, and 8400 series, of directly infringing claim 12 of the '774 patent. Dkt. 1 at ¶ 22–47. Paragraphs 25–28 of the complaint broadly identify capabilities or features of the Accused Products without any apparent relation to the allegation of infringement. Paragraphs 29–45 of the complaint appear to contain screenshots from a website containing the ArubaOS-CX 10.04 Virtual Switching Extension (VSX) Guide for the Accused Products.[1] However, WSOU does not identify what or who is performing each step of the claimed method or how. Instead, the complaint merely contains various conclusory statements and naked assertions that the claim is satisfied.

## III.  LEGAL STANDARDS

A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original) ("*Twombly*"). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*, 550 U.S. at 546. A complaint is "insufficient if it offers only 'labels and conclusions,' or 'a

---

[1] On a motion to dismiss, the Court may "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *See ZitoVault, LLC v. Int'l Bus. Machs. Corp.*, No. 3:16-cv-0962, 2018 WL 2971131, at *2 n.4 (N.D. Tex. Mar. 29, 2018) (citation omitted).

3

formulaic recitation of the elements of a cause of action.'" *Bowlby*, 681 F.3d at 219 (quoting *Twombly*, 550 U.S. at 555). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Accordingly, if well-pleaded facts still do not state a cognizable theory as a matter of law, dismissal pursuant to Rule 12(b)(6) is warranted.

In a patent suit, a complaint must plead facts that describe *how* the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, Nos. W-19-cv-00612, -00617, 2020 WL 3528411, at *3–4 (W.D. Tex. Feb. 11, 2020). Thus, the Complaint must "provid[e] facts sufficient to create a plausible inference that <u>each</u> element of the claim [of the patent] is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added) (citations omitted); *see also TeleSign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes each element of at least one claim") (internal quotations omitted) (alteration omitted). It is not enough to merely identify the accused products and state that they infringe the asserted claim; rather, the "key to patent infringement is … identifying how those products allegedly infringe the Asserted Patent claims." *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, Dkt. 153, Order at 7 (E.D. Tex. Aug. 24, 2016); *see also DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. 18-098 (MN), 2018 WL 6629709, at *2 (D. Del. Dec. 19, 2018). In the case of a method claim, infringement requires performance of the claimed steps, as opposed to sale of an accused product. *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("The law is unequivocal that

the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a).").

Where "no single actor performs all steps, . . . direct infringement only occurs if 'the acts of one are attributable to the other such that a single entity is responsible for the infringement.'" *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017) (citation omitted); *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351 (Fed. Cir. 2018). In such cases, a plaintiff must plead facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citation omitted); *see also Nalco*, 883 F.3d at 1351-52; *Travel Sentry, Inc. v. Tropp,* 877 F.3d 1370, 1378 (Fed. Cir. 2017); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015).

To plead indirect infringement, the complaint must first plead direct infringement by others. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same). For both induced and contributory infringement, a plaintiff must also plead facts to support an inference of a defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

5

For induced infringement, a plaintiff must additionally plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citations omitted). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7–*8. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

## IV.   ARGUMENT

WSOU's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to plausibly plead each and every element of its infringement claim. Although WSOU's complaint states that "each and every element of at least claim 12 of the '774 patent is practiced by the Accused Products," Dkt. 1 at ¶ 46, the complaint fails to support that assertion with plausible factual allegations. Specifically, WSOU fails as a matter of law to demonstrate that HPE or anyone else directly infringes the asserted claims of the '774 patent, and this failure wipes out WSOU's claims for indirect infringement because direct infringement by others is a necessary predicate to prove active inducement of infringement and contributory infringement. WSOU's indirect infringement claims cannot survive for multiple other reasons as well.

### A.   WSOU's Complaint Fails to Assert a Plausible Claim of Direct Infringement

WSOU's direct infringement claim should be dismissed because the complaint does not plausibly allege that HPE or any third party directly infringes the '774 patent. WSOU alleges that "each and every element of at least claim 12 of the '774 Patent is practiced by the Accused Products," Dkt. 1 at ¶ 46, but WSOU fails to identify any person or entity that is responsible for

6

practicing the steps of the method of claim 12. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) ("Direct infringement requires a party to perform each and every step or element of a claimed method or product." (citation omitted)).

In its complaint, WSOU alleges that "each and every element of at least claim 12 of the '774 Patent is practiced by the Accused Products," Dkt. 1 at ¶ 46. WSOU then repeatedly makes statements that the "Accused Products practice a method," *see* Dkt. 1 at ¶ 24, and "[t]he method practiced by the Accused Products comprises," *see* Dkt. 1 at ¶¶ 29, 35, 40, and 44, followed by conclusory allegations mimicking the language of the claim. However, products cannot practice a method by themselves, and WSOU does not identify any person or entity that is responsible for practicing the steps of claim 12. *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314–15 (Fed. Cir. 2020) ("Method claims are 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)). WSOU also provides quotes and screen shots purporting to show certain capabilities of the Accused Products "as implemented by the Accused Products." *See* Dkt. 1 at 30–34, 35–39, and 41–42. However, at no point does WSOU identify any one that it believes has used the identified functionality to practice the steps of the asserted method. *See* Dkt. 1 at ¶ 22–46. Moreover, as best as can be ascertained by reading WSOU's complaint, the claimed method requires two of the Accused Products, one the "local aggregation switch" and the other the "remote aggregation switch," but WSOU fails to allege two Accused Products have been configured together by anyone, much less who that anyone might be and whether they are located in the United States. To allege direct infringement of the asserted claim, WSOU would have to identify a person or entity that performed or practiced each step of the asserted method, not merely point to a product it believes has the capability to perform the method when

combined with another and used. WSOU's complaint does not identify any third party that allegedly used the claimed method, or otherwise provide evidence that the claimed method was actually used by such an entity.

