# EXHIBIT 10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A<br>BRAZOS LICENSING AND DEVELOPMENT,<br><br>        Plaintiff,<br><br>     v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>        Defendant. | Nos. 6:20-cv-00725-ADA<br>6:20-cv-00726-ADA<br>6:20-cv-00727-ADA<br>6:20-cv-00728-ADA<br>6:20-cv-00729-ADA<br>6:20-cv-00730-ADA<br>6:20-cv-00783-ADA |

## BRAZOS'S RESPONSES AND OBJECTIONS TO HPE'S FIRST SETS OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Brazos, by and through its attorneys, provides its responses and objections to HPE's First Sets of Interrogatories,[1] dated June 2, 2021.

Discovery is ongoing in these cases, and Brazos's objections and responses are based upon information known and available to Brazos at this time and are necessarily limited by, the records and information in existence, presently recollected, and thus far discovered in the course of preparing these responses. Brazos is continuing its investigation and discovery into the subject matter of these actions and thus reserves the right to produce any subsequently discovered facts, documents, or information. Brazos will supplement these responses as necessary to comply with the requirements of Fed. R. Civ. P. 26(e).

---

[1] HPE's First Set of Common Interrogatories (served in all of the above-captioned actions); HPE's First Set of '725 Case Interrogatories; HPE's First Set of '726 Case Interrogatories; HPE's First Set of '727 Case Interrogatories; HPE's First Set of '728 Case Interrogatories; HPE's First Set of '729 Case Interrogatories; HPE's First Set of '730 Case Interrogatories; and HPE's First Set of '783 Case Interrogatories.

These responses are made solely for the purposes of the above captioned actions, and are made without waiving any right to object on any proper grounds to the use of these responses for any purpose, in whole or in part, in any subsequent proceeding or other action. The right to raise any applicable objections at any time is expressly reserved.

Brazos has made specific objections to certain Interrogatories, to the extent they seek information protected from disclosure by the attorney-client privilege, the common interest privilege, work product immunity, or any other applicable privilege or immunity.

To the extent Brazos indicates in response to any Interrogatory that it will answer, such response shall mean only that Brazos will conduct a reasonable search for responsive information that is within Brazos' possession, custody, or control and will answer, subject to any objection, with such responsive, non-privileged information that it may find. Such response shall not mean that an answer or fact exists. Likewise, where Brazos indicates that an answer will be made subject to a specific objection on the grounds of vagueness, ambiguity and/or overbreadth, this shall mean that Brazos will limit its answer in accordance with the terms of the objection.

Brazos' response to the Interrogatories shall be directed solely to discoverable facts, and any statement made in response to such an Interrogatory shall not be deemed as an admission of any kind, including relevance, with respect to the subject matter of any such legal conclusion. Brazos' commitment to respond and produce documents in response to the Interrogatories is subject to the Federal Rules of Civil Procedure, the Local Rules, and this Court's Orders.

None of the Objections herein is a direct or indirect admission (i) of the truth or accuracy of any statement or characterization asserted by HPE in any pleading or other filing with the Court; (ii) of the validity of any objection by HPE to any discovery request propounded in these

actions by Brazos; or (iii) that any discovery request propounded by Brazos in these actions is wholly or partially objectionable under any applicable law or rules.

## GENERAL OBJECTIONS

The following General Objections apply to each of HPE's Interrogatories and are hereby incorporated within each specific response set forth below. No specific objection is intended to constitute, or should be construed as constituting, a waiver of any General Objection.

1.      Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they seek to impose any requirements or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and the Orders governing this action. Brazos will respond to HPE's Interrogatories consistent with the Federal Rules of Civil Procedure, the Local Rules, and/or the Orders of this Court.

2.      Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they seek confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos will not produce such information absent an express order to the contrary from a court of competent jurisdiction, or an authorization from the third party having the interest in the information's confidentiality.

3.      Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they purport to define words or phrases to have a meaning different from their legal, contractual, or intended meaning. Brazos also objects to the Interrogatories, Definitions, and Instructions to the extent they purport to define words or phrases in a manner inconsistent with the normal usage and meaning of the terms so as to constitute an unreasonable expansion of the Interrogatories, cause confusion, or unduly burden Brazos.

3

4. Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they are overly broad, unduly burdensome, not temporally limited or seek information for a time period that is not proportional to the needs of the case.

5. Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they seek to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

6. Brazos objects to HPE's definitions of "Plaintiff," "WSOU," "you," and "your" as overly broad, unduly burdensome, not proportional to the needs of the cases and not relevant to any party's claims or defenses because they seek information from persons and entities that are not owned or controlled by Brazos and/or seek information that is not in the possession, custody, or control of Brazos. Brazos further objects to HPE's definitions of "Plaintiff," "WSOU," "you," and "your" as imposing obligations beyond Local Rule CV-26. Accordingly, Brazos provides answers to these Interrogatories on behalf of Brazos. Brazos further objects to these definitions to extent they call for the production of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity in so far as the definition purports to include attorneys.

7. Brazos objects to HPE's definition of "prior art" as vague and ambiguous, and calling for a legal conclusion.

8. Brazos objects to HPE's definition of "standards at issue" as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases as neither the Court nor the Parties have made any determination that any standard is covered by any claim of the asserted patents and HPE has not set forth any analysis or evidence that any standard is covered by any claim of the asserted patents. Brazos further objects to this

definition as vague and ambiguous with respect to the phrase "any other standards WSOU believes are covered or may be covered by claim of the asserted patents."

9.     Brazos objects to the Interrogatories to the extent they seek "all documents" responsive to an Interrogatory on the grounds that this language renders the Interrogatories unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Brazos objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privileges and immunities.

11.     Brazos objects to the Interrogatories to the extent they are unreasonably cumulative and duplicative and seek the discovery of information that can be obtained from some other source that is more convenient, less burdensome, or less expensive; seek the discovery of information that is already in HPE's possession and/or has already obtained by discovery in this action.

12.     Brazos objects to the Interrogatories to the extent they seek discovery that is not relevant to any party's claims or defenses, and seek discovery, the burden and expense of which is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

13.     Brazos objects to the Interrogatories as unduly burdensome and improper to the extent that they purport to require Brazos to produce information, documents, or materials for

inspection or copying at a location other than Brazos' principal places of business, the offices of Brazos' attorneys, or any other location agreed to by Brazos.

14.     Brazos objects to the Interrogatories to the extent they seek information, documents, or materials not in Brazos' possession, custody, or control.

15.     Brazos objects to the Interrogatories to the extent they are vague, ambiguous, or subject to varying interpretations. Brazos further objects to the Interrogatories to the extent they fail to define or describe the information sought with reasonable particularity, and unreasonably require Brazos to speculate as to the nature and scope of the information sought.

16.     Brazos objects to the Interrogatories to the extent they seek discovery regarding matters that are not relevant to any issues or any party's claims or defenses in these cases.

17.     Brazos objects to the Interrogatories on the grounds and to the extent each seeks information unknown to Brazos.

Subject to and without waiver of the foregoing objections, each of which is hereby incorporated into each of the responses below, whether or not repeated for emphasis, Brazos states the following additional Objections to the Interrogatories, tracking the numerical requests set forth in the Interrogatories.

<u>SPECIFIC RESPONSES AND OBJECTIONS</u>

Brazos expressly incorporates the above General Objections as though set forth fully in response to each of the following topics, and, to the extent that they are not raised in the particular response, Brazos does not waive those objections.

