# EXHIBIT 12

**2009 WL 36666**
Only the Westlaw citation is currently available.
United States District Court,
W.D. Wisconsin.

[1] In an order entered December 18, 2008, I granted the parties' stipulation to dismiss Freescale Semiconductor, Inc from this case. I have amended the caption accordingly.

WACOH COMPANY, Plaintiff,
v.
CHRYSLER LLC, Ford Motor Company, America Honda Motor Co. Inc., Mazda Motor of America, Inc., GM Corporation, Volkswagen Group of America, Inc., BMW of North America, L.L.C., Mercedes–Benz USA, LLC, American Suzuki Motor Corporation, Analog Devices, Inc., Defendants.[1]
Wacoh Company, Plaintiff,
v.
Chrysler LLC, Ford Motor Company, America Honda Motor Co. Inc., Mazda Motor of America, Inc., GM Corporation, Volkswagen Group of America, Inc., BMW of North America, L.L.C., Mercedes–Benz USA, LLC, American Suzuki Motor Corporation, Analog Devices, Inc., Defendants.

Nos. 08–cv–456–slc, 08–cv–691–slc.[2]

[2] In Case No. 08–cv–456–slc the parties have declined the jurisdiction of the magistrate judge and in Case No. 08–cv–691–slc the parties have not had an opportunity to consent. Because no Article III judge has been assigned to this case, I have assumed jurisdiction over the cases temporarily to resolve the parties' current disputes.

|
Jan. 7, 2009.

West KeySummary

1  **Federal Courts**  🗝  Patents, copyrights, and trade regulation

170B  Federal Courts
170BXII  Change or Transfer of Venue
170BXII(A)  In General;  Venue Laid in Proper Forum
170Bk2907  Particular Determinations
170Bk2912  Patents, copyrights, and trade regulation
(Formerly 170Bk110)

Case was transferred on motion of alleged patent infringers. The patent holder had only claimed an interest in speedy resolution of the case in arguing against transfer. Its own prosecution of the case had created significant delays and it was seeking only monetary relief. Therefore, further delay was not likely to have a serious impact. Also, the alleged patent infringers had significant convenience interests in litigating in the transferee court. 28 U.S.C.A. § 1404(a).

4 Cases that cite this headnote

**Attorneys and Law Firms**

Alisa A. Lipski, Edward W. Goldstein, Matthew J.M. Prebeg, Goldstein, Faucett & Prebeg LLP, Houston,, TX, Catherine Cetrangolo, Boardman, Suhr, Curry & Field, Madison, WI, for Plaintiff.

Joseph P. Wright, Meg Vergeront, Stafford Rosenbaum LLP, Andrew Clarkowski, Michael J. Modl, Axley Brynelson, Allen Arntsen, Eugenia G. Carter, Whyte Hirschboeck Dudek, Madison, WI, Jeffrey J. Phillips, Thomas A. Miller, Justin Edwin Gray, Foley & Lardner LLP, Howrey LLP, Houston, TX, Brian P. Biddinger, Denise L. Loring, Erin L. Greenfield, Hiroyuki Hagiwara, Robert C. Morgan, Ropes & Gray LLP, Georg Reitboeck, Mark Hannemann, Michael Lennon, Kenyon & Kenyon LLP, New York, NY, Brian S. Seal, Matthew J. Moore, Christopher Cuneo, Joseph P. Lavelle, Thomas M. Dunham, Vivian S. Kuo, Howrey LLP, Susan A. Smith, Kenyon & Kenyon LLP, Frank C. Cimino, Jr., Kimberly R. Parke, Robert Kinder, Jr., Dickstein Shapiro LLP, Washington, DC, Heather H. Fan, Howrey LLP, Los Angeles, CA, Joseph J. Berghammer, Jason S. Shull, Banner & Witcoff, Ltd., Chicago, IL, Bonnie M. Grant, Mitchell L. Stockwell, Russell A. Korn, Vaibhav P. Kadaba, Kilpatrick Stockton LLP, Atlanta, GA, for Defendants.

OPINION and ORDER

BARBARA B. CRABB, District Judge.

