# EXHIBIT 16

50 Misc.3d 1224(A)
Unreported Disposition
(The decision is referenced in
the New York Supplement.)
Supreme Court, Richmond County, New York.

LNV CORPORATION, Plaintiff,
v.
Joyce M. SORRENTO a/k/a Joyce M. Semler, Mortgage Electronic Registration Systems, Inc., As Nominee for American Brokers Conduit, Richmond County Clerk, Defendants.

No. 130992/2013.
|
Feb. 29, 2016.

**Opinion**

PHILIP G. MINARDO, J.

*1 Upon the foregoing papers, plaintiff's motion (Seq. No. 001) for summary judgment is granted; and the cross motion (Seq. No. 002) of defendant Joyce M. Sorrento for like relief is denied.

This action was brought pursuant to Article 15 of the Real Property Actions and Proceedings Law to vacate a Discharge of Mortgage dated May 4, 2007, and recorded in the Richmond County Clerk's Office on May 15, 2007, which is alleged to be null and void. Said Discharge relates to certain real property owned by defendant Joyce Sorrento (hereinafter, "defendant"), and is located at 372 Fairbanks Avenue, Staten Island, New York, 10306.

By way of background, it is undisputed that on January 6, 2006, the defendant borrower gave a mortgage to Mortgage Electronic Registration Systems, Inc. (Hereinafter, "MERS"), as nominee for American Brokers Conduit (the lender), to secure a note she executed in favor of said lender in the principal sum of $260,000.00. Said mortgage was thereafter assigned by MERS, as nominee for American Brokers Conduit, to American Home Mortgage pursuant to a written assignment dated April 17, 2007. On the same date, the defendant borrower executed a second mortgage in favor of American Home Mortgage to secure a note in the amount of $71,009.07, and simultaneously therewith, executed a Consolidated, Extension and Modification Agreement consolidating both mortgages to form a single lien in the amount of $325,000. Thereafter, the consolidated mortgages were assigned by written assignment dated August 11, 2009 to plaintiff LNV Corporation (hereinafter, "plaintiff").

It is alleged in the complaint that on or about May 4, 2007, MERS, as nominee for American Brokers Conduit (the loan originator), executed a Discharge of Mortgage purporting to discharge and extinguish of record defendant's first mortgage, dated January 6, 2006.[1] Plaintiff claims that said discharge was erroneously executed and is invalid on its face since it was executed *subsequent* to MERS's assignment of that same mortgage on April 17, 2007, to American Home Mortgage. As such, it is argued that MERS, as nominee for American Brokers Conduit, lacked the legal capacity or standing to discharge a mortgage that had previously been assigned to American Home Mortgage. Accordingly, MERS's purported discharge is a nullity which should be declared void *ab initio* and expunged. It is further alleged in the complaint that the borrower *continued* to make the required monthly mortgage payments to plaintiff *subsequent* to the erroneously-executed discharge, a fact which plaintiff maintains estops defendant from claiming that the balance due on plaintiff's mortgage was discharged, or that she reasonably relied on said erroneous discharge to her detriment. Plaintiff contends that it first obtained knowledge of the erroneous Discharge of Mortgage when it received notice that a title claim had been filed on or about July 2, 2013.

[1] The Discharge of Mortgage dated, May 4, 2007, was recorded in the Richmond County Clerk's Office on May 15, 2007.

This action was commenced by filing on September 26, 2013. On or about October 22, 2013, defendant interposed a *pro se* verified answer with the assistance of Staten Island Legal Services, wherein she asserted a general denial and certain affirmative defenses, including, *inter alia,* (1) plaintiff's alleged lack of standing, its failure to state a cause of action, the absence of necessary parties, bad faith and unclean hands; (2) that the action is barred in equity by estoppel and the statute of limitations; and (3) that the subject loan was properly discharged and paid off with the proceeds of another loan. Additionally, defendant asserted five counterclaims seeking (1) damages for plaintiff's purported violation of the Fair Debt Collection Practices Act, Local Law 15 of 2009, and the New York City Consumer Protection Law; (2) a permanent injunction, and (3) any attorneys fees she might incur in defending plaintiff's "frivolous complaint".