Additionally, to the extent WSOU meant to allege that HPE itself directly infringes, there is only a passing boilerplate mention of "internal use and testing" of the products. *See* Dkt. 1 at ¶ 47. Such limited disclosure by WSOU fails to explain how, if at all, HPE could have directly infringed claim 12, and therefore does not rise to the level required to state a claim for relief. *See De La Vega*, 2020 WL 3528411, at *4–5 (granting dismissal where plaintiff did not "articulate[] any basis that would establish that either [defendant] performed all of the elements of the claim when it tested the accused products"). Even if the Court accepts such an allegation, such internal testing does not underlie a plausible claim for injury/damages. *See id*. at *5 n.7 (expressing skepticism that plaintiff's claim of infringement based on defendants' alleged internal testing could support anything more than "trivial" damages); *see also Packet Intelligence*, 965 F.3d at 1315.

Accordingly, the Court should dismiss WSOU's claim of direct infringement by HPE.

**B.     WSOU Fails to State a Claim for Induced or Contributory Infringement**

WSOU's indirect infringement claims are deficient and should be dismissed. As an initial matter, WSOU's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement. Beyond that failing, WSOU has failed to plead any knowledge by HPE of the patent, or knowledge by HPE of alleged infringement, ***prior*** to the filing of this action. WSOU also fails to plead a specific intent to induce infringement. Each of these failures independently warrants dismissal of WSOU's indirect infringement allegations.

### 1. WSOU's Indirect Infringement Claims Fail without Direct Infringement

WSOU's indirect infringement allegations are insufficient as a matter of law as WSOU fails to plausibly allege direct infringement by a third party. *See supra* § IV.A. It is axiomatic that indirect infringement requires direct infringement by another as a predicate. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement … ."). As a result, WSOU has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

### 2. WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement

WSOU's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926 (citation omitted). As courts in this District have held, the knowledge requirement for indirect infringement require ***pre-suit*** knowledge. *See Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Order Denying Def.'s Mot. to Dismiss, Dkt. 51 at 11 (July 22, 2020) (Order attached as Exhibit 2); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, WSOU's sole allegation of knowledge of the patent is a conclusory statement that "HPE has received notice and actual or constructive knowledge of the '774 Patent ***since at least the date of service of this Complaint***." Dkt. 1 at ¶ 48 (emphasis

added).[2] This Court has rejected materially identical allegations of knowledge. For example, in *Parus*, this Court dismissed indirect infringement claims where a plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent ***since at least the filing of the original complaint***." *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, at Dkt. 28 (Amended Compl.) at ¶ 44 (emphasis added) (attached as Exhibit 3); *see id.* at Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims) (Order attached as Exhibit 1). Like the allegations in *Parus*, WSOU fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *see also* Exhibit 2, *Castlemorton Wireless*, Dkt. 51 at 11 ("Because Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge, the Court **GRANTS** Bose's motion to dismiss Castlemorton's indirect infringement claims."). WSOU's induced and contributory infringement claims should be dismissed for this additional, independent reason.

### 3. WSOU Fails to Allege the Requisite Specific Intent for Induced Infringement

WSOU also fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d

---

[2] WSOU's allegation of knowledge of infringement is likewise deficient, as WSOU alleges such knowledge only "[s]ince at least the date of service of this Complaint." Dkt. 1 at ¶ 50; *see, e.g.*, Exhibit 1, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent."); *id.*, Dkt. 28 at ¶ 44 (Amended Compl.) (attached as Exhibit 3).

10

1293, 1306 (Fed. Cir. 2006) (emphasis added)). WSOU's allegations of specific intent amount to a single conclusory statement that HPE "actively induced" others to infringe through their advertising, product descriptions, operating manuals and other instructions, and three website citations. *See* Dkt. 1 at ¶ 49. But, critically, the Complaint alleges no facts that suggest any connection between HPE *encouraging its customers to generally use the Accused Products* and their direct infringement, much less an intent to have HPE's customers directly infringe. In order to plausibly plead induced infringement, the law requires a showing that HPE induced someone to perform *all of the steps that constitute infringement*. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *see also Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. 13-cv-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents." (citations omitted)).

      WSOU's conclusory allegations fail to present facts that demonstrate: (1) HPE knew that the alleged acts would infringe, and (2) HPE knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7-8 (finding "Plaintiffs

11

generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient." (citations omitted)).

WSOU's inducement claim should be dismissed because the Complaint is entirely silent on a key requirement of induced infringement.

## V. CONCLUSION

For the reasons above, HPE respectfully requests the Court dismiss WSOU's complaint alleging infringement of the '774 patent with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Date: October 23, 2020                                            Respectfully submitted,


                                                                  By: */s/ Barry K. Shelton*

                                                                  Barry K. Shelton
                                                                  Texas State Bar No. 24055029
                                                                  SHELTON COBURN LLP
                                                                  311 RR 620, Suite 205
                                                                  Austin, TX 78734-4775
                                                                  Telephone: (512) 263-2165
                                                                  Facsimile: (512) 263-2166
                                                                  bshelton@sheltoncoburn.com

                                                                  **ATTORNEYS FOR DEFENDANT
                                                                  HEWLETT PACKARD ENTERPRISE
                                                                  COMPANY**


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system pursuant to Local Rule CV-5(b)(1).

                                                                  /s/ *Barry K. Shelton*
                                                                  Barry K. Shelton