<u>COMMON INTERROGATORIES</u>

<u>COMMON INTERROGATORY NO. 1</u>

For each claim of each of the asserted patents in these cases, identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions that HPE has infringed and/or infringes literally, under the doctrine of equivalents, by contribution, or

by inducement of that claim, including for indirect infringement contentions the identity of each alleged direct infringer and quantification of the amount of direct infringement for each (number of units of accused products used in an infringing manner and percent of the time they are so used compared to total usage). As part of your response, on a claim-by-claim basis, identify by part number each HPE product accused of infringement and provide a claim chart identifying each limitation of each claim of the asserted patents in these cases that you contend are met by each HPE accused product and what portion or portions of the accused product you allege meets the limitation, and identify in detail all facts and reasons (including all documents) that establish that each of HPE's accused products meets these limitations, including all datasheets, schematics, board layouts, circuit diagrams, testing results or reports, source code, standards and other technical materials upon which you intend to rely to support your contentions.

### RESPONSE TO COMMON INTERROGATORY NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent that it seeks information protected by the attorney-client privilege,

work product doctrine, common interest privilege, and/or other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent it calls for the production of ESI from sources that are

not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as

seeking information not relevant to any issue, claims or defenses in these actions, not

proportional to the needs of the cases, and/or seeking to impose obligations beyond what is

required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Brazos objects to this request as overly broad and unduly burdensome, including because it seeks

"all facts and reasons (including all documents)." Brazos further objects to this Interrogatory as

premature at this stage of the litigation because discovery has just begun. Brazos further objects

to this Interrogatory as premature to the extent that it seeks information that is properly the

subject of expert reports before the deadline for such disclosures. Brazos objects to this

Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Nevertheless, the infringing products include at least the products identified in Brazos's original and amended Complaints and Brazos's infringement contentions (and any amendment thereto), which are incorporated herein by reference. HPE has yet to produce all relevant documents, including but not limited to documents sufficient to show the operation of the accused products and source code. Brazos reserves the right to supplement this response as HPE produces additional information about the accused products. The infringed claims are those claims already identified in Brazos's original and amended complaints and Brazos's infringement contentions (and any amendments thereto). Brazos refers HPE to the documents identified in Brazos's original and amended complaints and infringement contentions (and any amendments). The acts of induced infringement are those identified in Brazos's original and amended complaints and infringement contentions (and any amendments). Brazos reserves the right to supplement this response as discovery progresses.

### COMMON INTERROGATORY NO. 2

State whether you contend willful infringement or any other acts occurred justifying enhanced damages and/or the award of attorneys' fees against HPE and, if so, identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions that HPE has willfully infringed any claims of any of the asserted patents in these cases or committed any other acts justifying the award of enhanced damages and/or attorneys' fees.

<u>**RESPONSE TO COMMON INTERROGATORY NO. 2**</u>

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory as overly broad and unduly burdensome, including because it seeks identification of "all facts and reasons (including all documents)." Brazos objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos further objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving any of its General or Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. HPE has yet to produce all relevant documents, including but not limited to documents related to its knowledge of the asserted patents. HPE has had actual knowledge of the asserted patents since at

least the date of service of the original complaints and HPE was made aware of Brazos's

infringement theory since the date of service of the original complaints. Additional disclosure of

Brazos's infringement theory was provided in Brazos's infringement contentions. Despite being

made aware of the asserted patents and its infringement thereof, HPE has continued to make, use,

sell, and offer for sale the accused products, and induce and contribute to the infringement of

others. Brazos reserves the right to supplement this response as discovery progresses and will

supplement its response to this Interrogatory to provide any relevant, non-privileged information

it obtains, including identifying documents pursuant to Fed. R. Civ. P. 33(d), to the extent such

information exists and can be ascertained after a reasonable investigation in accordance with the

Federal Rules of Civil Procedure and any applicable Local Rules or Court orders, and is in the

possession, custody, or control of Brazos.

**COMMON INTERROGATORY NO. 3**

For each asserted claim of each of the asserted patents in these cases and for each ground
of invalidity of that claim identified by HPE in these cases, identify in detail all facts and reasons
(including all documents) that support or contradict any of your contentions that the claim is not
invalid, including (for Section 112 grounds) an identification of specific portions of the
specification that you contend provide (1) a written description for such claim and (2) enable a
person of skill in the art to practice such claim, and/or including (for Section 102 and/or 103
grounds) a detailed explanation of all factual bases why each prior art reference(s) alone or in
combination does not invalidate the claim and a claim chart identifying which elements or
limitations are disclosed either explicitly or implicitly in the prior art reference(s), and if so, an
identification where such elements or limitations are.

**RESPONSE TO COMMON INTERROGATORY NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent that it seeks information protected by the attorney-client privilege,

work product doctrine, common interest privilege, and/or other applicable privilege or immunity.

Brazos objects to this Interrogatory as overly broad and unduly burdensome, including because it

seeks identification of "all facts and reasons (including all documents)." Brazos objects to this

Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos further objects to this Interrogatory as an improper attempt to shift the burden regarding proof of invalidity, which is properly placed on HPE. *See Tech Licensing Corp. v. Videotek Inc*., 545 F.3d 1316, 1327 (Fed. Cir. 2008); *see also SFA Systems, LLC v. Amazon.com, Inc. et al, LLC* v. No. 6:11-CV-052-LED, Dkt. 400, at 2 (E.D. Tex. April 11, 2013) ("It is premature to compel SFA to provide a substantive response to Interrogatory No. 6. Defendant bears the burden of proving that the patents-in-suit are invalid for failure to meet the written-description requirement. . . . Therefore, after Amazon has met its initial burden through its expert report, Plaintiff may rebut Amazon's position, but not vice versa.").

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This interrogatory is premature. If HPE satisfies its burden by making a *prima facie* case of invalidity through its expert report, Brazos will rebut HPE's position through its expert report.

Brazos reserves the right to supplement this response, including by supplementing it after receiving HPE's final invalidity contentions, HPE's opening expert report, and after submitting Brazos's expert report.

## COMMON INTERROGATORY NO. 4

For each asserted claim of each of the asserted patents in these cases, identify all secondary considerations you contend support the non-obviousness of the claim and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions that secondary considerations support the non-obviousness of the claim, including without limitation identifying in detail all facts and reasons (including all documents) that support or contradict your contentions, if any, that a nexus exists between the secondary considerations and the claimed invention.

## RESPONSE TO COMMON INTERROGATORY NO. 4

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege and/or immunity. Brazos objects to this Interrogatory as overly broad and unduly burdensome, including because it seeks identification of "all facts and reasons (including all documents)." Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local

Rules, and any other applicable law. Brazos further objects to this Interrogatory as premature at

this stage of the litigation because discovery has just begun. Brazos objects to this Interrogatory

to the extent that it seeks information not within Brazos's possession, custody, or control,

including information that is within the possession, custody, or control of HPE that has not yet

been produced in this case. Brazos further objects to this Interrogatory as an improper attempt to

shift the burden regarding invalidity, which is properly placed on HPE. *See Tech Licensing*

*Corp.*, 545 F.3d at 1327; *see also SFA Systems, LLC*, No. 6:11-CV-052-LED, Dkt. 400, at 2.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

This interrogatory is premature. If HPE satisfies its burden by making a *prima facie* case

of invalidity through its expert report, Brazos  will rebut HPE's position through its expert

report. Brazos reserves the right to supplement this response, including by supplementing it after

receiving HPE's final invalidity contentions, HPE's opening expert report, and after submitting

Brazos's expert report.

### COMMON INTERROGATORY NO. 5

For each asserted patent in these cases, identify each of the category(-ies) of damages you
are seeking for the asserted infringement, as well as specifics regarding your theories of
recovery, factual support for those theories, and computations of damages within each category,
including lost profits, price erosion, convoyed or collateral sales, reasonable royalty and any
other form of damages, and identify in detail all facts and reasons (including all documents) that
support or contradict any of your contentions. To the extent you contend WSOU is due a per unit
royalty for some or all accused products, or a royalty rate tied to the value of a portfolio of
WSOU patents that includes patents not asserted in these cases, state what percentage of that
royalty is attributable to each asserted patent. To the extent you contend you are unable to
provide a fulsome response to all or part of this Interrogatory, identify the information you
require to do so.