**\*1** In these two suits, plaintiff Wacoh Company is suing the same set of defendants for alleged infringement of its United States Patent No. 6,512,364 (the ′364 patent), which is directed at certain methods for testing sensors. Plaintiff filed its original lawsuit, Case No. 08–cv–456–slc, on August 6, 2008, alleging past and future infringement by defendants. This case has been slow to get off the ground. First, several parties were granted leave to intervene and plaintiff was granted leave to amend its complaint to add claims against the intervenors; since then, additional companies have moved for intervention. Three such motions are currently under advisement. Next, Magistrate Judge Crocker recommended granting plaintiff's motion for leave to file a second amended complaint but also recommended that all of plaintiff's claims involving infringement that occurred before July 16, 2008 be dismissed for lack of standing because that date is when plaintiff purportedly received title to the patent and the parties to that transfer failed to specify that plaintiff owned the right to sue for past infringement. Defendant Volkswagen has now objected to this recommendation and has filed a third motion to dismiss for lack of standing and to strike the second amended complaint on the same grounds as it objects to the recommendation. (Although the parties have not completed briefing on defendant Volkswagen's third motion to dismiss and motion to strike, that motion will be denied as redundant in light of defendant Volkswagen's objection to the report and recommendation on the same grounds.)

The story does not end there. Judge Crocker's recommendation that the past infringement claims be dismissed has convinced plaintiff to file a second lawsuit, Case No. 08–cv–691–slc, to assert its past infringement claims against defendants now that it has cured the standing problem. Of course, plaintiff has filed a prompt motion to consolidate the cases; defendant Volkswagen is the sole objector to this motion as well.

As to these motions, I conclude that (1) the motions to intervene will be granted; (2) Judge Crocker's report and recommendation will be adopted and the second amended complaint will be the operative pleading and plaintiff's past infringement claims will be dismissed from the original lawsuit; (3) defendant Volkswagen's motions to dismiss for lack of standing will be denied for the same reasons; and (4) plaintiff's motion to consolidate the two cases will be granted.

After cleaning up that procedural mess, I will address one other motion, which is defendants' joint motion to transfer this case to the Eastern District of Michigan. That motion will be granted because that forum is clearly more convenient to the parties. A number of defendants have their principal place of business in the Eastern District of Michigan, the other defendants and intervenors do not oppose transfer to that district and plaintiff has undermined its only asserted interest in litigating in this forum, which is the relative speed of this district, by creating its own delay through mistakes and litigation strategy.

OPINION

A. *Motions to Intervene in 08–cv–456–slc*

**\*2** In Case No. 08–cv–456–slc, Akebono Brake Corporation, Robert Bosch LLC and Continental Teves AG & Co. oHG have moved to intervene under Fed.R.Civ.P. 24(b) on the ground that each of them is a supplier of certain sensors alleged to be infringing in one or more of defendants' cars. Dkts.115, 116, and 125. Plaintiff did not oppose any of the motions to intervene, but did ask in its briefs for an opportunity to file another amended complaint to include new claims against the intervenors. I will grant the motions to intervene because, aside from the fact that no party opposes the motions, it is apparent that the proposed intervenors have "claim[s] or defense[s] that share [ ] with the main action a common question of law or fact" and intervention will not "unduly delay or prejudice" the parties. Fed.R.Civ.P. 24(b). As for plaintiff's request for leave to file another amended complaint, it never filed a formal motion for that request and, in light of my conclusion that transfer is proper, I will leave that matter in the hands of the transferee court. One final point on this issue. I note that although the intervenors submitted proposed answers to plaintiff's first amended complaint, that pleading will be mooted by my decision to make plaintiff's proposed second amended complaint the operative pleading, so the intervenors will have to file new answers.

B. *Report and Recommendation in 08–cv–456–slc*

Next, in a report and recommendation entered December 1, 2008, United States Magistrate Judge Stephen Crocker recommended that plaintiff be granted leave to file a second amended complaint; defendant Volkswagen's motions to

dismiss be denied as moot in light of the second amended complaint; and plaintiff's claims for infringement occurring before July 16, 2008 be dismissed for lack of standing while its claims for later infringement proceed. Defendant Volkswagen has filed an objection to the recommendations.