**\*2** In moving for summary judgment, plaintiff maintains that defendant's answer should be stricken since the general denials and affirmative defenses asserted therein are devoid of factual allegations, wholly unsubstantiated, lack merit and/or consist entirely of conclusions of law. It is further alleged that defendant's counterclaims either lack a valid factual basis; are inapplicable to an action to quiet title; or are pleaded with insufficient particularity to warrant the relief sought. In support, plaintiff submits the affidavit of Bret Maloney, a Senior Vice President for plaintiff's loan servicer, along with photo copies of the recorded documents pertinent to plaintiff's claim that the recorded Discharge of Mortgage was void *ab initio* since MERS was neither an owner of the subject mortgage, nor had the authority to execute a discharge on behalf of American Brokers Conduit, which had already assigned the mortgage to American Home mortgage.

In cross-moving for summary judgment, defendant maintains that the action is barred by the Statute of Limitations. More specifically, she alleges that CPLR 213(6) applies to plaintiff's claim, which is based upon mistake, and should have been commenced within six years of the recording of the purported "erroneous Discharge of Mortgage", *i.e.,* on or before May 15, 2013, approximately five months prior to the commencement of this action.

The Court disagrees.

It is well established that "[a] mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (*New York Community Bank v. Vermonty,* 68 AD3d 1074, 1076; *see Deutsche Bank Trust Co., Ams. v. Stathakis,* 90 AD3d 983, 984; *DLJ Mtge. Capital, Inc. v. Windsor,* 78 AD3d 645, 647). In this regard, only bona fide purchasers and lenders for value are entitled to protection, based on their detrimental reliance on the erroneous discharge (*see Beltway Capital, LLC v. Soleil,* 104 AD3d 628, 631; *see also Karan v. Hoskins,* 22 AD3d 638, 638). Accordingly, it is only in these limited circumstances that an inadvertent discharge of a mortgage, without concomitant satisfaction of the underlying debt, will operate to extinguish the mortgagee's security interest (*see Citibank, N.A. v. Kenny,* 17 AD3d 305, 308).

Applying the foregoing principles to the instant matter, it is undisputed that the challenged Discharge of Mortgage was executed by MERS *after* conveyance of the note and mortgage to American Home Lenders, and *after* said mortgage had been consolidated with a second mortgage to form a single lien. Moreover, the purported discharge incorrectly states that the "mortgage [dated January 6, 2006] has not been assigned" when, in fact, it had already been assigned by MERS, as nominee for American Brokers Conduit, to American Home Mortgage on April 17, 2007. Since neither MERS nor American Brokers Conduit was the owner of the mortgage in question when MERS executed the purported discharge, the instrument was null and void from its inception.

**\*3** Furthermore, it is worthy of note that the Consolidation, Extension and Modification Agreement (hereinafter, "CEMA") which defendant executed on April 17, 2007 provides, in pertinent part, that the defendant mortgagor (Sorrento) "agrees to take over all of the obligations under the Notes and Mortgages as consolidated and modified ....[and that] the total unpaid principal balance of the Notes is U.S. $325,000.00 of ... [which] U.S. $71,009.07 was advanced to [defendant] immediately prior to the consolidation".

In opposition, defendant has failed to proffer a scintilla of evidence in support of her defense that only seventeen (17) days after she executed the CEMA and received an additional $71,000.00, the "subject loan was paid off by the proceeds from another loan" which defendant has yet to identify either by lender or amount. Accordingly, defendant has failed to raise a triable issue of fact regarding the invalidity of the MERS Discharge of Mortgage, dated May 4, 2007. Moreover, knowing the circumstances under which the CEMA was executed, defendant can hardly assert as a defense that she relied to her detriment on the MERS discharge. Defendant is neither a bona fide purchaser or a lender for value.