### RESPONSE TO COMMON INTERROGATORY NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent that it seeks information protected by the attorney-client privilege,

work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory as seeking expert discovery before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos further objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This interrogatory is premature and the amount of damages owed to Brazos for HPE's infringement will be addressed in Brazos's expert report(s). HPE has not yet provided interrogatory responses or a complete document production related to damages.

Nevertheless, Brazos states that it has been damaged by HPE's infringement and Brazos should be entitled to recover "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together

14

with interest and costs as fixed by the court." 35 U.S.C. § 284. Brazos is entitled to a reasonable royalty calculated based on at least HPE's sales and revenue derived through the sale of Accused Products. Brazos expects to present a reasonably royalty analysis based on the outcome of a hypothetical negotiation between the patent owner and HPE prior to the first instance of infringement.

The bases for the value of the features claimed in the Patents-in-Suit will be set forth in Brazos's expert report(s), which will be served in accordance with the schedule agreed upon by the parties.  Brazos anticipates that its expert's determination of reasonable royalty damages will be based on, among other things, party and third-party license rates, sales data for the accused products, analysis of sales and profit projections, financial data produced by HPE and other revenue associated with the accused products, analyst forecasts, profitability information and other documents and records, including documents produced by HPE and/or third parties. Brazos may also use other documents and materials referred to and recognized as relevant to the determination of a reasonable royalty or other damages computations.

Brazos further incorporates by reference, as if fully set forth herein, the factual basis set forth in its original and amended complaints; Brazos's Disclosure of Asserted Claims and Infringement Contentions; and Brazos's forthcoming export report(s) which will be served in accordance with the agreed upon schedule.

Discovery and Brazos's investigation are ongoing and Brazos reserves the right to amend or supplement its response to this Interrogatory.

### COMMON INTERROGATORY NO. 6

Identify all entities that have provided or have committed to provide funding for your litigation of any of the asserted patents and/or related patents, including without limitation the district court proceedings between you and HPE, and, for each such entity, describe in detail the terms of any agreement(s), the amount provided and/or committed by the entity, and WSOU's

obligations in response (for instance, the percentage or amount of any recover due), and identify all agreements relating thereto and all communications related thereto.

<u>**RESPONSE TO COMMON INTERROGATORY NO. 6**</u>

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory as seeking information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privileges or immunities. Brazos objects to this Interrogatory as seeking information not relevant to any issues, claims, or defenses in these actions, not proportional to the needs of these cases, and seeking to impose obligations beyond what are required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case. Brazos objects to this Interrogatory as overly broad and unduly burdensome because it seeks identification of "all entities," "all agreements," and "all communications." Brazos further objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patents-in-suit. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, and the lack of importance

of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

There are no entities that have provided or have committed to provide funding to Brazos

for litigation related to any of the asserted patents.

## COMMON INTERROGATORY NO. 7

State whether WSOU is currently following, or has ever followed, a business model that
includes (a) to hold patents claiming products or processes for the primary purpose of asserting
and/or filing patent infringement claims against other persons, groups, or legal entities for
monetary gain; and (b) to not have more than negligible other business activities, identify all
time-periods during which WSOU follows/ed such a business model, and identify in detail all
facts and reasons (including all documents) that support or contradict any of your contentions
regarding when WSOU did and did not follow such a business model.

## RESPONSE TO COMMON INTERROGATORY NO. 7

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory on the grounds that it is vague and ambiguous, including as to the phrases

"business model" and "to not have more than negligible other business activities." Brazos objects

to this Interrogatory to the extent it seeks information protected by the attorney-client privilege,

work product doctrine, common interest privilege, and/or any other applicable privilege or

immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business,

financial, proprietary, or sensitive information or trade secrets of third parties, including but not

limited to information that is subject to pre-existing protective order(s) and or confidentiality

agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI

from sources that are not reasonably accessible because of burden or cost. Brazos objects to this

Interrogatory to the extent it is not temporally limited. Brazos objects to this Interrogatory as

seeking information not relevant to any issue, claims or defenses in these actions, not

proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, Standing Orders, and any other applicable law. Brazos objects to this Interrogatory as overly broad and unduly burdensome, including because it seeks "all facts and reasons (including all documents)" on information that is not relevant to the claims and defenses in this case or relevant to the patents-in-suit. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos is in the business of developing, acquiring, monetizing, and securing patents and helping inventors do the same. Brazos further states that it will produce and identify relevant formation documents pursuant to Fed. R. Civ. P. 33(d), to the extent such documents exist, relating to Brazos's organization from which HPE can, with substantially the same burden as Brazos, ascertain information that is reasonably related to this request and proportional to the needs of the case.

### COMMON INTERROGATORY NO. 8

Identify and describe in detail the relationship between WSOU and Wade & Co., including Stuart Shanus's role or roles with regard to each entity, and identify in detail all facts and reasons (including all documents) that support or contradict your contentions as to such.

### RESPONSE TO COMMON INTERROGATORY NO. 8

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory on the grounds that it is vague and ambiguous, including as to the term

18

"relationship." Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, Standing Orders, and any other applicable law. Brazos objects to this Interrogatory as overly broad and unduly burdensome, including because it seeks "all facts and reasons (including all documents)" on issues not relevant to any issues, claims, or defenses, and is not proportional to the needs of the case. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

## COMMON INTERROGATORY NO. 9

Identify all witnesses you either will or may call at trial in these cases, which case or cases, the general subject matter of their testimony, their contact information including telephone number and address, and whether they are represented by counsel and, if so, who.

**RESPONSE TO COMMON INTERROGATORY NO. 9**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as seeking identification of all trial witnesses before the deadline for such disclosures.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This Interrogatory is premature. Nevertheless, Brazos incorporates by reference its Initial Disclosures, which it served on HPE on June 2, 2021. Discovery is still ongoing and Brazos reserves the right to supplement this response as discovery progresses.

**'725 CASE INTERROGATORIES**

**'725 CASE INTERROGATORY NO. 1**

Identify the complete ownership chain for the '534 patent and the application from which it issued, including as to all rights regarding the patent (including the right to recover for past damages) and further including all encumbrances on the patent and/or the rights regarding it, and identify all evidence (including documents and people with knowledge) related thereto.

**'725 CASE RESPONSE TO INTERROGATORY NO. 1**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos hold all rights to the '534 patent, including the rights to recover for past damages. Brazos is not aware of any encumbrances of the '534 patent that would limit Brazos rights to recover for HPE's infringement of the patent. Persons with knowledge of the ownership of the '534 patent, including the acquisition of the '534 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081. Brazos further states:

The rights to the '534 patent were assigned by the named inventor of the patent, Pramod V. Koppol, to Lucent Technologies Inc. on November 18, 2003, as evidenced by an Assignment and Agreement recorded with the U.S. Patent & Trademark Office at Reel/Frame 014729/0613

(WSOU-HPE-00003235). Lucent Technologies Inc. merged into Alcatel-Lucent USA, Inc.

effective November 1, 2008, as evidenced by a Certificate of Merger filed with the U.S. Patent &

Trademark Office at Reel/Frame 024960/0227 (WSOU-HPE-00003287). Alcatel-Lucent USA

Inc. assigned the rights to the '534 patent to Brazos effective December 22, 2017, as evidenced

by a Patent Assignment recorded with the U.S. Patent & Trademark Office at Reel/Frame

045089/0972 (WSOU-HPE-00004669).

### '725 CASE INTERROGATORY NO. 2

State whether WSOU has standing to sue for infringement of the '534 patent and identify
all claims for relief for which it is has the right to recover for that patent, all time-periods for
which it has those rights, any time-periods for which it does not have any of those rights, and
who has the right(s) to recover for any time-periods for which WSOU does not have any of those
rights, and identify in detail all facts and reasons (including all documents) that support or
contradict any of your contentions regarding WSOU's standing and/or rights to recover, or lack
thereof.