Defendant Volkswagen contends that plaintiff should not be granted leave to file the second amended complaint on three grounds: because plaintiff failed to seek leave to amend its complaint, because plaintiff included new claims in the second amended complaint without having first analyzed their viability and because the second amended complaint would have to be dismissed immediately for lack of standing. As to defendant Volkswagen's first point, plaintiff's failure to formally move for leave to file the second amended complaint upon filing it was a harmless mistake, particularly now that defendant Volkswagen has had an opportunity to object to its filing. Next, defendant Volkswagen's concern that plaintiff failed to first investigate whether grounds existed for infringement of each product before alleging as much in the second amended complaint is not a ground for denying leave to amend; to the extent defendant is concerned about this matter, it is free to seek relief under Rule 11.

This leaves defendant Volkswagen's argument that plaintiff should not be allowed to amend its complaint because it would be futile. Defendant Volkswagen cites *Paradise Creations, Inc. v. UV Sales, Inc.,* 315 F.3d 1304, 1310 (Fed.Cir.2003), for the proposition that a plaintiff lacking Article III standing at the time it filed suit cannot cure that defect by later amending the complaint. However, to frame the issue that way conflates the question whether plaintiff could repair defects in standing with the question whether plaintiff could add new claims for which it *did* have standing at the time of filing suit. *Paradise Creations* prohibits the former, not the latter. Indeed, in *Paradise Creations* the court acknowledged that there is no bar to proceeding on claims for which "the plaintiff had a cognizable injury at the inception of suit for the purpose of Article III standing." *Id.* What is barred is attempting to proceed on claims for which the plaintiff "lacked a cognizable injury necessary to assert standing under Article III" when filing suit, regardless whether its standing to sue later materializes. *Id.* Allowing plaintiff to file a second amended complaint is not futile because the proposed complaint includes claims against defendant Volkswagen and the other defendants for infringement that arose *after* plaintiff received title in the patent. Because I agree with Judge Crocker that plaintiff should be granted leave to file its second amended complaint, dkt. # 132 will be the operative pleading; for the same reason, defendant Volkswagen's first two motions to dismiss for lack of standing are mooted, although the issue is not.

**\*3** As to Judge Crocker's final recommendation that plaintiff's claims for infringement occurring before July 16, 2008 be dismissed for lack of standing, no party objects to that recommendation, although defendant Volkswagen contends that *all* claims should have been dismissed for the same reason that the second amended complaint should be because some of them were defective. As I explained above, plaintiff may proceed on claims for which it had standing at the time of filing suit; therefore, I agree with Judge Crocker that only plaintiff's claims against defendants for infringement occurring before July 16, 2008 must be dismissed for lack of standing. Therefore, I will adopt this recommendation as well.

### C. *Motion to Consolidate 08–cv–456–slc and 08–cv–691–slc*

In light of Judge Crocker's recommendation that plaintiff's past infringement claims be dismissed for lack of standing, plaintiff filed a second lawsuit after obtaining an explicit transfer of the patentee's right to sue for past infringement. Plaintiff has moved to consolidate the cases under Fed.R.Civ.P. 42(a) to "make the case whole." Defendant Volkswagen is the sole objector to this motion to consolidate. First, it contends that the original case should have been dismissed in its entirety because of the standing problems it suffered. As I explained above, that is not so because plaintiff is asserting claims for which it has standing to sue.

Defendant Volkswagen's only other basis for objecting to consolidation is its concern that consolidating the cases under the earlier schedule of the first case would "prejudice" defendant Volkswagen. I agree that the current schedule could not be sustained, and this is primarily plaintiff's fault for failing to insure it had standing before it filed suit in the first place. However, defendant's concern may be addressed without sacrificing the efficiency of allowing the parties to litigate as one case what really is one case. The better approach is to consolidate the cases and make changes to the scheduling. In light of my conclusion that the cases case should be transferred, a new schedule will have to be set by the transferee court, but I am confident that the parties will have an opportunity to request a fair schedule.

Finally, I note that, although the intervenors have not moved to intervene in the later lawsuit, this is of no matter; the consolidation of the cases should come as no surprise to the intervenors, nor should the new claims: the intervenors moved to intervene in the original case before Judge Crocker recommended dismissal of plaintiff's claims for past infringement. Because consolidation of the two cases would further the goals of Rule 42, I will grant plaintiff's motion to consolidate, dkt. # 2 in case no. 08–cv–691–slc.