Under these circumstances, plaintiff has established, prima facie, that (1) the MERS Discharge of Mortgage dated May 4, 2007 was erroneously executed and void *ab initio,* (2) the mortgage loan dated January 6, 2006 has not been satisfied, and (3) the unpaid principal balance due as of April 21, 2014 was $312,224.09 (*see Mortgage Elec. Registration Sys., Inc. v. Smith,* 111 AD3d 804).

As for the seminal issue of whether plaintiff is time-barred under CPLR 213(6) [2] from seeking to expunge the recorded MERS Discharge of Mortgage as void *ab initio,* the Court of Appeals has recently reiterated, albeit in the context of a forged deed, that "a legal nullity at its creation is never entitled

to legal effect because void things are as no things" (*Faison v. Lewis,* 25 NY3d 220, 224 [internal quotations and citations omitted] ). Based on this well recognized principal, a statute of limitations "does not make ... a [recorded document] that was void at its inception valid by the mere passage of time" (*id.* at 226). Any contrary conclusion cannot be squared with the Court of Appeals' prior decisions in *Marsden v. Dorthy* (160 N.Y. 39, 47 [1899] ) or as recently as 2008, in *Riverside Syndicate, Inc. v. Munroe* (10 NY3d 18, 24). Neither is it consistent with the general principles of real property law or our recording statute,[3] which applies solely to "genuine instruments" (*Marsden v. Dorthy,* 160 N.Y. at 56). Moreover, the continued integrity of our recording system for, *e.g.,* the conveyance of real property would be seriously impaired if instruments void *ab initio* (as distinguished from those that are merely voidable) could not be expunged due solely to the passage of time (*see Faison v. Lewis,* 25 NY3d 227–228).

[2] Actions based on mistake to be commenced within six years.

[3] Real Property article 9.

**\*4** Consonant with these principles, the removal as of record of the Discharge of Mortgage at issue here should be no less amenable to correction than the equally void deed at issue in *Faison v. Lewis* (25 NY3d at 224), and therefore, equally immune from a statute of limitations defense.

In any event, if measured from the date of actual or imputed discovery (July 2, 2013), plaintiff's action would appear to be timely when filed on September 26, 2013 (*see* CPLR 203[g]; *Howard v. Murphy,* 46 A.D.2d 880, 881; *modified* 38 N.Y.2d 695; *on remand* 55 A.D.2d 181; *rev. on other grounds and a new trial ordered* 43 N.Y.2d 417).[4]

[4] CPLR 203(g) provides, as is relevant, that "[w]here the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from wither of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer.

Finally, defendant's failure to submit any evidence raising a triable issue of fact rebutting plaintiff's prima facie showing of the absence of merit in any of her remaining affirmative defenses and counterclaims is legally insufficient to defeat plaintiff's summary judgment motion (*see Wells Fargo Bank Minn., Natl. Assn. v. Perez,* 41 AD3d 590, *lv denied* 14 NY3d 710; *see also Zuckerman v. City of New York,* 49 N.Y.2d 557).

Defendant's remaining contentions have been considered and rejected.

Accordingly, it is

ORDERED, that plaintiff's motion for summary judgment is granted; and it is further

ORDERED, that the cross motion by defendant Joyce M. Sorrento is denied; and it is further

ORDERED, that the MERS Discharge of Mortgage dated May 4, 2007 and recorded on May 15, 2007 in the Richmond County Clerk's Office shall be deemed null and void; and it is further

ORDERED, that the satisfaction or discharge of mortgage filed by MERS and recorded on May 15, 2007 be cancelled and expunged as of record; and it is further

ORDERED, that the lien embodied in the Consolidation, Extension and Modification Agreement dated April 17, 2007 be restored to its proper priority; and it is further

ORDERED, that Clerk shall mark his or her records accordingly.

**All Citations**

50 Misc.3d 1224(A), 31 N.Y.S.3d 922 (Table), 2016 WL 803149, 2016 N.Y. Slip Op. 50250(U)

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.