### '725 CASE RESPONSE TO INTERROGATORY NO. 2

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent it calls for the production of ESI from sources that are

not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as

seeking information not relevant to any issue, claims or defenses in these actions, not

proportional to the needs of these cases, and/or seeking to impose obligations beyond what is

required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has standing to sue for infringement of the '534 patent, including the right to recover for all past damages, based on its ownership of all rights to the '534 patents. *See* Brazos's Response to Specific Interrogatory No. 1. Brazos is not aware of any time periods for which it which it does not have the rights to recover damages for HPE's infringement of the '534 patent. Persons with knowledge of the ownership of the '534 patent, including the acquisition of the '534 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-000003233–5195; WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081.

## '725 CASE INTERROGATORY NO. 3

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '534 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

## '725 CASE RESPONSE TO INTERROGATORY NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements.

23

Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '534 patent, to the extent such documents exists and are within its custody, or control. Brazos reserves the right to supplement its response to this Interrogatory including identifying documents pursuant to Fed. R. Civ. P. 33(d).

## '725 CASE INTERROGATORY NO. 4

Identify all time periods during which you contend HPE had knowledge of the existence of the '534 patent and all time periods during which you contend HPE had knowledge that it was

infringing that patent, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions as to all such knowledge by HPE.

**'725 CASE RESPONSE TO INTERROGATORY NO. 4**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all facts and reasons (including all documents)." Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun. Brazos further objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos responds as follows:

HPE has had knowledge of the '534 patent at least since the date of service of the original complaint. Discovery in this case is ongoing and Brazos continues to investigate this matter. Defendant has yet to produce all relevant documents, including documents related to its knowledge of the '534 patent. Brazos reserves the right to supplement this response as discovery progresses and will supplement its response to this Interrogatory to provide any relevant, non-privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P. 33(d).

## '725 CASE INTERROGATORY NO. 5

For each asserted claim of the '534 patent, identify the entity or entities you contend perform(s) each element/step of the claim, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions as to such.

## '725 CASE RESPONSE TO INTERROGATORY NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as overly

broad and unduly burdensome because it demands identification of "all facts and reasons (including all documents)." Brazos objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun.  Brazos further objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos responds as follows:

The entities who perform each element/step of the claims of the '534 patent include at least the entities identified in Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto). These entities include HPE and end users of the Accused Products. Discovery is ongoing, and HPE has yet to fully produce documents sufficient to show the use of the Accused Products by HPE, HPE's customers, and any other end users, including but not limited to a complete set of technical documents and source code related to the accused products.  Brazos reserves the right to supplement this response as HPE produces information about the use of the accused products. Discovery is ongoing and Brazos reserves the right to supplement this response.

### '726 CASE INTERROGATORIES

### '726 CASE INTERROGATORY NO. 1

Identify the complete ownership chain for the '630 patent and the application from which it issued, including as to all rights regarding the patent (including the right to recover for past damages) and further including all encumbrances on the patent and/or the rights regarding it, and identify all evidence (including documents and people with knowledge) related thereto.

**'726 CASE RESPONSE TO INTERROGATORY NO. 1**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos hold all rights to the '630 patent, including the rights to recover for past damages. Brazos is not aware of any encumbrances of the '630 patent that would limit Brazos rights to recover for HPE's infringement of the '630 patent. Persons with knowledge of the ownership of the '630 patent, including the acquisition of the '630 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081. Brazos further states:

The rights to the '630 patent were assigned by the named inventors of the patent, Yin Ling Liong, Roberto Barnes, and Man Li, to Nokia Corporation on November 17 and 18, 2003, as evidenced by an Assignment recorded with the U.S. Patent and Trademark Office at

Reel/Frame 014741/0885 (WSOU-HPE-00003238). Nokia Corporation assigned the rights to the '630 patent to Nokia Technologies Oy effective December 31, 2014, as evidenced by a Patent Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 035567/0073 (WSOU-HPE-00004018). Nokia Technologies Oy assigned the rights to the '630 patent to Wade and Company effective August 2, 2017, as evidenced by a Patent Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 043953/0822 (at 0843–45) (WSOU-HPE-00004030). Wade and Company assigned the rights to the '630 patent to Brazos effective August 21, 2017, as evidenced by an Assignment of Patent Purchase Agreement recorded with the U.S. Patent and Trademark Office at Reel/Frame 043953/0822 (at 0846) (WSOU-HPE-00004030).

**'726 CASE INTERROGATORY NO. 2**

State whether WSOU has standing to sue for infringement of the '630 patent and identify all claims for relief for which it is has the right to recover for that patent, all time-periods for which it has those rights, any time-periods for which it does not have any of those rights, and who has the right(s) to recover for any time-periods for which WSOU does not have any of those rights, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions regarding WSOU's standing and/or rights to recover, or lack thereof.

**'726 CASE RESPONSE TO INTERROGATORY NO. 2**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as

seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has standing to sue for infringement of the '630 patent, including the right to recover for all past damages, based on its ownership of all rights to the '630 patent. *See* Brazos's Response to Specific Interrogatory No. 1. Brazos is not aware of any time periods for which it which it does not have the rights to recover damages for HPE's infringement of the '630 patent. Persons with knowledge of the ownership of the '630 patent, including the acquisition of the '630 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-000003233–5195; WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081.

### '726 CASE INTERROGATORY NO. 3

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '630 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

### '726 CASE RESPONSE TO INTERROGATORY NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '630 patent, to the extent such documents exists and are within its custody,

or control. Brazos reserves the right to supplement its response to this Interrogatory including

identifying documents pursuant to Fed. R. Civ. P. 33(d).

**'726 CASE INTERROGATORY NO. 4**

      Identify all time periods during which you contend HPE had knowledge of the existence
of the '630 patent and all time periods during which you contend HPE had knowledge that it was
infringing that patent, and identify in detail all facts and reasons (including all documents) that
support or contradict any of your contentions as to all such knowledge by HPE.

**'726 CASE RESPONSE TO INTERROGATORY NO. 4**

      Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent is not temporally limited or seeks information for a time

period that is not proportional to the needs of these cases, and/or seeking to impose obligations

beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other

applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad,

and not reasonably calculated to lead to the discovery of admissible evidence, including because

it seeks "all facts and reasons (including all documents)." Brazos also objects to this

Interrogatory as seeking discovery for which the burden and expense is not proportional to the

needs of this case and outweighs its likely benefit considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos

objects to this Interrogatory as premature at this stage of the litigation because discovery has just

begun. Brazos further objects to this Interrogatory to the extent that it seeks information not

within Brazos's possession, custody, or control, including information that is within the

possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos

responds as follows:

HPE has had knowledge of the '630 patent at least since the date of service of the original

complaint. Discovery in this case is ongoing and Brazos continues to investigate this matter.

Defendant has yet to produce all relevant documents, including documents related to its

knowledge of the '630 patent. Brazos reserves the right to supplement this response as discovery

progresses and will supplement its response to this Interrogatory to provide any relevant, non-

privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P.

33(d).

### '727 CASE INTERROGATORIES

### '727 CASE INTERROGATORY NO. 1

Identify the complete ownership chain for the '823 patent and the application from which
it issued, including as to all rights regarding the patent (including the right to recover for past
damages) and further including all encumbrances on the patent and/or the rights regarding it, and
identify all evidence (including documents and people with knowledge) related thereto.