D. *Motions to Transfer Venue*

Defendants have moved to transfer both cases to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). (Plaintiff has not had an opportunity to respond to defendants' motion to transfer in case no. 08–cv–691–slc; however, defendants rest that motion almost entirely on the grounds it asserted in case no. 08–cv–456–slc, to which plaintiff has responded. Defendants' only new point is a citation to *In re TS Tech USA Corp.,* Misc. Dkt. No. 888, 2008 WL 5397522 (Fed.Cir. Dec.29, 2008), a very recent Federal Circuit case applying Fifth Circuit law that they think further supports their motion. Although I am skeptical of its applicability, I decline to consider the case because it is unnecessary to the resolution of the parties' dispute. Because plaintiff has responded to all other arguments asserted by defendants in the context of the motion to transfer brought in the first case, both motions will be considered together.)

*4 Section 1404(a) allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interest of justice. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir.1986). Transfer is proper when (1) venue is proper in the transferor district; (2) the transferee district is one in which the action could have been brought; and (3) the transferee court is "clearly more convenient." *Id.* The parties do not dispute that venue is proper here and the action could have been brought in the Eastern District of Michigan; the only issue is whether that district is "clearly more convenient" for the parties than this one.

In this case, this question is simply a matter of weighing plaintiff's interest in a speedy resolution of this case against defendants' convenience in having this case tried there. The parties assert no other interest. The overall convenience of litigating this case in the Eastern District of Michigan is almost too obvious to state. The primary defendants in this case are large automobile manufacturers, many of which have either their principal place of business or at least some relevant business operations in that district. In addition, at least one of the intervenors and other third-party suppliers have their relevant business operations in that district. As for the other defendants and intervenors, none are opposed to transferring the case to that district. Although plaintiff suggests that it "considered the geographic centrality of Wisconsin among all parties" when it filed suit, all defendants want to be in the Eastern District of Michigan and they have a good reason for it.

Plaintiff is a Japanese corporation with no ties to Wisconsin; its only interest in litigating the case in this district is the relative speed of the docket. Exactly how much delay plaintiff would face by transfer is unclear: a trial date has been set for November 2009, although the parties have recommended adding three months to this date in light of the new case and motions to intervene. However, any trial date set at this point is tentative because no Article III judge has been assigned to this case in the unusual circumstances in which one of the two district judges is on medical leave. That said, the average trial time in the Eastern District of Michigan is 25.8 months; therefore, it is safe to assume that plaintiff will face some delay upon transfer.

In the right case, trial speed alone may be the determinative factor. *Id.* at 220. However, in this case plaintiff's interest in speed deserves little weight. First, plaintiff does not practice its patent, which means that it is not in competition with defendants and their alleged infringement will not affect plaintiffs' ability to do business. For the same reason, plaintiff is seeking only monetary relief for defendants' infringement. As a result, delay is not likely to have a serious impact on plaintiff. In the event defendant is found to be infringing, plaintiff may still be made whole.

*5 Second, and more important, plaintiff has created substantial delay by litigating the case the way it has. It filed the original suit before it established its right to sue for past infringement and before it had a clear notion of the scope of infringement, evidenced by its drastic increase in the number of allegedly infringing products identified in the second amended complaint. In addition, it chose to sue only the large car companies despite the likelihood that the suppliers of the allegedly infringing parts would want in. Now plaintiff has joined defendants in asking to extend the scheduling in this case and has asked for another opportunity to amend its complaint to assert claims against the intervenors.

Plaintiff's mistakes and litigation strategy have resulted in the filing of several legitimate motions to intervene and motions to dismiss for lack of standing and required plaintiff to file a new case several months after filing the original case. By creating its own delay, and even asking for extensions of time in light of that delay, plaintiff has undermined its asserted interest in a speedy resolution. Therefore, I am persuaded that defendants' interest in transferring venue to the Eastern District of Michigan clearly outweighs plaintiff's interest in keeping the case here for a quicker resolution and will grant defendants' motion to transfer the case.

ORDER

IT IS ORDERED that

1. Defendant Volkswagen Group of America, Inc.'s motion to dismiss for lack of jurisdiction or to strike plaintiff's second amended complaint, dkt. # 194, is DENIED as unnecessary.