### '727 CASE RESPONSE TO INTERROGATORY NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it calls for the production of ESI from sources that are

not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos hold all rights to the '832 patent, including the rights to recover for past damages. Brazos is not aware of any encumbrances of the '832 patent that would limit Brazos rights to recover for HPE's infringement of the '832 patent. Persons with knowledge of the ownership of the '832 patent, including the acquisition of the '832 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081. Brazos further states:

The rights to the '832 patent were assigned by the named inventors of the patent, Claire-Sabine Randriamasy and Yacine El Mghazli, to Alcatel on November 19, 2003, as evidenced by an Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 014808/0989 (WSOU-HPE-00003245). Alcatel changed its name to Alcatel Lucent effective November 30, 2006, as evidenced by an Excerpt from the Minutes of the Proceedings of the Administrative Board of November 30, 2006 recorded with the U.S. Patent and Trademark Office at Reel/Frame 023272/0418 (WSOU-HPE-00003271). Alcatel Lucent assigned the rights to the '832 patent to Wade and Company effective August 2, 2017, as evidenced by a Patent Assignment recorded

with the U.S. Patent and Trademark Office at Reel/Frame 044000/0053 (at 0137) (WSOU-HPE-00004431). Wade and Company assigned the rights to the '832 patent to Brazos effective August 21, 2017, as evidenced by an Assignment of Patent Purchase Agreement recorded with the U.S. Patent and Trademark Office at Reel/Frame 044000/0053 (at 0140) (WSOU-HPE-00004431).

### '727 CASE INTERROGATORY NO. 2

State whether WSOU has standing to sue for infringement of the '823 patent and identify all claims for relief for which it is has the right to recover for that patent, all time-periods for which it has those rights, any time-periods for which it does not have any of those rights, and who has the right(s) to recover for any time-periods for which WSOU does not have any of those rights, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions regarding WSOU's standing and/or rights to recover, or lack thereof.

### '727 CASE RESPONSE TO INTERROGATORY NO. 2

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has standing to sue for infringement of the '832 patent, including the right to recover for all past damages, based on its ownership of all rights to the '832 patent. *See* Brazos's Response to Specific Interrogatory No. 1. Brazos is not aware of any time periods for which it which it does not have the rights to recover damages for HPE's infringement of the '832 patent. Persons with knowledge of the ownership of the '832 patent, including the acquisition of the '832 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-000003233–5195; WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081.

### '727 CASE INTERROGATORY NO. 3

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '832 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

### '727 CASE RESPONSE TO INTERROGATORY NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources

that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '832 patent, to the extent such documents exists and are within its custody, or control. Brazos reserves the right to supplement its response to this Interrogatory including identifying documents pursuant to Fed. R. Civ. P. 33(d).

## '727 CASE INTERROGATORY NO. 4

Identify all time periods during which you contend HPE had knowledge of the existence of the '823 patent and all time periods during which you contend HPE had knowledge that it was infringing that patent, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions as to all such knowledge by HPE.

**'727 C<small>ASE</small> R<small>ESPONSE TO</small> I<small>NTERROGATORY</small> N<small>O.</small> 4**

      Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all facts and reasons (including all documents)." Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun. Brazos further objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

      Subject to and without waiving the foregoing General and Specific Objections, Brazos responds as follows:

HPE has had knowledge of the '832 patent at least since the date of service of the original complaint. Discovery in this case is ongoing and Brazos continues to investigate this matter. Defendant has yet to produce all relevant documents, including documents related to its knowledge of the '832 patent. Brazos reserves the right to supplement this response as discovery progresses and will supplement its response to this Interrogatory to provide any relevant, non-privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P. 33(d).

## '728 CASE INTERROGATORIES

### '728 CASE INTERROGATORY NO. 1

Identify the complete ownership chain for the '056 patent and the application from which it issued, including as to all rights regarding the patent (including the right to recover for past damages) and further including all encumbrances on the patent and/or the rights regarding it, and identify all evidence (including documents and people with knowledge) related thereto.

### '728 CASE RESPONSE TO INTERROGATORY NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos hold all rights to the '056 patent, including the rights to recover for past damages. Brazos is not aware of any encumbrances of the '056 patent that would limit Brazos rights to recover for HPE's infringement of the '056 patent. Persons with knowledge of the ownership of the '056 patent, including the acquisition of the '056 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081. Brazos further states:

The rights to the '056 patent were assigned by the named inventors of the patent, Prashanth Ishwar, Ajay Gaonkar, Apurva Mehta, and Rajagopalan Subbiah, to Riverstone Networks, Inc. on August 15, 2003, as evidenced by an Assignment of Patent Application recorded with the U.S. Patent and Trademark Office at Reel/Frame 014463/0467 (WSOU-HPE-0000). Riverstone Networks, Inc. assigned the rights to the '056 patent to Lucent Technologies, Inc. effective April 27, 2006, as evidenced by an Assignment of Patent recorded with the U.S. Patent and Trademark Office at Reel/Frame 022224/0023 (WSOU-HPE-00003251). Lucent Technologies Inc. changed its name to Alcatel-Lucent USA Inc. effective November 1, 2008, as evidenced by a Certificate of Merger Merging Alcatel USA Marketing, Inc., and Alcatel USA Sourcing, Inc. into Lucent Technologies, Inc. recorded with the U.S. Patent and Trademark Office at Reel/Frame 022224/0290 (WSOU-HPE-00003267). Alcatel-Lucent USA Inc. changed its name to Nokia of America Corporation effective January 1, 2018, as evidenced by a Restated Certificate of Incorporation of Nokia of America Corporation recorded with the U.S. Patent and Trademark Office at Reel/Frame 051061/0753 (WSOU-HPE-00005131). Nokia of America

Corp. f/k/a Alcatel-Lucent USA Inc. assigned the rights to the '056 patent to Alcatel Lucent

effective July 21, 2017, as evidenced by an Assignment recorded with the U.S. Patent and

Trademark Office at Reel/Frame 049637/0201 (WSOU-HPE-00005122). Alcatel Lucent

assigned the rights to the '056 patent to Wade and Company effective August 2, 2017, as

evidenced by a Patent Assignment recorded with the U.S. Patent and Trademark Office at

Reel/Frame 044000/0053 (at 0137) (WSOU-HPE-00004431). Wade and Company assigned the

rights to the '056 patent to Brazos effective August 21, 2017, as evidenced by an Assignment of

Patent Purchase Agreement recorded with the U.S. Patent and Trademark Office at Reel/Frame

044000/0053 (at 0140) (WSOU-HPE-00004431).

### '728 CASE INTERROGATORY NO. 2

State whether WSOU has standing to sue for infringement of the '056 patent and identify all claims for relief for which it is has the right to recover for that patent, all time-periods for which it has those rights, any time-periods for which it does not have any of those rights, and who has the right(s) to recover for any time-periods for which WSOU does not have any of those rights, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions regarding WSOU's standing and/or rights to recover, or lack thereof.

### '728 CASE RESPONSE TO INTERROGATORY NO. 2

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent it calls for the production of ESI from sources that are

not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as

seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has standing to sue for infringement of the '056 patent, including the right to recover for all past damages, based on its ownership of all rights to the '056 patent. *See* Brazos's Response to Specific Interrogatory No. 1. Brazos is not aware of any time periods for which it which it does not have the rights to recover damages for HPE's infringement of the '056 patent. Persons with knowledge of the ownership of the '056 patent, including the acquisition of the '056 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-000003233–5195; WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081.

### '728 CASE INTERROGATORY NO. 3

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '056 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

### '728 CASE RESPONSE TO INTERROGATORY NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '056 patent, to the extent such documents exists and are within its custody,

or control. Brazos reserves the right to supplement its response to this Interrogatory including

identifying documents pursuant to Fed. R. Civ. P. 33(d).

### '728 CASE INTERROGATORY NO. 4

Identify all time periods during which you contend HPE had knowledge of the existence of the '056 patent and all time periods during which you contend HPE had knowledge that it was infringing that patent, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions as to all such knowledge by HPE.