2. The report and recommendation of the United States Magistrate Judge, case no. 08–cv–456–slc, dkt. # 146, is ADOPTED and the following is ordered pursuant to that recommendation:

> a. Plaintiff Wacoh Company's motion for leave to file a second amended complaint in case no. 08–cv–456–slc is GRANTED; plaintiff's second amended complaint, dkt.# 132, is the operative pleading.
>
> b. Defendant Volkswagen Group of America, Inc.'s motions to dismiss for lack of subject matter jurisdiction, case no. 08–cv–456–slc, dkt.67 and 114, are DENIED as moot; and
>
> c. Plaintiff's claims in case no. 08–cv–456–slc against defendants Chrysler LLC, Ford Motor Company, America Honda Motor Co. Inc., Mazda Motor of America, Inc., GM Corporation, Volkswagen Group of America, Inc., BMW of North America, L.L.C., Mercedes–Benz USA, LLC, America Suzuki Motor Corporation, and Analog Devices, Inc., for infringement of United States Patent No. 6,512,364 are DISMISSED for lack of subject matter jurisdiction with regard to infringement that occurred before July 16, 2008.

3. The motions to intervene filed in case no. 08–cv–456–slc by Akebono Brake Corporation, dkt. # 115, Robert Bosch LLC, dkt. # 116, and Continental Teves AG & Co. oHG, dkt. # 125, are GRANTED.

4. Plaintiff's motion to consolidate cases 08–cv–456–slc and 08–cv–691–slc is GRANTED.

5. Defendants' motions to transfer cases 08–cv–456–slc, dkt. # 110, and 08–cv–691–slc, dkt. # 24, pursuant to 28 U.S.C. § 1404(a) are GRANTED; the clerk of court is directed to transmit the case files to the United States District Court for the Eastern District of Michigan.

REPORT and RECOMMENDATION

STEPHEN L. CROCKER, United States Magistrate Judge.

REPORT [1]

[1] Because the parties have declined to consent to the jurisdiction of the magistrate judge, the court is searching for a visiting district judge willing to preside over the trial in this case. In the meantime, to minimize the workload on the Article III judges, I will issue reports and recommendations on matters covered by 28 U.S.C. Section 636(b)(1)(B).

*6 In this action for patent infringement, plaintiff Wacoh Company contends that defendants are infringing its United States Patent No. 6,512,364 (the ′ 364 patent), which is directed at methods for testing certain sensors. Most of the defendants are automobile companies; plaintiff alleges that each of these companies infringes the ′364 patent by "providing vehicles" that contain airbag restraint systems, anti-lock brake systems or electronic stability control systems that practice the method claimed in the ′364 patent. Two defendants, Analog Devices, Inc. and Freescale Semiconductor, Inc., allegedly infringe because they provide the sensors used in the other defendants' vehicles. Now before the court is a motion brought by just one defendant, Volkswagen Group of America, Inc., to dismiss all claims against it on the ground that plaintiff lacks standing to assert them.

As an initial procedural matter, Wacoh has filed a second amended complaint that includes the same general allegations against the defendants but has added additional allegedly infringing products. But Rule 15(a) provides that Wacoh may

not amend its complaint a second time as a "matter of course;" Wacoh instead seek leave of the court to do so. The court should excuse Wacoh's oversight; the first amended complaint was filed solely to incorporate intervening parties pursuant to the parties' agreement; perhaps Wacoh believed that this did not "count" as an amended complaint. Therefore, I will construe Wacoh's second amended complaint to include an implicit request for leave to file it and I am recommending that this court grant leave. There is no good reason that Wacoh should not be allowed to file a timely [2] amended complaint that provides helpful specifics regarding which of defendants' products allegedly infringe.

[2]   Wacoh attempted to file its second amended complaint on the November 21, 2008 deadline but CM/ECF rejected the filing for technical reasons. Wacoh refiled the next business day, Monday November 24.2008. That's close enough.