### '728 CASE RESPONSE TO INTERROGATORY NO. 4

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent is not temporally limited or seeks information for a time

period that is not proportional to the needs of these cases, and/or seeking to impose obligations

beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other

applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad,

and not reasonably calculated to lead to the discovery of admissible evidence, including because

it seeks "all facts and reasons (including all documents)." Brazos also objects to this

Interrogatory as seeking discovery for which the burden and expense is not proportional to the

needs of this case and outweighs its likely benefit considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos

objects to this Interrogatory as premature at this stage of the litigation because discovery has just

begun. Brazos further objects to this Interrogatory to the extent that it seeks information not

within Brazos's possession, custody, or control, including information that is within the

possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos

responds as follows:

HPE has had knowledge of the '056 patent at least since the date of service of the original

complaint. Discovery in this case is ongoing and Brazos continues to investigate this matter.

Defendant has yet to produce all relevant documents, including documents related to its

knowledge of the '056 patent. Brazos reserves the right to supplement this response as discovery

progresses and will supplement its response to this Interrogatory to provide any relevant, non-

privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P.

33(d).

## '728 CASE INTERROGATORY NO. 5

For each asserted claim of the '056 patent, identify any standards of any SSO to which
you contend it is essential and identify in detail all facts and reasons (including documents) that
that support or contradict that contention, state whether WSOU is obligated under the policies of
that SSO or otherwise to offer HPE a license to that patent under FRAND/RAND terms and/or to
license HPE to that patent under FRAND/RAND terms and identify in detail all facts and
reasons (including documents) that that support or contradict such contentions, and state whether
WSOU has fulfilled any such obligations and how and identify in detail all facts and reasons
(including documents) that that support or contradict such contentions.

## '728 CASE RESPONSE TO INTERROGATORY NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as overly broad and unduly burdensome because it demands identification of "all facts and reasons (including all documents)." Brazos objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun. Brazos further objects to this Interrogatory as premature to the extent that it seeks information that is properly the subject of expert reports before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos responds as follows:

Brazos does not contend that any of the asserted claims are essential to any standards of any SSO. Discovery in this case is ongoing and Brazos continues to investigate this matter. Brazos reserves the right to amend or supplement this response as discovery progresses and will supplement its response to this Interrogatory to provide any relevant, non-privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P. 33(d), to the extent such information exists and can be ascertained after a reasonable investigation in accordance with the

Federal Rules of Civil Procedure and any applicable Local Rules or Court orders, and is in the possession, custody, or control of Brazos.

**'729 CASE INTERROGATORIES**

**'729 CASE INTERROGATORY NO. 1**

Identify the complete ownership chain for the '729 patent and the application from which it issued, including as to all rights regarding the patent (including the right to recover for past damages) and further including all encumbrances on the patent and/or the rights regarding it, and identify all evidence (including documents and people with knowledge) related thereto.

**'729 CASE RESPONSE TO INTERROGATORY NO. 1**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos hold all rights to the '729 patent, including the rights to recover for past damages. Brazos is not aware of any encumbrances of the '729 patent that would limit Brazos rights to recover for HPE's infringement of the '729 patent. Persons with knowledge of the ownership of

the '729 patent, including the acquisition of the '729 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081. Brazos further states:

The rights to the '729 patent were assigned by the named inventors of the patent, Govinda N. Rajan and Willem van Willigenburg, to Lucent Technologies Inc. on June 17, 2004, as evidenced by an Assignment and Agreement recorded with the U.S. Patent and Trademark Office at Reel/Frame 015492/0708 (WSOU-HPE-00003247). Lucent Technologies Inc. changed its name to Alcatel-Lucent USA Inc. effective November 1, 2008, as evidenced by a Certificate of Merger Merging Alcatel USA Marketing, Inc. and Alcatel USA Sourcing, Inc. into Lucent Technologies Inc. recorded with the U.S. Patent and Trademark Office at Reel/Frame 023489/0373 (WSOU-HPE-00003283). Alcatel-Lucent USA Inc. changed its name to Nokia of America Corporation effective January 1, 2018, as evidenced by a Restated Certificate of Incorporation of Nokia of America Corporation recorded with the U.S. Patent and Trademark Office at Reel/Frame 051061/0753 (WSOU-HPE-00005131). Nokia of America Corporation assigned the rights to the '056 patent to Brazos effective November 26, 2019, as evidenced by a Patent Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 052372/0577 (WSOU-HPE-00005137).

**'729 CASE INTERROGATORY NO. 2**

State whether WSOU has standing to sue for infringement of the '729 patent and identify all claims for relief for which it is has the right to recover for that patent, all time-periods for which it has those rights, any time-periods for which it does not have any of those rights, and who has the right(s) to recover for any time-periods for which WSOU does not have any of those rights, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions regarding WSOU's standing and/or rights to recover, or lack thereof.

**'729 CASE RESPONSE TO INTERROGATORY NO. 2**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has standing to sue for infringement of the '729 patent, including the right to recover for all past damages, based on its ownership of all rights to the '729 patent. *See* Brazos's Response to Specific Interrogatory No. 1. Brazos is not aware of any time periods for which it which it does not have the rights to recover damages for HPE's infringement of the '729 patent. Persons with knowledge of the ownership of the '729 patent, including the acquisition of the '729 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-000003233–5195; WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081.

**'729 CASE INTERROGATORY NO. 3**

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '729 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

**'729 CASE RESPONSE TO INTERROGATORY NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent it seeks confidential business, financial,

proprietary, or sensitive information or trade secrets of third parties, including but not limited to

information that is subject to pre-existing protective order(s) and/or confidentiality agreements.

Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources

that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory

to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks

information for a time period that is not proportional to the needs of these cases, and/or seeking

to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local

Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome,

unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible

evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and

expense is not proportional to the needs of this case and outweighs its likely benefit considering

the importance of the issues at stake in the action, the amount in controversy, the parties' relative

50

access to relevant information, the parties' resources, and the relative importance of the

discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as

follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based

on its understanding of this Interrogatory and after a reasonably proportionate search and review

of relevant documents, Brazos will produce relevant executed assignments, agreements and/or

licenses related to the '729 patent, to the extent such documents exists and are within its custody,

or control. Brazos reserves the right to supplement its response to this Interrogatory including

identifying documents pursuant to Fed. R. Civ. P. 33(d).

### '729 CASE INTERROGATORY NO. 4

Identify all time periods during which you contend HPE had knowledge of the existence
of the '729 patent and all time periods during which you contend HPE had knowledge that it was
infringing that patent, and identify in detail all facts and reasons (including all documents) that
support or contradict any of your contentions as to all such knowledge by HPE.

### '729 CASE RESPONSE TO INTERROGATORY NO. 4

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent is not temporally limited or seeks information for a time

period that is not proportional to the needs of these cases, and/or seeking to impose obligations

beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all facts and reasons (including all documents)." Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun. Brazos further objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos responds as follows:

HPE has had knowledge of the '729 patent at least since the date of service of the original complaint. Discovery in this case is ongoing and Brazos continues to investigate this matter. Defendant has yet to produce all relevant documents, including documents related to its knowledge of the '729 patent. Brazos reserves the right to supplement this response as discovery progresses and will supplement its response to this Interrogatory to provide any relevant, non-privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P. 33(d).

## '729 CASE INTERROGATORY NO. 5

For each asserted claim of the '729 patent, identify any standards of any SSO to which you contend it is essential and identify in detail all facts and reasons (including documents) that that support or contradict that contention, state whether WSOU is obligated under the policies of

that SSO or otherwise to offer HPE a license to that patent under FRAND/RAND terms and/or to license HPE to that patent under FRAND/RAND terms and identify in detail all facts and reasons (including documents) that that support or contradict such contentions, and state whether WSOU has fulfilled any such obligations and how and identify in detail all facts and reasons (including documents) that that support or contradict such contentions.