Next, although Volkswagen filed a motion to dismiss Wacoh's complaint, dkt. 67, and filed a new motion to dismiss Wacoh's amended complaint, dkt. 114, each of these motions technically was mooted upon the filing of a second amended complaint. Nevertheless, it is clear that Volkswagen continues to seek dismissal of the identical claims that Wacoh has carried over into its second amended complaint. At any rate, this court has an independent obligation to ensure that subject matter jurisdiction exists, *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 1237, 163 L.Ed.2d 1097 (2006), so it is proper to consider the standing issue regardless whether the particular motions have been mooted. *See also Pandrol USA, LP v. Airboss Railway Products, Inc.,* 320 F.3d 1354, 1367 (Fed.Cir.2003) (court may raise issue of standing *sua sponte*). For the same reason, it is proper to address the standing issue as it relates to *all* of Wacoh's claims, not just those claims asserted against the movant. With that, let's turn to the standing issue raised in Volkswagen's motion to dismiss:

Volkswagen contends that Wacoh lacks standing to sue for infringement that occurred before July 16, 2008 because it did not have standing to sue for past infringement when it filed this lawsuit in light of the fact that it failed to receive explicit assignment of that right prior to filing suit. I agree. Although this conclusion likely will result in nothing more serious than a delay in these proceedings, I see no way to avoid the problem. Wacoh's failure to receive explicit assignment before it filed suit means that it has suffered no "injury-in-fact" with regard to its claims for past infringement; therefore its standing to sue on those claims is deficient. In light of this conclusion, Wacoh's claims against all defendants for infringement that occurred before July 16, 2008 must be dismissed for lack of subject matter jurisdiction. This does not eliminate Wacoh's case or require dismissal of any defendant, it only splinters the proceedings. Wacoh since has received the standing it did not have at the time it filed this suit. Therefore, Wacoh may file a new lawsuit to raise its claims for past infringement. Such a filing is likely, and a subsequent motion to consolidate cases is virtually inevitable.

**\*7** Because Volkswagen's motion to dismiss raises questions of standing and jurisdiction, I have considered materials outside the pleadings in resolving the matter, as the court is permitted to do. *Capitol Leasing Co. v. Federal Deposit Insurance Corp.,* 999 F.2d 188, 191 (7th Cir.1993). I draw the following facts from the pleadings and the documents the parties have submitted in connection with their briefing of the motions.

FACTS

The '364 patent was issued on January 28, 2003. The named inventor is Kazuhiro Okada. No assignee is shown on the face of the patent. On July 16, 2008, Okada assigned his "entire right, title and interest" interest in the '364 patent to Wacoh.[3] The assignment did not include any other language assigning Okada's rights in the patent to Wacoh.

[3]   The assignment was to "Wacoh Corporation." Wacoh asserts that although its proper title is "Wacoh Company," it also IS known as "Wacoh Corporation."

On August 6, 2008, Wacoh filed this lawsuit, alleging that Volkswagen and the other automobile defendants infringed "by providing ... vehicle[s]" that include parts that practice the patented method for testing a sensor. In its second amended complaint, Wacoh alleges that each of the automobile defendants allegedly infringed and is infringing the patent by providing vehicles with models ranging from the years 2003 to 2009. The sensor-providing defendants allegedly infringe and are infringing the patent by providing sensors for these vehicles.

After Volkswagen filed its first motion to dismiss Wacoh's claims for lack of standing, Okada executed a so-called "*nunc pro tunc*" assignment in which he states that "Wacoh has the right to sue for past infringement" and that "at the time

[Okada] assigned the [entire right, title and interest in and to the] ′364 patent to Wacoh, [he] understood and intended that the entire right, title and interest included all past, present, and future, right, title and interest, including the right to sue for past infringement of the ′364 patent." This new supplement to the original assignment is dated October 17, 2008.

## ANALYSIS

Standing to sue is a threshold question and the party bringing the action bears the burden of establishing it. *Sicom Systems v. Agilent Technologies, Inc.,* 427 F.3d 971, 975–76 (Fed.Cir.2005). In a case alleging patent infringement, the party with standing to sue for infringement of a patent is the "patentee," 35 U.S.C. § 281, which includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). The named inventor of a patent is the presumptive patentee, *Ethicon, Inc. v. U.S. Surgical Corp.,* 135 F.3d 1456, 1460 (Fed.Cir.1998), but a patentee may transfer his ownership interests by written assignment. 35 U.S.C. § 261. If a patentee assigns "all substantial rights" under the patent to another, the assignment operates as a transfer of title to the patent rights and the assignee is deemed the effective "patentee" for the purpose of bringing suit under 35 U.S.C. § 281. *Sicom,* 427 F.3d at 976.