**'729 CASE RESPONSE TO INTERROGATORY NO. 5**

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent it calls for the production of ESI from sources that are

not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as

seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure,

the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as overly

broad and unduly burdensome because it demands identification of "all facts and reasons

(including all documents)." Brazos objects to this Interrogatory as premature at this stage of the

litigation because discovery has just begun. Brazos further objects to this Interrogatory as

premature to the extent that it seeks information that is properly the subject of expert reports

before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent that it

seeks information not within Brazos's possession, custody, or control, including information that

is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos

responds as follows:

53

Brazos does not contend that any of the asserted claims are essential to any standards of any SSO. Discovery in this case is ongoing and Brazos continues to investigate this matter. Brazos reserves the right to amend or supplement this response as discovery progresses and will supplement its response to this Interrogatory to provide any relevant, non-privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P. 33(d), to the extent such information exists and can be ascertained after a reasonable investigation in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules or Court orders, and is in the possession, custody, or control of Brazos.

## 729 CASE INTERROGATORY NO. 6

Identify the entity or entities you contend actually use(s) the ERPS feature of the accused products that you accuse of infringement in your infringement contentions for the '729 patent and provide quantification of the amount of infringement for each entity (number of units of accused products used by that entity in which the ERPS feature is ever used compared to the total units used, and percent of the time they are so used compared to total usage), and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions as to such.

## 729 CASE RESPONSE TO INTERROGATORY NO. 6

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking information not relevant to any issue, claims or defenses in these actions, not

proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

The entities who use the ERPS feature of the HPE products that infringe the '729 patent include at least the entities identified in Brazos's complaint (and any amendment thereto) and infringement contentions (and any amendment thereto). These entities include HPE and end users of the Accused Products. Discovery is ongoing, and HPE has yet to fully produce documents sufficient to show the use of the ERPS feature of the accused products by HPE, HPE's customers, and any other end users, including information sufficient for Brazos to quantify such use. Brazos reserves the right to supplement this response as HPE produces information about the use of the accused products. Discovery is ongoing and Brazos reserves the right to supplement this response.

### '730 CASE INTERROGATORIES

### '730 CASE INTERROGATORY NO. 1

Identify the complete ownership chain for the '774 patent and the application from which it issued, including as to all rights regarding the patent (including the right to recover for past damages) and further including all encumbrances on the patent and/or the rights regarding it, and identify all evidence (including documents and people with knowledge) related thereto.

### '730 CASE RESPONSE TO INTERROGATORY NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are

not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos hold all rights to the '774 patent, including the rights to recover for past damages. Brazos is not aware of any encumbrances of the '774 patent that would limit Brazos rights to recover for HPE's infringement of the '774 patent. Persons with knowledge of the ownership of the '774 patent, including the acquisition of the '774 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081. Brazos further states:

The rights to the '774 patent were assigned by the named inventors of the patent, Gregory G. Page, Sahil P. Dighe, Roberto H. Jacob Da Silva, Bruce R. Jones, and Srinivas V. Tyamagondlu, to Alcatel-Lucent USA Inc. on January 19 and 20, 2011, as evidenced by an Assignment and Agreement recorded with the U.S. Patent and Trademark Office at Reel/Frame 025674/0203 (WSOU-HPE-00003291). Alcatel-Lucent USA Inc. assigned the rights to the '056 patent to Alcatel Lucent effective February 16, 2012, as evidenced by an Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 027729/0802 (WSOU-HPE-00003297). Alcatel Lucent assigned the rights to the '774 patent to Wade and Company effective

56

August 2, 2017, as evidenced by a Patent Assignment recorded with the U.S. Patent and

Trademark Office at Reel/Frame 044000/0053 (at 0137) (WSOU-HPE-00004431). Wade and

Company assigned the rights to the '774 patent to Brazos effective August 21, 2017, as

evidenced by an Assignment of Patent Purchase Agreement recorded with the U.S. Patent and

Trademark Office at Reel/Frame 044000/0053 (at 0140) (WSOU-HPE-00004431).

### '730 CASE INTERROGATORY NO. 2

State whether WSOU has standing to sue for infringement of the '774 patent and identify all claims for relief for which it is has the right to recover for that patent, all time-periods for which it has those rights, any time-periods for which it does not have any of those rights, and who has the right(s) to recover for any time-periods for which WSOU does not have any of those rights, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions regarding WSOU's standing and/or rights to recover, or lack thereof.

### '730 CASE RESPONSE TO INTERROGATORY NO. 2

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent it calls for the production of ESI from sources that are

not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as

seeking information not relevant to any issue, claims or defenses in these actions, not

proportional to the needs of these cases, and/or seeking to impose obligations beyond what is

required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has standing to sue for infringement of the '774 patent, including the right to recover for all past damages, based on its ownership of all rights to the '774 patent. *See* Brazos's Response to Specific Interrogatory No. 1. Brazos is not aware of any time periods for which it which it does not have the rights to recover damages for HPE's infringement of the '774 patent. Persons with knowledge of the ownership of the '774 patent, including the acquisition of the '774 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-000003233–5195; WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081.

**'730 CASE INTERROGATORY NO. 3**

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '774 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

**'730 CASE RESPONSE TO INTERROGATORY NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements.

Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '774 patent, to the extent such documents exists and are within its custody, or control. Brazos reserves the right to supplement its response to this Interrogatory including identifying documents pursuant to Fed. R. Civ. P. 33(d).

## '730 CASE INTERROGATORY NO. 4

Identify all time periods during which you contend HPE had knowledge of the existence of the '774 patent and all time periods during which you contend HPE had knowledge that it was

infringing that patent, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions as to all such knowledge by HPE.

**'730 Case Response to Interrogatory No. 4**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all facts and reasons (including all documents)." Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun. Brazos further objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos responds as follows:

HPE has had knowledge of the '774 patent at least since the date of service of the original complaint. Discovery in this case is ongoing and Brazos continues to investigate this matter. Defendant has yet to produce all relevant documents, including documents related to its knowledge of the '774 patent. Brazos reserves the right to supplement this response as discovery progresses and will supplement its response to this Interrogatory to provide any relevant, non-privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P. 33(d).

## '730 CASE INTERROGATORY NO. 5

Identify the entity or entities you contend actually configure(s) the accused products that you accuse of infringement in your infringement contentions for the '774 patent to operate in the Active Gateway Configuration that you contend infringes that patent and provide quantification of the amount of infringement for each entity (number of units of accused products used by that entity that are ever configured in the Active Gateway Configuration compared to the total units used, and percent of the time they are so configured compared to total usage), and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions as to such.

## '730 CASE RESPONSE TO INTERROGATORY NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are

not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

The entities who configure the HPE products that infringe the '774 patent to operate in the Active Gateway Configuration include at least the entities identified in Brazos's complaint (and any amendment thereto) and infringement contentions (and any amendment thereto). These entities include HPE and end users of the Accused Products. Discovery is ongoing, and HPE has yet to fully produce documents sufficient to show the configuration of the accused products by HPE, HPE's customers, and any other end users to operate in the Active Gateway Configuration, including information sufficient for Brazos to quantify such use. Brazos reserves the right to supplement this response as HPE produces information about the use of the accused products. Discovery is ongoing and Brazos reserves the right to supplement this response.

### '783 CASE INTERROGATORIES

### '783 CASE INTERROGATORY NO. 1

Identify the complete ownership chain for the '629 patent and the application from which it issued, including as to all rights regarding the patent (including the right to recover for past damages) and further including all encumbrances on the patent and/or the rights regarding it, and identify all evidence (including documents and people with knowledge) related thereto.