*8 It is undisputed that Wacoh was not the original "patentee" of the ′364 patent. Wacoh was assigned the rights to the patent on July 16, 2008, when the inventor and patentee, Okada, assigned rights in the patent to Wacoh. There is no question that this assignment gave Wacoh standing to sue for infringement that occurred on or after July 16, 2008. Wacoh contends, however, that this assignment also gave Wacoh standing to sue for infringement that occurred before the assignment date.

As a general rule, only the owner of the patent *at the time of the infringement* can sue for damages, *Crown Die & Tool Co. v. Nye Tool & Machine Works,* 261 U.S. 24, 43, 43 S.Ct. 254, 67 L.Ed. 516 (1923). As a result, an assignee generally does not have standing to sue for infringement that occurred before it owned the patent. *Minco, Inc. v. Combustion Engineering, Inc.,* 95 F.3d 1109, 1117 (Fed.Cir.1996). The one exception to this rule occurs where the patentee has assigned the assignee the right to sue for past infringement above and beyond the general assignment of rights to the patent. *Id.* To assign the right to sue for past infringement, a patentee must insure that the assignment agreement "manifests an intent to transfer this right" because it cannot be inferred from the mere transfer of title to the patent. *Id.; see also Moore v. Marsh,* 74 U.S. (7 Wall.) 515, 522, 19 L.Ed. 37 (1868) ("it is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such an assignment); *Arachnid, Inc. v. Merit Industries, Inc.,* 939 F.2d 1574, 1579 n. 7 (Fed.Cir.1991) (citing cases).

Under this standard, the original assignment to Wacoh did not grant Wacoh the right to sue for past infringement because it simply assigned "the entire right, title and interest" in the patent to Wacoh. Such a general statement does not effect assignment of the right to sue for past infringement because it lacks an express provision demonstrating an intent to assign this right above and beyond assigning title to the patent. *Id.; see also Mas–Hamilton Group v. LaGard, Inc.,* 156 F.3d 1206, 1210–11 (Fed.Cir.1998) (original assignment alone did not transfer right to sue for past infringement because "although the original assignment transferred 'the entire right, title and interest to [the patent], it did not specify that the right to sue for past infringement was also included.")

Wacoh suggests that Okada's *nunc pro tunc* assignment signed in October serves to "clarify" the intent of the patentee in July when it assigned the "entire right, title and interest" in the patent. This suggestion only highlights the problem with the July assignment's failure explicitly to assign the right to sue for past infringement. In light of this conclusion, Wacoh could not have been assigned a right to sue for past infringement until October 17, 2008, when the *nunc pro tunc* assignment was signed.

This does not bode well for Wacoh's current lawsuit. As a general rule, Wacoh must have standing to sue at the time the suit is brought and "*nunc pro tunc* assignments are not sufficient to confer retroactive standing." *Enzo APA & Son, Inc. v. Geapag A.G .,* 134 F.3d 1090, 1093 (Fed.Cir.1998); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 569 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations omitted) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint if filed."). Although *nunc pro tunc* assignments cannot cure standing defects present at the time of filing, they can be used to head off issues of standing that arise in the course of litigation. *Mas–Hamilton,* 156 F.3d at 1211.

**\*9** Wacoh contends that the application of Okada's *nunc pro tunc* assignment does not constitute an attempt to "confer retroactive standing" as prohibited by *Enzo,* 134 F.3d at 1093, but instead falls in line with its approved use in *Mas–Hamilton,* where it was used in circumstances where "standing was not deficient at the time this suit was filed." According to Wacoh, it had standing to bring this infringement suit because it was the "sole owner of the patent" at the time it filed suit. Under Wacoh's theory, all it needed for adequate standing at the time it filed suit was full current ownership of the patent; its subsequent receipt and invocation of the *nunc pro tunc* assignment does nothing more than clarify that the scope of its ownership included the right to sue for past infringement. But a closer look at the applicable law related to standing reveals that Wacoh's argument is simply lawyerly prestidigitation.