### '783 CASE RESPONSE TO INTERROGATORY NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos hold all rights to the '629 patent, including the rights to recover for past damages. Brazos is not aware of any encumbrances of the '629 patent that would limit Brazos rights to recover for HPE's infringement of the '629 patent. Persons with knowledge of the ownership of the '629 patent, including the acquisition of the '629 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081. Brazos further states:

The rights to the '629 patent were assigned by one of the named inventors of the patent, Sindhu K. Mohandas, to Alcatel-Lucent USA Inc. on June 5, 2014, as evidenced by an Assignment and Agreement recorded with the U.S. Patent and Trademark Office at Reel/Frame 033125/0839 (WSOU-HPE-00003509). Alcatel Lucent USA Inc. assigned its rights to the '056 patent to Alcatel Lucent effective June 12, 2015, as evidenced by an Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 035911/0743 (WSOU-HPE-00004025).

The rights to the '629 patent were assigned by the other named inventor of the patent, Abhishek Sinha, to Alcatel-Lucent India Limited on June 16, 2014, as evidenced by an Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 033125/0945 (WSOU-HPE-00003509).Alcatel-Lucent India Limited assigned its rights to the '056 patent to Alcatel Lucent effective June 10, 2015, as evidenced by an Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 035823/0859 (WSOU-HPE-00004022). Alcatel Lucent assigned the rights to the '056 patent to Brazos effective November 26, 2019, as evidenced by a Patent Assignment recorded with the U.S. Patent and Trademark Office at Reel/Frame 052372/0675 (WSOU-HPE-00005151).

### '783 CASE INTERROGATORY NO. 2

State whether WSOU has standing to sue for infringement of the '629 patent and identify all claims for relief for which it is has the right to recover for that patent, all time-periods for which it has those rights, any time-periods for which it does not have any of those rights, and who has the right(s) to recover for any time-periods for which WSOU does not have any of those rights, and identify in detail all facts and reasons (including all documents) that support or contradict any of your contentions regarding WSOU's standing and/or rights to recover, or lack thereof.

### '783 CASE RESPONSE TO INTERROGATORY NO. 2

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as

seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has standing to sue for infringement of the '629 patent, including the right to recover for all past damages, based on its ownership of all rights to the '629 patent. *See* Brazos's Response to Specific Interrogatory No. 1. Brazos is not aware of any time periods for which it which it does not have the rights to recover damages for HPE's infringement of the '629 patent. Persons with knowledge of the ownership of the '629 patent, including the acquisition of the '629 patent by Brazos, include Craig Etchegoyen and Stuart Shanus. Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents as containing information from which the answer to this interrogatory may be determined: WSOU-HPE-000003233–5195; WSOU-HPE-00005196–7513; WSOU-HPE-00008254–11081.

### '783 CASE INTERROGATORY NO. 3

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '629 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

### '783 CASE RESPONSE TO INTERROGATORY NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '629 patent, to the extent such documents exists and are within its custody,

or control. Brazos reserves the right to supplement its response to this Interrogatory including

identifying documents pursuant to Fed. R. Civ. P. 33(d).

**'783 CASE INTERROGATORY NO. 4**

Identify all time periods during which you contend HPE had knowledge of the existence
of the '629 patent and all time periods during which you contend HPE had knowledge that it was
infringing that patent, and identify in detail all facts and reasons (including all documents) that
support or contradict any of your contentions as to all such knowledge by HPE.

**'783 CASE RESPONSE TO INTERROGATORY NO. 4**

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent is not temporally limited or seeks information for a time

period that is not proportional to the needs of these cases, and/or seeking to impose obligations

beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other

applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad,

and not reasonably calculated to lead to the discovery of admissible evidence, including because

it seeks "all facts and reasons (including all documents)." Brazos also objects to this

Interrogatory as seeking discovery for which the burden and expense is not proportional to the

needs of this case and outweighs its likely benefit considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos

objects to this Interrogatory as premature at this stage of the litigation because discovery has just

begun. Brazos further objects to this Interrogatory to the extent that it seeks information not

within Brazos's possession, custody, or control, including information that is within the

possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos

responds as follows:

HPE has had knowledge of the '629 patent at least since the date of service of the original

complaint. Discovery in this case is ongoing and Brazos continues to investigate this matter.

Defendant has yet to produce all relevant documents, including documents related to its

knowledge of the '629 patent. Brazos reserves the right to supplement this response as discovery

progresses and will supplement its response to this Interrogatory to provide any relevant, non-

privileged information it obtains, including identifying documents pursuant to Fed. R. Civ. P.

33(d).

### '783 CASE INTERROGATORY NO. 5

For each asserted claim of the '629 patent, identify the entity or entities you contend
perform(s) each element/step of the claim, and identify in detail all facts and reasons (including
all documents) that support or contradict any of your contentions as to such.

### '783 CASE RESPONSE TO INTERROGATORY NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos

objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as overly broad and unduly burdensome because it demands identification of "all facts and reasons (including all documents)." Brazos objects to this Interrogatory as premature at this stage of the litigation because discovery has just begun.  Brazos further objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case.

Subject to and without waiving the foregoing General and Specific Objections, Brazos responds as follows:

The entities who perform each element/step of the claims of the '629 patent include at least the entities identified in Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto). These entities include HPE and end users of the Accused Products. Discovery is ongoing, and HPE has yet to fully produce documents sufficient to show the use of the Accused Products by HPE, HPE's customers, and any other end users, including but not limited to a complete set of technical documents and source code related to the accused products.  Brazos reserves the right to supplement this response as HPE produces information about the use of the accused products. Discovery is ongoing and Brazos reserves the right to supplement this response.

## '783 CASE INTERROGATORY NO. 6

Identify all the ways the units of the products accused of infringing the '629 patent that were sold before the priority date of that patent differ from the units of those products sold after the '629 patent issued that are accused of infringement, such that the later sales allegedly infringe

but the earlier sales allegedly do not invalidate the asserted claims, and identify in detail all facts and reasons (including all documents) that support or contradict your contentions as to such.

**'783 CASE RESPONSE TO INTERROGATORY NO. 6**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos further objects to this Interrogatory as an improper attempt to shift the burden regarding proof of invalidity, which is properly placed on HPE.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos does not contend that any HPE products sold before the priority date of the '629 patent, June 13, 2014, practice any claims of the '629 patent, and HPE has not provided any analysis or evidence establishing that any such products practice any such claims. To the extent that HPE asserts that the claims of the '629 patent are invalid based on any product that was made, used, offered for sale, or sold by HPE before the priority date of the '629 patent, HPE has

the burden of proof with respect to such a contention but did not provide any claim charts as part of its preliminary invalidity contentions showing how, if at all, HPE alleges that any HPE products that were on sale or in public use before the priority date of the '629 patent despite all information necessary for such a contention being within HPE's control. *See Tech Licensing Corp.*, 545 F.3d at 1327; *see also SFA Systems, LLC*, No. 6:11-CV-052-LED, Dkt. 400, at 2. Moreover, as shown in Brazos's preliminary infringement contentions, "[t]he Accused Products provide a Zero Touch Provisioning feature for configuring managed devices." Such a feature exists in at least Aruba OS 8.6.0.0. Brazos is not aware of any such feature in versions of Aruba OS from before the priority date of the '629 patent. Discovery is ongoing, and HPE has yet to fully produce documents sufficient to show the operation of accused products or the operation of its products that predate the priority date of the '629 patent and Brazos reserves the right to supplement this response as HPE produces information about its products.

As to Objections,

Dated: July 2, 2021

*/s/ Timothy J. Rousseau*

Alessandra C. Messing
New York State Bar No. 5040019
amessing@brownrudnick.com
Timothy J. Rousseau
New York State Bar No. 4698742
trousseau@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:    (212) 209-4801

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP

2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

Edward J. Naughton
(admitted *pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(admitted *pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Timothy J. Rousseau*
Timothy J. Rousseau