"The doctrine of standing limits federal judicial power and has both constitutional and prudential components." *Media Techs. Licensing, LLC. v. Upper Deck Co.,* 334 F.3d 1366, 1369 (Fed.Cir.2003). Constitutional standing requires a Wacoh to demonstrate that it suffered an injury-in-fact that is "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.,* 482 F.3d 1330, 1337 (Fed.Cir.2007). The "injury" present in patent infringement arises from the patentee's statutorily-created right to exclude; "[c]onstitutional injury in fact occurs when a party performs at least one prohibited action with respect to the patented invention that violates these exclusionary rights." *Morrow v. Microsoft Corp.,* 499 F.3d 1332, 1339 (Fed.Cir.2007); *see also Lujan,* 504 U.S. at 578 (citations omitted) (injury required by Article III may arise from invasion of statutes that create legal rights).

Thus, only "patentees" defined under the statute suffer constitutional injury-in-fact and, as noted above, an assignee is not a "patentee" for the purpose of suing for past infringement unless it has been assigned that right explicitly. This means that an assignee's standing is deficient at the time of filing a suit for past infringement unless it already has received an explicit assignment of the right to sue for past infringement. That is not the case here.

Perhaps Wacoh is suggesting that, because it had standing to sue on claims for future infringement when it filed suit, its foot was in the door regarding standing on past infringement claims, so that it could fix the assignment problem later under *Mas–Hamilton.* I disagree. "A plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) (citing *Allen v. Wright,* 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). Thus, Wacoh's standing to assert past infringement claims must be assessed independently of its standing to assert future infringement claims and Wacoh cannot use a *nunc pro tunc* assignment to repair its deficiencies in standing.

**\*10** Wacoh's final argument is that is that, as in *Silicon Graphics, Inc. v. ATI Technologies, Inc.,* 2007 U.S. Dist. LEXIS 43782, 2007 WL 5595952 (W.D. Wis. June 14, 2007), its deficiencies in standing may be cured because they are "prudential in nature." This argument fails because, as I have concluded, Wacoh's standing problems are *constitutional* in nature. In *Silicon Graphics* there was no defect in constitutional standing, which freed the court to consider the impact of dismissal for lack of standing and to accept post-filing attempts to cure the problem.

This case and *Silicon Graphics are* similar in one important respect: in each case, a decision to dismiss claims for lack of standing can be viewed as "a waste of everyone's time." *Id.* at \*9. In the event the district judge adopts this report and recommendation and dismisses Wacoh's claims, then Wacoh may revive those claims simply by filing a new lawsuit. This may seem like an inefficient glorification of form over substance, but it's not as if the court has a choice when the problem that needs fixing is of constitutional dimension.

Finally, let's consider the implications of this conclusion that Wacoh did not have standing to sue for past infringement. In Volkswagen's motion to dismiss, it sought dismissal of *all* claims against it on the ground that Wacoh's original complaint alleged infringement by Volkswagen only with respect to its providing vehicles dated from 2003 and 2004. Volkswagen should not be dismissed from this case for two reasons. In light of my recommendation that Wacoh be granted leave to amend its complaint to include additional products, the operative pleading would include allegations that Volkswagen's newer models also infringe, including 2008 and 2009 vehicles.

As I noted above, the conclusion that Wacoh lacked standing to sue for past infringement when it filed the instant lawsuit affects its claims against *all* defendants, not just Volkswagen. Therefore, I am recommending dismissal of Wacoh's claims against all defendants insofar as they relate to infringement that occurred before July 16, 2008.

Because no visiting district judge has yet agreed to take this case, efficiency militates toward presenting this report and recommendation to Judge Crabb for review. The parties should not view this nod to pragmatism as a harbinger that Judge Crabb will assume jurisdiction over this lawsuit. Right now, she has more than enough patent cases of her own.

RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and for the reasons stated above, I recommend that:

1. Plaintiff Wacoh Company's motion for leave to file a second amended complaint be GRANTED;

2. Defendant Volkswagen Group of America's motion to dismiss for lack of subject matter jurisdiction be DENIED as moot; and

3. Plaintiff's claims against defendants Chrysler LLC, Ford Motor Company, America Honda Motor Co. Inc., Mazda Motor of America, Inc., GM Corporation, Volkswagen Group of America, Inc., BMW of North America, L.L.C., Mercedes–Benz USA, LLC, America Suzuki Motor Corporation, Analog Devices, Inc., Freescale Semiconductor, Inc. for infringement of United States Patent No. 6,512,364 be DISMISSED for lack of subject matter jurisdiction with regard to infringement that occurred before July 16, 2008.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 36666