# EXHIBIT 18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | Nos. 6:20-cv-00725-ADA <br> 6:20-cv-00726-ADA <br> 6:20-cv-00727-ADA <br> 6:20-cv-00728-ADA <br> 6:20-cv-00729-ADA <br> 6:20-cv-00730-ADA <br> 6:20-cv-00783-ADA |

BRAZOS'S RESPONSES AND OBJECTIONS TO
HPE'S FIRST SETS OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Brazos provides its responses

and objections to HPE's First Sets of Requests for Production of Documents and Things,[1] dated

June 2, 2021.

Discovery is ongoing in these cases, and Brazos's objections and responses are based

upon information known and available to Brazos at this time and are necessarily limited by, the

records and information in existence, presently recollected, and thus far discovered in the course

of preparing these responses. Brazos is continuing its investigation and discovery into the subject

matter of these actions and thus reserves the right to produce any subsequently-discovered facts,

---

[1] HPE's First Common Set of Requests for Production of Documents and Things; HPE's First Set of '725 Case Requests for Production of Documents and Things; HPE's First Set of '726 Case Requests for Production of Documents and Things; HPE's First Set of '727 Case Requests for Production of Documents and Things; HPE's First Set of '728 Case Requests for Production of Documents and Things; HPE's First Set of '729 Case Requests for Production of Documents and Things; HPE's First Set of '730 Case Requests for Production of Documents and Things; and HPE's First Set of '783 Case Requests for Production of Documents and Things.

documents or information. Brazos will supplement these responses as necessary to comply with the requirements of Fed. R. Civ. P. 26(e).

These responses are made solely for the purposes of the above captioned actions, and are made without waiving any right to object on any proper grounds to the use of these responses for any purpose, in whole or in part, in any subsequent proceeding or other action. The right to raise any applicable objections at any time is expressly reserved.

Brazos has made specific objections to certain Requests, to the extent they seek information protected from disclosure by the attorney-client privilege, the common interest privilege, work product immunity, or any other applicable privilege or immunity.

To the extent Brazos indicates in response to any Request that it will answer, such response shall mean only that Brazos will conduct a reasonable search for responsive information that is within Brazos's possession, custody, or control and will answer, subject to any objection, with such responsive, non-privileged information that it may find. Such response shall not mean that an answer or fact exists. Likewise, where Brazos indicates that an answer will be made subject to a specific objection on the grounds of vagueness, ambiguity and/or overbreadth, this shall mean that Brazos will limit its answer in accordance with the terms of the objection.

Brazos's response to these Requests shall be directed solely to discoverable facts, and any statement made in response to such a request shall not be deemed as an admission of any kind, including relevance, with respect to the subject matter of any such legal conclusion. Brazos's commitment to respond and produce documents in response to the Requests is subject to the Federal Rules of Civil Procedure, the Local Rules, and this Court's Orders.

None of the Objections herein is a direct or indirect admission (i) of the truth or accuracy of any statement or characterization asserted by HPE in any pleading or other filing with the Court; (ii) of the validity of any objection by HPE to any discovery request propounded in these actions by Brazos; or (iii) that any discovery request propounded by Brazos in these actions is wholly or partially objectionable under any applicable law or rules.

## GENERAL OBJECTIONS

The following General Objections apply to each of HPE's Requests for Production and are hereby incorporated within each specific response set forth below. No specific objection is intended to constitute, or should be construed as constituting, a waiver of any General Objection.

1.      Brazos objects to the Requests, Definitions, and Instructions to the extent they seek documents or information that are confidential, proprietary, and/or trade secrets of Brazos. Brazos will only produce such documents and information pursuant to the agreed-upon protective order filed in these cases.

2.      Brazos objects to the Requests, Definitions, and Instructions to the extent they seek confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos will not produce such information absent an express order to the contrary from a court of competent jurisdiction, or an authorization from the third party having the interest in the information's confidentiality.

3.      Brazos objects to HPE's request for inspection within thirty (30) after service of the Requests. Brazos will produce documents consistent with the responses and objections herein, on a rolling basis after entry of a suitable protective order, and in accordance with the applicable discovery deadlines in these cases.

4.      Brazos objects to the Requests, Definitions, and Instructions to the extent they purport to define words or phrases to have a meaning different from their legal, contractual, or intended meaning. Brazos also objects to the Definitions, Instructions, and Requests to the extent they purport to define words or phrases in a manner inconsistent with the normal usage and meaning of the terms so as to constitute an unreasonable expansion of the Requests, cause confusion, or unduly burden Brazos.

5.      Brazos objects to the Requests, Definitions, and Instructions to the extent they are overly broad, unduly burdensome, not temporally limited or seek information for a time period that is not proportional to the needs of the case.

6.      Brazos objects to the Requests, Definitions, and Instructions to the extent they seek to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

7.      Brazos objects to HPE's definitions of "Plaintiff," "WSOU," "you," and "your" as overly broad, unduly burdensome, not proportional to the needs of the case and not relevant to any party's claims or defenses because they seek information from persons and entities that are not owned or controlled by Brazos. Brazos further objects to HPE's definitions of "Plaintiff," "WSOU," "you," and "your" as imposing obligations beyond Local Rule CV-26. Accordingly, Brazos provides answers to these Requests on behalf of Brazos. Brazos further objects to these definitions to extent they call for the production of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity in so far as the definition purports to include attorneys.

8.      Brazos objects to HPE's definition of "prior art" as vague and ambiguous, and calling for a legal conclusion.

9.      Brazos objects to HPE's definition of "standards at issue" as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases as neither the Court nor the Parties have made any determination that any standard is covered by any claim of the asserted patents and HPE has not set forth any analysis or evidence that any standard is covered by any claim of the asserted patents. Brazos further objects to this definition as vague and ambiguous with respect to the phrase "any other standards WSOU believes are covered or may be covered by claim of the asserted patents."

10.      Brazos objects to the Requests to the extent they seek "all documents" responsive to a Request on the grounds that this language renders the Requests unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

11.      Brazos objects to the Requests to the extent they call for the production of information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privileges and immunities.

12.      Brazos objects to the Requests to the extent they are unreasonably cumulative and duplicative and seek the discovery of information that can be obtained from some other source that is more convenient, less burdensome, or less expensive; seek the discovery of information that is already in HPE's possession and/or has already obtained by discovery in this action;

13.      Brazos objects to the Requests to the extent they seek discovery that is not relevant to any party's claims or defenses, and seek discovery, the burden and expense of which is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

14.     Brazos objects to the Requests as unduly burdensome and improper to the extent that they purport to require Brazos to produce information, documents, or materials for inspection or copying at a location other than Brazos' principal places of business, the offices of Brazos' attorneys, or any other location agreed to by Brazos.

15.     Brazos objects to the Requests to the extent they seek information, documents, or materials not in Brazos' possession, custody, or control.

16.     Brazos objects to the Requests to the extent they are vague, ambiguous, or subject to varying interpretations. Brazos further objects to the Requests to the extent they fail to define or describe the information sought with reasonable particularity, and unreasonably require Brazos to speculate as to the nature and scope of the information sought.

17.     Brazos objects to the Requests to the extent they seek discovery regarding matter that is not relevant to any issues or any party's claims or defenses in these cases.

18.     Brazos objects to the Requests on the grounds and to the extent each seeks information unknown to Brazos.

19.     Brazos objects to the Requests, Definitions, and Instructions to the extent they are not temporally limited or seek information for a time period that is not proportional to the needs of the case.

20.     Brazos objects to the Requests to the extent they require a search and/or production of email or other electronically-stored information. *See* Order Governing Proceedings at 2.

Subject to and without waiver of the foregoing objections, each of which is hereby incorporated into each of the responses below, whether or not repeated for emphasis, Brazos states the following additional Objections to the Requests, tracking the numerical requests set forth in the Requests.

### SPECIFIC RESPONSES AND OBJECTIONS

Brazos expressly incorporates the above General Objections as though set forth fully in response to each of the following topics, and, to the extent that they are not raised in the particular response, Brazos does not waive those objections.

### COMMON REQUESTS FOR PRODUCTION

### COMMON REQUEST FOR PRODUCTION NO. 1

For all time-periods from January 1, 2015, documents sufficient to show the business model or models WSOU followed and is currently following, including without limitation (i) a business model that includes (a) to hold patents claiming products or processes for the primary purpose of asserting and/or filing patent infringement claims against other persons, groups, or legal entities for monetary gain, and (b) to not have more than negligible other business activities; or (ii) any other business model.

### RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this request as vague and ambiguous, including as to the phrases "business model or models" and "to not have more than negligible other business activities." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably

accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, Standing Orders, and any other applicable law. Brazos objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this Request as overly broad and unduly burdensome, including because it seeks documents related to issues that concern patents and issues other than the patents-in-suit or issues relevant to these litigations.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce relevant formation documents relating to Brazos's organization, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## COMMON REQUEST FOR PRODUCTION NO. 2

All documents evidencing WSOU following a business model involving activities other than holding patents claiming products or processes for the primary purpose of asserting and/or filing patent infringement claims against other persons, groups or legal entities for monetary gain.

**RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 2**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrases "following a business model" and "activities other than holding patents claiming products or processes for the primary purpose of asserting and/or filing patent infringement claims." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, and/or other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as overly broad and unduly burdensome, including because it seeks "all documents," including on topics not relevant to the patents-in-suit or any issues in these litigations. Brazos objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce relevant formation documents relating to Brazos's organization, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## COMMON REQUEST FOR PRODUCTION NO. 3

All draft and/or final agreements relating to funding litigation for any of the asserted patents and/or related patents (or any other of your patents), and all documents and communications relating thereto.

## RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as seeking information protected by the attorney-client, work product doctrine, common interest privilege, or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as overly broad and unduly burdensome, including because it seeks "all draft and/or final agreements" and "all documents and communications," and because it seeks information regarding patents other than the patents-in-suit. Brazos also objects to this

Request as seeking discovery for which the burden and expense is not proportional to the needs

to this case and outweighs its likely benefit considering the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, and the lack of importance of the discovery in resolving the issues. Brazos

objects to this request to the extent that it seeks documents or information not within Brazos's

possession, custody, or control.

<u>**COMMON REQUEST FOR PRODUCTION NO. 4**</u>

All documents and things provided to any actual or potential investors, actual or potential
purchasers of WSOU or a material portion of its shares or assets, shareholders, bondholders,
debtholders, analysts, financial advisors, or brokers, either orally or in writing, relating to WSOU
business plans, WSOU technology, WSOU patents, WSOU licensing, WSOU patent
enforcement, WSOU business projections, or that directly or indirectly reference or discuss HPE,
any of these cases, or any of the asserted patents and/or related patents.

<u>**RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 4**</u>

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

as vague and ambiguous, including as to the phrases "potential investors," "material portion,"

"business plans," and "business projections." Brazos objects to this Request to the extent it seeks

information protected by the attorney-client privilege, the work product doctrine, the common

interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Request

to the extent it seeks confidential business, financial, proprietary, or sensitive information or

trade secrets of third parties, including but not limited to information that is subject to pre-

existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to

the extent it calls for the production of ESI from sources that are not reasonably accessible

because of burden or cost. Brazos objects to this Request as seeking information not relevant to

any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or

seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure,

the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things," including documents related to patents other than the patents-in-suit and issues not relevant to any claim or defense in these actions. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request, Brazos will conduct a reasonable and diligent search and produce responsive documents within its possession, custody, or control that are relevant and proportional to the needs of the cases, to the extent any exist and are not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### COMMON REQUEST FOR PRODUCTION NO. 5

All documents and/or communications relating to any offers made for any of WSOU's asserted patents and/or related patents (or any other of your patents), including but not limited to offers to invest, purchase, or share royalties for WSOU's patents.

### RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous, including as to the term "offers," "invest," and "share royalties." Brazos objects to this Request to the extent it seeks information protected by the attorney-client

privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as overly broad and unduly burdensome, including because it seeks "all documents and/or communications," including about patents other than the patents-in-suit. Brazos objects to this request as seeking information already within HPE's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements and/or licenses relevant to the patents-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## COMMON REQUEST FOR PRODUCTION NO. 6

All minutes of any WSOU management team meeting and/or board meetings relating to one or more of these cases or any other proceedings between WSOU and HPE, the asserted patents, or any of HPE's products.

## RESPONSE TO COMMON REQUEST FOR PRODUCTION No. 6

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous, including as to "management team meeting." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll minutes" of meetings including about proceedings other than these cases.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request and relevant and proportional to the needs of the cases.

14

## COMMON REQUEST FOR PRODUCTION NO. 7

All documents and things received by WSOU from a third party that relate to any of these cases or the asserted patents, whether received informally or in response to a subpoena or other discovery request in any of these cases.

## RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 7

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous, including with respect to the terms "received" and "informally." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, Standing Orders, and any other applicable law. Brazos objects to this Request as overly broad and unduly burdensome, including because it seeks "all documents and things."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce any documents received from third parties pursuant to a subpoena issued in one of the above-referenced cases, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

<u>**COMMON REQUEST FOR PRODUCTION NO. 8**</u>

Past and present organizational charts of WSOU sufficient to identify the names, positions, titles, duties, and reporting relationships of officers, employees, and other personnel who have or have had responsibility for or duties relating to (i) the use, research, design, development, testing, manufacture, operation, distribution, importation, sale, licensing, and marketing of any WSOU products that practice one or more the asserted patents; (ii) any purchasing, selling, licensing, and/or assertion of the asserted patents; and (iii) WSOU's business model.

<u>**RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 8**</u>

Brazos incorporates its General Objections set forth above. Brazos objects to this request as vague and ambiguous, including as to the phrases "reporting relationships" and "business model." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims

or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose

obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules,

Standing Orders, and any other applicable law. Brazos objects to this Request as overly broad

and unduly burdensome, including because it is not temporally limited.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce non-privileged and non-immune relevant formation documents that are

responsive to this request and proportional to the needs of this case. Discovery is ongoing, and

Brazos reserves the right to amend and update its response as needed

### COMMON REQUEST FOR PRODUCTION NO. 9

All annual financial statements of WSOU from 2016 through the present, including
without limitation WSOU's (a) income statements, (b) statements of cash flow, (c) balance
sheets, and (d) statements of shareholders' equity.

### RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 9

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, Standing Orders, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll annual financial statements."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request and relevant and proportional to needs of the cases.

## COMMON REQUEST FOR PRODUCTION NO. 10

All documents and things on which you intend to rely at each substantive hearing and trial in these cases, including any Markman hearing, summary judgment hearing, or merits hearing or trial.

## RESPONSE TO COMMON REQUEST FOR PRODUCTION NO. 10

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, Standing Orders, and any other applicable law. Brazos

objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it seeks "all

documents."

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows: Brazos will produce documents it will rely on as evidence at trial, to the

extent not publicly available or already in HPE's possession.

### 725 CASE REQUESTS FOR PRODUCTION

### 725 CASE REQUEST FOR PRODUCTION NO. 1

All agreements, draft agreements, or proposed agreements between WSOU and any third
party that grant or would grant rights under WSOU's asserted '534 patent and/or related patents,
and all documents and communications relating thereto.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this request

on the grounds that it is vague and ambiguous, including as to the phrases "proposed

agreements," and "would grant rights." Brazos objects to this Request to the extent it seeks

information protected by the attorney-client privilege, work product doctrine, common interest

privilege, and/or other applicable privilege or immunity. Brazos objects to this Request to the

extent it seeks confidential business, financial, proprietary, or sensitive information or trade

secrets of third parties, including but not limited to information that is subject to pre-existing

protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent

it calls for the production of ESI from sources that are not reasonably accessible because of

burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks

information for a time period that is not proportional to the needs of the case and/or seeks to

impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all agreements, draft agreements, or proposed agreements" and "all documents and communications related thereto." Brazos further objects to this request as overly broad and unduly burdensome because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 725 CASE REQUEST FOR PRODUCTION NO. 2

Documents sufficient to show by calendar quarter the unit volumes, product revenues, and selling prices of licensed products sold by each licensee of WSOU's asserted '534 patent and/or related patents during the term of any license between WSOU and the licensee.

## <ins>725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 2</ins>

Brazos incorporates its General Objections set forth above. Brazos objects to this Request on the grounds that it is vague and ambiguous, including as to the term "licensed products." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request as seeking confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce any documents or information from licensees of the asserted patent relating

to sales of licensed products, to the extent that such documents exist and are within Brazos's

possession, custody, or control, and not subject to any privilege or immunity from production.

Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 725 CASE REQUEST FOR PRODUCTION NO. 3

All documents and communications relating to negotiations between WSOU and any
third party of actual or potential agreements that grant any rights under WSOU's asserted '534
patent and/or related patents, including but not limited to any correspondence, meetings,
presentations, draft licensing agreements, term sheets, internal and external valuations of offers,
reports, summaries of meetings, summaries of license terms, actual or anticipated payments,
royalty audits, estimates, and WSOU internal documents.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

as vague and ambiguous as to the phrase "valuation of offers." Brazos objects to this Request to

the extent it seeks information protected by the attorney-client privilege, work product doctrine,

common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to

this Request to the extent it seeks confidential business, financial, proprietary, or sensitive

information or trade secrets of third parties, including but not limited to information that is

subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to

this Request to the extent it calls for the production of ESI from sources that are not reasonably

accessible because of burden or cost. Brazos objects to this Request to the extent it is not

temporally limited or seeks information for a time period that is not proportional to the needs of

the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil

Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as

unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it seeks "all documents and communications" and because it seeks documents and communications related to patents that have not been asserted in the above captioned cases. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**725 CASE REQUEST FOR PRODUCTION NO. 4**

All documents and communications that reference or discuss the terms under which WSOU has offered, was willing to offer, or considered offering to license or authorize use of the alleged inventions claimed in the asserted '534 patent and/or any related patents, including any discussion of what constitutes a reasonable royalty rate for any such patents either individually or in combination with other patents, and/or any discussion of the royalties or profits earned or projected to be earned by WSOU from the licensing of any such patents either individually or in combination with other patents.

**725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "was willing to offer, or considered offering." Brazos objects to this Request to the extent it seeks information protected by the attorney-client

23

privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed licenses relating to the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 725 CASE REQUEST FOR PRODUCTION NO. 5

All documents relating to WSOU's business plans, analyses, or strategies for licensing the asserted '534 patent, any related patents, or any portfolio of patents of which the asserted '534 patent is a part.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "business plans." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional

to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request.

## 725 Case Request for Production No. 6

All prior art (including but not limited to publications, public use or knowledge, prior sales or offers for sales, and any other category of prior art under 35 U.S.C. §§ 102 and 103) currently known to you or any of the named inventors relating to the subject matter claimed in the asserted '534 patent.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it seeks "all prior art" and because it seeks production

of alleged prior art known to "any of the named inventors." Brazos also objects to this Request as

seeking discovery for which the burden and expense is not proportional to the needs to this case

and outweighs its likely benefit considering the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the parties'

resources, and the relative importance of the discovery in resolving the issues. Brazos objects to

this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this Request within its

possession, custody, or control other than the publicly available prosecution history for the

patent-in-suit, which Brazos has produced.

### 725 CASE REQUEST FOR PRODUCTION NO. 7

All documents relating to the first sale and/or offer for sale of the alleged invention of
any of the asserted claims of the asserted '534 patent, the first public use of the alleged invention
of any of the asserted claims of the asserted '534 patent, and/or the first printed publication of the
alleged invention of any of the asserted claims of the asserted '534 patent.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it requires a legal conclusion regarding whether a particular sale, offer for sale, public use, or printed publication satisfies the elements of the claims of the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

**725 CASE REQUEST FOR PRODUCTION NO. 8**

All documents and communications wherein any claim of the asserted '534 patent was alleged to be invalid.

**725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced, and HPE's own pleadings and other documents in this case.

## 725 CASE REQUEST FOR PRODUCTION NO. 9

All documents and things supporting, refuting, or otherwise relating to whether secondary considerations or objective indicia probative of non-obviousness of any of the asserted claims of the asserted '534 patent exist.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality

agreements. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case. Brazos further objects to this Interrogatory as an improper attempt to shift the burden regarding invalidity, which is properly placed on HPE. *See Tech Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *see also SFA Systems, LLC v. Amazon.com, Inc. et al, LLC* v. No. 6:11-CV-052-LED, Dkt. 400, at 2 (E.D. Tex. April 11, 2013). Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control, including documents within HPE's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to the publicly available prosecution file, which Brazos has produced, and to HPE's own documents (which should be produced by HPE) relating to: (1) the commercial success of HPE's infringing products; (2) demand for HPE's infringing products; (3) praise by others of HPE's infringing products; (4) recognition of the problem addressed by HPE's infringing products; and (5) copying of HPE's infringing products by HPE's competitors. Discovery is ongoing and Brazos reserves the right to amend and update its response as needed.

**725 CASE REQUEST FOR PRODUCTION NO. 10**

All documents and things supporting, refuting, or otherwise relating to your contention that HPE infringes the asserted '534 patent.

**725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privilege or doctrine. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and

after a reasonably proportional search and review of relevant documents, Brazos refers HPE to

Brazos's Complaint (and any amendments thereto) and infringement contentions (and any

amendments thereto) and to HPE's own documents relating to its infringing products. Brazos

will produce other documents responsive to this request that it intends to rely on to prove

infringement, to the extent not publicly available or already in HPE's possession.

### 725 CASE REQUEST FOR PRODUCTION NO. 11

Documents sufficient to show (i) each entity other than HPE you contend directly
infringes the asserted '534 patent with HPE's accused products for that patent, (ii) the total
number of HPE's accused products for that patent that entity purchases annually and the
percentage of that total used in an infringing manner and the percent of their total usage for
which they are so used, and (iii) the total number of HPE's accused products for that patent that
entity uses annually and the percentage of that total used in an infringing manner and the percent
of their total usage for which they are so used.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

## 725 CASE REQUEST FOR PRODUCTION NO. 12

All documents relating to any entity other than HPE directly infringing the asserted '534 patent with HPE's accused products for that patent.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

**725 CASE REQUEST FOR PRODUCTION NO. 13**

All documents and things supporting, refuting, or otherwise relating to your contention that WSOU is due damages for HPE's alleged infringement of the asserted '534 patent.

**725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome,

unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request, to the extent that such documents exist and are within Brazos possession, custody, or control, and not subject to any privilege or immunity from production.

## 725 CASE REQUEST FOR PRODUCTION NO. 14

All documents related to valuations or analyses of WSOU's asserted '534 patent and/or related patents, individually or collectively with other patents.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose

obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request and relevant and proportional to the needs of the cases.

## 725 CASE REQUEST FOR PRODUCTION NO. 15

All documents regarding, forecasts of, and/or summaries of, a market or markets which include any products that WSOU contends practice the asserted '534 patent.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it

seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to

require Brazos to marshal all its available proof and limit the evidence that Brazos may present at

the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily

broad, and not reasonably calculated to lead to the discovery of admissible evidence, including

because it seeks "all documents."

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos refers HPE to its own documents concerning the market demand for its infringing

products, which HPE should produce. Brazos will conduct a reasonable and diligent search that

is proportional to the needs of the case and produce documents responsive to this request, to the

extent that such documents exist and are within its possession, custody, or control, and not

subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves

the right to amend and update its response as needed.

### 725 CASE REQUEST FOR PRODUCTION NO. 16

All documents related to the profitability of products that WSOU contends practice the
asserted '534 patent, including documents that support or contradict, or otherwise relate to, any
contention by WSOU regarding the established profitability of products made under one or more
claims of that patent, their commercial success, and/or their current popularity, and documents
that support or contradict, or otherwise relate to, any contention by WSOU regarding the portion
of the profit that arises from the claimed invention of one or more claims of the asserted '534
patent, as opposed to profit arising from unpatented features, such as the manufacturing process,
business risks, or significant features or improvements added by another.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the profitability of its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the profitability of the accused products to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 725 CASE REQUEST FOR PRODUCTION NO. 17

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there was and/or is a demand for the claimed invention of one or more claims of the asserted '534 patent.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the demand for claimed invention, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**725 CASE REQUEST FOR PRODUCTION NO. 18**

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there were and/or are no available, acceptable, noninfringing substitute products for the claimed invention of one or more claims of the asserted '534 patent.

**725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.,* Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

41

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request that are relevant to any claim or defense, to the extent that such documents and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 725 CASE REQUEST FOR PRODUCTION NO. 19

All documents and communications relating to the chain of ownership and/or assignment of the asserted '534 patent, including unredacted copies of such documents previously produced.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 725 CASE REQUEST FOR PRODUCTION NO. 20

Documents sufficient to show the transfer of all rights relating to the asserted '534 patent from its named inventor(s), through any intermediaries, to WSOU and/or the current holder of the right, including the right to recover for past damages, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 725 CASE REQUEST FOR PRODUCTION NO. 21

Documents sufficient to show in full all encumbrances referenced in any of the agreements transferring any of the rights related to the asserted '534 patent from one entity to another, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any encumbrances on Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 725 CASE REQUEST FOR PRODUCTION NO. 22

Documents sufficient to show all security interests in or liens against the asserted '534 patent or related patents, whether individually or as part of a group of patents, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit and because it seeks "all documents and communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any security interests in or liens against the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 725 CASE REQUEST FOR PRODUCTION NO. 23

All documents relating to prosecution of the asserted '534 patent and/or related patents, including any invention disclosures for them and their prosecution histories, applications, documents referenced on the face of or incorporated by reference in them, and/or documents regarding the payment of fees, including but not limited to maintenance fees, for them.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has produced the publicly available file wrapper related to the patent-in-suit. Otherwise, Brazos responds that this information is as readily available to HPE as to Brazos. Brazos refers HPE to the Public Patent Application Information Retrieval System.

## 725 CASE REQUEST FOR PRODUCTION NO. 24

All documents and communications exchanged with any of the named inventors or others relating to the asserted '534 patent and/or related patents, and/or the inventions allegedly claimed by the asserted '534 patent and/or related patents.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the

Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information not relevant to this case or the patent-in-suit.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents and communications with any of the named inventors of the patent-in-suit regarding this case or the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 725 CASE REQUEST FOR PRODUCTION NO. 25

All documents relating to the conception, reduction to practice, and/or diligence toward reduction to practice of any asserted claim of the asserted '534 patent, including the individual contributions made by each inventor, named or not.

### 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013)

(denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

## 725 CASE REQUEST FOR PRODUCTION NO. 26

Documents sufficient to show the entity or entities you contend satisfy(ies)/perform(s) each element/step of each asserted claim of the asserted '534 patent.

## 725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 26

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos

will produce other documents responsive to this request that it intends to rely on to prove

infringement, to the extent not publicly available or already in HPE's possession.

**725 CASE REQUEST FOR PRODUCTION NO. 27**

All documents relating to any entity (HPE or any entity other than HPE) satisfying/performing one or more elements/steps of any of the asserted claims of the asserted '534 patent.

**725 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is

not temporally limited or seeks information for a time period that is not proportional to the needs

of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of

Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to

the extent it improperly seeks to require Brazos to marshal all its available proof and limit the

evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this

request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com,*

*Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel

pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the

Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this

Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession

### 726 CASE REQUESTS FOR PRODUCTION

### 726 CASE REQUEST FOR PRODUCTION NO. 1

All agreements, draft agreements, or proposed agreements between WSOU and any third party that grant or would grant rights under WSOU's asserted '630 patent and/or related patents, and all documents and communications relating thereto.

### 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this request on the grounds that it is vague and ambiguous, including as to the phrases "proposed agreements," and "would grant rights." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of

burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all agreements, draft agreements, or proposed agreements" and "all documents and communications related thereto." Brazos further objects to this request as overly broad and unduly burdensome because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 726 CASE REQUEST FOR PRODUCTION NO. 2

Documents sufficient to show by calendar quarter the unit volumes, product revenues, and selling prices of licensed products sold by each licensee of WSOU's asserted '630 patent and/or related patents during the term of any license between WSOU and the licensee.

**726 C**ASE **R**ESPONSE TO **R**EQUEST FOR **P**RODUCTION **N**O**. 2**

      Brazos incorporates its General Objections set forth above. Brazos objects to this Request on the grounds that it is vague and ambiguous, including as to the term "licensed products." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request as seeking confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

      Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce any documents or information from licensees of the asserted patent relating to sales of licensed products, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 726 CASE REQUEST FOR PRODUCTION NO. 3

All documents and communications relating to negotiations between WSOU and any third party of actual or potential agreements that grant any rights under WSOU's asserted '630 patent and/or related patents, including but not limited to any correspondence, meetings, presentations, draft licensing agreements, term sheets, internal and external valuations of offers, reports, summaries of meetings, summaries of license terms, actual or anticipated payments, royalty audits, estimates, and WSOU internal documents.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "valuation of offers." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it seeks "all documents and communications" and because it seeks documents and communications related to patents that have not been asserted in the above captioned cases. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**726 CASE REQUEST FOR PRODUCTION NO. 4**

All documents and communications that reference or discuss the terms under which WSOU has offered, was willing to offer, or considered offering to license or authorize use of the alleged inventions claimed in the asserted '630 patent and/or any related patents, including any discussion of what constitutes a reasonable royalty rate for any such patents either individually or in combination with other patents, and/or any discussion of the royalties or profits earned or projected to be earned by WSOU from the licensing of any such patents either individually or in combination with other patents.

**726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "was willing to offer, or considered offering." Brazos objects to this Request to the extent it seeks information protected by the attorney-client

privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**726 CASE REQUEST FOR PRODUCTION NO. 5**

All documents relating to WSOU's business plans, analyses, or strategies for licensing the asserted '630 patent, any related patents, or any portfolio of patents of which the asserted '630 patent is a part.

**726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "business plans." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional

to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request.

## 726 Case Request for Production No. 6

All prior art (including but not limited to publications, public use or knowledge, prior sales or offers for sales, and any other category of prior art under 35 U.S.C. §§ 102 and 103) currently known to you or any of the named inventors relating to the subject matter claimed in the asserted '630 patent.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION No. 6

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it seeks "all prior art" and because it seeks production

of alleged prior art known to "any of the named inventors." Brazos also objects to this Request as

seeking discovery for which the burden and expense is not proportional to the needs to this case

and outweighs its likely benefit considering the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the parties'

resources, and the relative importance of the discovery in resolving the issues. Brazos objects to

this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this Request within its

possession, custody, or control other than the publicly available prosecution history for the

patent-in-suit, which Brazos has produced.

## 726 CASE REQUEST FOR PRODUCTION NO. 7

All documents relating to the first sale and/or offer for sale of the alleged invention of
any of the asserted claims of the asserted '630 patent, the first public use of the alleged invention
of any of the asserted claims of the asserted '630 patent, and/or the first printed publication of the
alleged invention of any of the asserted claims of the asserted '630 patent.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it requires a legal conclusion regarding whether a particular sale, offer for sale, public use, or printed publication satisfies the elements of the claims of the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

### 726 CASE REQUEST FOR PRODUCTION NO. 8

All documents and communications wherein any claim of the asserted '630 patent was alleged to be invalid.

### 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced, and HPE's own pleadings and other documents in this case.

### 726 CASE REQUEST FOR PRODUCTION NO. 9

All documents and things supporting, refuting, or otherwise relating to whether secondary considerations or objective indicia probative of non-obviousness of any of the asserted claims of the asserted '630 patent exist.

### 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality

agreements. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case. Brazos further objects to this Interrogatory as an improper attempt to shift the burden regarding invalidity, which is properly placed on HPE. *See Tech Licensing Corp. v. Videotek Inc*., 545 F.3d 1316, 1327 (Fed. Cir. 2008); *see also SFA Systems, LLC v. Amazon.com, Inc. et al, LLC* v. No. 6:11-CV-052-LED, Dkt. 400, at 2 (E.D. Tex. April 11, 2013). Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control, including documents within HPE's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to the publicly available prosecution file, which Brazos has produced, and to HPE's own documents (which should be produced by HPE) relating to: (1) the commercial success of HPE's infringing products; (2) demand for HPE's infringing products; (3) praise by others of HPE's infringing products; (4) recognition of the problem addressed by HPE's infringing products; and (5) copying of HPE's infringing products by HPE's competitors. Discovery is ongoing and Brazos reserves the right to amend and update its response as needed.

**726 CASE REQUEST FOR PRODUCTION NO. 10**

All documents and things supporting, refuting, or otherwise relating to your contention that HPE infringes the asserted '630 patent.

**726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privilege or doctrine. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

**726 CASE REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to show (i) each entity other than HPE you contend directly infringes the asserted '630 patent with HPE's accused products for that patent, (ii) the total number of HPE's accused products for that patent that entity purchases annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used, and (iii) the total number of HPE's accused products for that patent that entity uses annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used.

**726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

## 726 CASE REQUEST FOR PRODUCTION NO. 12

All documents relating to any entity other than HPE directly infringing the asserted '630 patent with HPE's accused products for that patent.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

**726 CASE REQUEST FOR PRODUCTION NO. 13**

All documents and things supporting, refuting, or otherwise relating to your contention that WSOU is due damages for HPE's alleged infringement of the asserted '630 patent.

**726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome,

unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request, to the extent that such documents exist and are within Brazos possession, custody, or control, and not subject to any privilege or immunity from production.

### 726 CASE REQUEST FOR PRODUCTION NO. 14

All documents related to valuations or analyses of WSOU's asserted '630 patent and/or related patents, individually or collectively with other patents.

### 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose

obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request and relevant and proportional to the needs of the cases.

## 726 CASE REQUEST FOR PRODUCTION NO. 15

All documents regarding, forecasts of, and/or summaries of, a market or markets which include any products that WSOU contends practice the asserted '630 patent.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it

seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to

require Brazos to marshal all its available proof and limit the evidence that Brazos may present at

the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily

broad, and not reasonably calculated to lead to the discovery of admissible evidence, including

because it seeks "all documents."

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos refers HPE to its own documents concerning the market demand for its infringing

products, which HPE should produce. Brazos will conduct a reasonable and diligent search that

is proportional to the needs of the case and produce documents responsive to this request, to the

extent that such documents exist and are within its possession, custody, or control, and not

subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves

the right to amend and update its response as needed.

## 726 CASE REQUEST FOR PRODUCTION NO. 16

All documents related to the profitability of products that WSOU contends practice the asserted '630 patent, including documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the established profitability of products made under one or more claims of that patent, their commercial success, and/or their current popularity, and documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the portion of the profit that arises from the claimed invention of one or more claims of the asserted '630 patent, as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements added by another.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the profitability of its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the profitability of the accused products to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 726 CASE REQUEST FOR PRODUCTION NO. 17

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there was and/or is a demand for the claimed invention of one or more claims of the asserted '630 patent.

### 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the demand for claimed invention, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update

its response as needed.

## 726 CASE REQUEST FOR PRODUCTION NO. 18

All documents that support or contradict, or otherwise relate to, any contention by
WSOU that there were and/or are no available, acceptable, noninfringing substitute products for
the claimed invention of one or more claims of the asserted '534 patent.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 18

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it

seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks

discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.,* Case

No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit

investigation noting that the Patent Case Management Judicial Guide produced by the Federal

Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this

Request to the extent it improperly seeks to require Brazos to marshal all its available proof and

limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence, including because it seeks "all documents." Brazos objects to

this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request that are relevant to any claim or defense, to the extent that such documents and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 726 CASE REQUEST FOR PRODUCTION NO. 19

All documents and communications relating to the chain of ownership and/or assignment of the asserted '630 patent, including unredacted copies of such documents previously produced.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 726 CASE REQUEST FOR PRODUCTION NO. 20

Documents sufficient to show the transfer of all rights relating to the asserted '630 patent from its named inventor(s), through any intermediaries, to WSOU and/or the current holder of the right, including the right to recover for past damages, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

### 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 726 CASE REQUEST FOR PRODUCTION NO. 21

Documents sufficient to show in full all encumbrances referenced in any of the agreements transferring any of the rights related to the asserted '630 patent from one entity to another, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

### 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any encumbrances on Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 726 CASE REQUEST FOR PRODUCTION NO. 22

Documents sufficient to show all security interests in or liens against the asserted '630 patent or related patents, whether individually or as part of a group of patents, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit and because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any security interests in or liens against the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 726 CASE REQUEST FOR PRODUCTION NO. 23

All documents relating to prosecution of the asserted '630 patent and/or related patents, including any invention disclosures for them and their prosecution histories, applications, documents referenced on the face of or incorporated by reference in them, and/or documents regarding the payment of fees, including but not limited to maintenance fees, for them.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has produced the publicly available file wrapper related to the patent-in-suit. Otherwise, Brazos responds that this information is as readily available to HPE as to Brazos. Brazos refers HPE to the Public Patent Application Information Retrieval System.

## 726 CASE REQUEST FOR PRODUCTION NO. 24

All documents and communications exchanged with any of the named inventors or others relating to the asserted '630 patent and/or related patents, and/or the inventions allegedly claimed by the asserted '630 patent and/or related patents.

## 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the

Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information not relevant to this case or the patent-in-suit.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents and communications with any of the named inventors of the patent-in-suit regarding this case or the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 726 CASE REQUEST FOR PRODUCTION NO. 25

All documents relating to the conception, reduction to practice, and/or diligence toward reduction to practice of any asserted claim of the asserted '630 patent, including the individual contributions made by each inventor, named or not.

### 726 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013)

(denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

## 727 CASE REQUESTS FOR PRODUCTION

### 727 CASE REQUEST FOR PRODUCTION NO. 1

All agreements, draft agreements, or proposed agreements between WSOU and any third party that grant or would grant rights under WSOU's asserted '832 patent and/or related patents, and all documents and communications relating thereto.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this request on the grounds that it is vague and ambiguous, including as to the phrases "proposed agreements," and "would grant rights." Brazos objects to this Request to the extent it seeks

information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all agreements, draft agreements, or proposed agreements" and "all documents and communications related thereto." Brazos further objects to this request as overly broad and unduly burdensome because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 727 CASE REQUEST FOR PRODUCTION NO. 2

Documents sufficient to show by calendar quarter the unit volumes, product revenues, and selling prices of licensed products sold by each licensee of WSOU's asserted '832 patent and/or related patents during the term of any license between WSOU and the licensee.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Brazos incorporates its General Objections set forth above. Brazos objects to this Request on the grounds that it is vague and ambiguous, including as to the term "licensed products." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request as seeking confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for

which the burden and expense is not proportional to the needs to this case and outweighs its

likely benefit considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, and the

relative importance of the discovery in resolving the issues. Brazos objects to this request as

seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce any documents or information from licensees of the asserted patent relating

to sales of licensed products, to the extent that such documents exist and are within Brazos's

possession, custody, or control, and not subject to any privilege or immunity from production.

Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 727 CASE REQUEST FOR PRODUCTION NO. 3

All documents and communications relating to negotiations between WSOU and any
third party of actual or potential agreements that grant any rights under WSOU's asserted '832
patent and/or related patents, including but not limited to any correspondence, meetings,
presentations, draft licensing agreements, term sheets, internal and external valuations of offers,
reports, summaries of meetings, summaries of license terms, actual or anticipated payments,
royalty audits, estimates, and WSOU internal documents.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

as vague and ambiguous as to the phrase "valuation of offers." Brazos objects to this Request to

the extent it seeks information protected by the attorney-client privilege, work product doctrine,

common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to

this Request to the extent it seeks confidential business, financial, proprietary, or sensitive

information or trade secrets of third parties, including but not limited to information that is

subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks documents and communications related to patents that have not been asserted in the above captioned cases. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**727 CASE REQUEST FOR PRODUCTION NO. 4**

All documents and communications that reference or discuss the terms under which WSOU has offered, was willing to offer, or considered offering to license or authorize use of the alleged inventions claimed in the asserted '832 patent and/or any related patents, including any discussion of what constitutes a reasonable royalty rate for any such patents either individually or in combination with other patents, and/or any discussion of the royalties or profits earned or projected to be earned by WSOU from the licensing of any such patents either individually or in combination with other patents.

**727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "was willing to offer, or considered offering." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, and the relative importance

of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks

information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed licenses relating to the Patent-in-Suit, to the extent that such

documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to

amend and update its response as needed.

## 727 CASE REQUEST FOR PRODUCTION NO. 5

All documents relating to WSOU's business plans, analyses, or strategies for licensing
the asserted '832 patent, any related patents, or any portfolio of patents of which the asserted
'832 patent is a part.

## 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

as vague and ambiguous as to the phrase "business plans." Brazos objects to this Request to the

extent it seeks information protected by the attorney-client privilege, work product doctrine,

common interest privilege, and/or other applicable privilege or immunity. Brazos objects to the

extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-*

*Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying

motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide

produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding

Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery.").

Brazos objects to this Request to the extent it calls for the production of ESI from sources that

are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request.

**727 Case Request for Production No. 6**

All prior art (including but not limited to publications, public use or knowledge, prior sales or offers for sales, and any other category of prior art under 35 U.S.C. §§ 102 and 103) currently known to you or any of the named inventors relating to the subject matter claimed in the asserted '832 patent.

**727 C**ASE **R**ESPONSE TO **R**EQUEST FOR **P**RODUCTION **N**O. **6**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all prior art" and because it seeks production of alleged prior art known to "any of the named inventors." Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request within its possession, custody, or control other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

**727 C**ASE **R**EQUEST FOR **P**RODUCTION **N**O**. 7**

All documents relating to the first sale and/or offer for sale of the alleged invention of any of the asserted claims of the asserted '832 patent, the first public use of the alleged invention of any of the asserted claims of the asserted '832 patent, and/or the first printed publication of the alleged invention of any of the asserted claims of the asserted '832 patent.

**727 C**ASE **R**ESPONSE TO **R**EQUEST FOR **P**RODUCTION **N**O**. 7**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it requires a legal conclusion regarding whether a particular sale, offer for sale, public use, or printed publication satisfies the elements of the claims of the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

**727 C<small>ASE</small> R<small>EQUEST FOR</small> P<small>RODUCTION</small> N<small>O.</small> 8**

All documents and communications wherein any claim of the asserted '832 patent was alleged to be invalid.

**727 C<small>ASE</small> R<small>ESPONSE TO</small> R<small>EQUEST FOR</small> P<small>RODUCTION</small> N<small>O.</small> 8**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced, and HPE's own pleadings and other documents in this case.

**727 C<small>ASE</small> R<small>EQUEST FOR</small> P<small>RODUCTION</small> N<small>O.</small> 9**

All documents and things supporting, refuting, or otherwise relating to whether secondary considerations or objective indicia probative of non-obviousness of any of the asserted claims of the asserted '832 patent exist.

**727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case. Brazos further objects to this Interrogatory as an improper attempt to shift the burden regarding invalidity, which is properly placed on HPE. *See Tech Licensing Corp. v. Videotek Inc*., 545 F.3d 1316, 1327 (Fed. Cir. 2008); *see also SFA Systems, LLC v. Amazon.com, Inc. et al, LLC* v. No. 6:11-CV-052-LED, Dkt. 400, at 2 (E.D. Tex. April 11, 2013). Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to

this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control, including documents within HPE's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to the publicly available prosecution file, which Brazos has produced, and to HPE's own documents (which should be produced by HPE) relating to: (1) the commercial success of HPE's infringing products; (2) demand for HPE's infringing products; (3) praise by others of HPE's infringing products; (4) recognition of the problem addressed by HPE's infringing products; and (5) copying of HPE's infringing products by HPE's competitors. Discovery is ongoing and Brazos reserves the right to amend and update its response as needed.

### 727 CASE REQUEST FOR PRODUCTION NO. 10

All documents and things supporting, refuting, or otherwise relating to your contention that HPE infringes the asserted '832 patent.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privilege or doctrine. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may

present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

### 727 CASE REQUEST FOR PRODUCTION NO. 11

Documents sufficient to show (i) each entity other than HPE you contend directly infringes the asserted '832 patent with HPE's accused products for that patent, (ii) the total number of HPE's accused products for that patent that entity purchases annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used, and (iii) the total number of HPE's accused products for that patent that entity uses annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used.

**727 C**ASE **R**ESPONSE TO **R**EQUEST FOR **P**RODUCTION **N**O. 11

      Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800- Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

      Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

### 727 CASE REQUEST FOR PRODUCTION NO. 12

All documents relating to any entity other than HPE directly infringing the asserted '832 patent with HPE's accused products for that patent.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this

request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

**727 CASE REQUEST FOR PRODUCTION NO. 13**

All documents and things supporting, refuting, or otherwise relating to your contention that WSOU is due damages for HPE's alleged infringement of the asserted '832 patent.

**727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is

not temporally limited. Brazos objects to this Request to the extent it seeks information not

relevant to any issue, claims or defenses in these actions, not proportional to the needs of the

cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of

Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to

the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly

seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may

present at the trial of this matter. Brazos objects to this Request as unduly burdensome,

unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible

evidence, including because it seeks "all documents and things." Brazos objects to this Request

to the extent that it seeks documents or information not within Brazos's possession, custody, or

control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent

search that is proportional to the needs of the case and produce documents responsive to this

request, to the extent that such documents exist and are within Brazos possession, custody, or

control, and not subject to any privilege or immunity from production.

**727 CASE REQUEST FOR PRODUCTION NO. 14**

All documents related to valuations or analyses of WSOU's asserted '832 patent and/or
related patents, individually or collectively with other patents.

**727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents

in its possession, custody, or control that are responsive to this request and relevant and proportional to the needs of the cases.

**727 CASE REQUEST FOR PRODUCTION NO. 15**

All documents regarding, forecasts of, and/or summaries of, a market or markets which include any products that WSOU contends practice the asserted '832 patent.

**727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the market demand for its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request, to the extent that such documents exist and are within its possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**727 CASE REQUEST FOR PRODUCTION NO. 16**

All documents related to the profitability of products that WSOU contends practice the asserted '832 patent, including documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the established profitability of products made under one or more claims of that patent, their commercial success, and/or their current popularity, and documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the portion of the profit that arises from the claimed invention of one or more claims of the asserted '832 patent, as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements added by another.

**727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the profitability of its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that

is proportional to the needs of the case and produce documents related to the profitability of the accused products to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 727 CASE REQUEST FOR PRODUCTION NO. 17

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there was and/or is a demand for the claimed invention of one or more claims of the asserted '832 patent.

## 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as

unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it seeks "all documents." Brazos objects to this

request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce documents related to the demand for claimed invention, to the extent such

documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update

its response as needed.

### 727 CASE REQUEST FOR PRODUCTION NO. 18

All documents that support or contradict, or otherwise relate to, any contention by
WSOU that there were and/or are no available, acceptable, noninfringing substitute products for
the claimed invention of one or more claims of the asserted '534 patent.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 18

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it

seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks

discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.,* Case

No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit

investigation noting that the Patent Case Management Judicial Guide produced by the Federal

Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request that are relevant to any claim or defense, to the extent that such documents and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 727 CASE REQUEST FOR PRODUCTION NO. 19

All documents and communications relating to the chain of ownership and/or assignment of the asserted '832 patent, including unredacted copies of such documents previously produced.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence, including because it seeks "all documents and

communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed agreements sufficient to identify Brazos's ownership of the

patent-in-suit, to the extent such documents exist and are within Brazos's possession, custody, or

control, and not subject to any privilege or immunity from production. Discovery is ongoing, and

Brazos reserves the right to amend and update its response as needed.

### 727 CASE REQUEST FOR PRODUCTION NO. 20

Documents sufficient to show the transfer of all rights relating to the asserted '832 patent
from its named inventor(s), through any intermediaries, to WSOU and/or the current holder of
the right, including the right to recover for past damages, and all documents and communications
relating to any of those documents, including unredacted copies of such documents previously
produced.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 727 CASE REQUEST FOR PRODUCTION NO. 21

Documents sufficient to show in full all encumbrances referenced in any of the agreements transferring any of the rights related to the asserted '832 patent from one entity to another, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any encumbrances on Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 727 CASE REQUEST FOR PRODUCTION NO. 22

Documents sufficient to show all security interests in or liens against the asserted '832 patent or related patents, whether individually or as part of a group of patents, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

## 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence, including because it seeks information relevant to patents

other than the patent-in-suit and because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed agreements sufficient to identify any security interests in or liens

against the patent-in-suit, to the extent that such documents exist and are within Brazos's

possession, custody, or control, and not subject to any privilege or immunity from production.

Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 727 CASE REQUEST FOR PRODUCTION NO. 23

All documents relating to prosecution of the asserted '832 patent and/or related patents, including any invention disclosures for them and their prosecution histories, applications, documents referenced on the face of or incorporated by reference in them, and/or documents regarding the payment of fees, including but not limited to maintenance fees, for them.

## 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as unduly

burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of

admissible evidence, including because it seeks "all documents" and information relevant to

patents other than the patent-in-suit. Brazos objects to this Request to the extent that it seeks

documents not within Brazos's possession, custody, or control. Brazos also objects to this

Request as seeking discovery for which the burden and expense is not proportional to the needs

to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has produced the publicly available file wrapper related to the patent-in-suit. Otherwise, Brazos responds that this information is as readily available to HPE as to Brazos. Brazos refers HPE to the Public Patent Application Information Retrieval System.

## 727 CASE REQUEST FOR PRODUCTION NO. 24

All documents and communications exchanged with any of the named inventors or others relating to the asserted '832 patent and/or related patents, and/or the inventions allegedly claimed by the asserted '832 patent and/or related patents.

## 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that

are not reasonably accessible because of burden or cost. Brazos objects to this Request to the

extent it is not temporally limited or seeks information for a time period that is not proportional

to the needs of the case and/or seeks to impose obligations beyond what is required by the

Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects

to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it seeks "all

documents" and information not relevant to this case or the patent-in-suit.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce documents and communications with any of the named inventors of the

patent-in-suit regarding this case or the patent-in-suit, to the extent that such documents exist and

are within Brazos's possession, custody, or control, and not subject to any privilege or immunity

from production. Discovery is ongoing, and Brazos reserves the right to amend and update its

response as needed.

### 727 CASE REQUEST FOR PRODUCTION NO. 25

All documents relating to the conception, reduction to practice, and/or diligence toward
reduction to practice of any asserted claim of the asserted '832 patent, including the individual
contributions made by each inventor, named or not.

### 727 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

### 728 CASE REQUESTS FOR PRODUCTION

### 728 CASE REQUEST FOR PRODUCTION NO. 1

All agreements, draft agreements, or proposed agreements between WSOU and any third party that grant or would grant rights under WSOU's asserted '056 patent and/or related patents, and all documents and communications relating thereto.

**728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Brazos incorporates its General Objections set forth above. Brazos objects to this request on the grounds that it is vague and ambiguous, including as to the phrases "proposed agreements," and "would grant rights." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all agreements, draft agreements, or proposed agreements" and "all documents and communications related thereto." Brazos further objects to this request as overly broad and unduly burdensome because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 2

Documents sufficient to show by calendar quarter the unit volumes, product revenues, and selling prices of licensed products sold by each licensee of WSOU's asserted '056 patent and/or related patents during the term of any license between WSOU and the licensee.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Brazos incorporates its General Objections set forth above. Brazos objects to this Request on the grounds that it is vague and ambiguous, including as to the term "licensed products." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request as seeking confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead

to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce any documents or information from licensees of the asserted patent relating to sales of licensed products, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 3

All documents and communications relating to negotiations between WSOU and any third party of actual or potential agreements that grant any rights under WSOU's asserted '056 patent and/or related patents, including but not limited to any correspondence, meetings, presentations, draft licensing agreements, term sheets, internal and external valuations of offers, reports, summaries of meetings, summaries of license terms, actual or anticipated payments, royalty audits, estimates, and WSOU internal documents.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "valuation of offers." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to

this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks documents and communications related to patents that have not been asserted in the above captioned cases. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not

subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves

the right to amend and update its response as needed.

## 728 CASE REQUEST FOR PRODUCTION NO. 4

All documents and communications that reference or discuss the terms under which
WSOU has offered, was willing to offer, or considered offering to license or authorize use of the
alleged inventions claimed in the asserted '056 patent and/or any related patents, including any
discussion of what constitutes a reasonable royalty rate for any such patents either individually or
in combination with other patents, and/or any discussion of the royalties or profits earned or
projected to be earned by WSOU from the licensing of any such patents either individually or in
combination with other patents.

## 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

as vague and ambiguous as to the phrase "was willing to offer, or considered offering." Brazos

objects to this Request to the extent it seeks information protected by the attorney-client

privilege, work product doctrine, common interest privilege, and/or any other applicable

privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business,

financial, proprietary, or sensitive information or trade secrets of third parties, including but not

limited to information that is subject to pre-existing protective order(s) and/or confidentiality

agreements. Brazos objects to this Request to the extent it calls for the production of ESI from

sources that are not reasonably accessible because of burden or cost. Brazos objects to this

Request to the extent it is not temporally limited or seeks information for a time period that is not

proportional to the needs of the case and/or seeks to impose obligations beyond what is required

by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos

objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it seeks "all

documents and communications" and because it seeks information related to patents other than

the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden

and expense is not proportional to the needs to this case and outweighs its likely benefit

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, and the relative importance

of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks

information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed licenses relating to the Patent-in-Suit, to the extent that such

documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to

amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 5

All documents relating to WSOU's business plans, analyses, or strategies for licensing
the asserted '056 patent, any related patents, or any portfolio of patents of which the asserted
'056 patent is a part.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

as vague and ambiguous as to the phrase "business plans." Brazos objects to this Request to the

extent it seeks information protected by the attorney-client privilege, work product doctrine,

common interest privilege, and/or other applicable privilege or immunity. Brazos objects to the

extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-*

*Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying

motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide

produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding

Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request.

### 728 Case Request for Production No. 6

All prior art (including but not limited to publications, public use or knowledge, prior sales or offers for sales, and any other category of prior art under 35 U.S.C. §§ 102 and 103) currently known to you or any of the named inventors relating to the subject matter claimed in the asserted '056 patent.

**728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all prior art" and because it seeks production of alleged prior art known to "any of the named inventors." Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request within its possession, custody, or control other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

**728 CASE REQUEST FOR PRODUCTION NO. 7**

All documents relating to the first sale and/or offer for sale of the alleged invention of any of the asserted claims of the asserted '056 patent, the first public use of the alleged invention of any of the asserted claims of the asserted '056 patent, and/or the first printed publication of the alleged invention of any of the asserted claims of the asserted '056 patent.

**728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it requires a legal conclusion regarding whether a particular sale, offer for sale, public use, or printed publication satisfies the elements of the claims of the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

**<u>728 CASE REQUEST FOR PRODUCTION NO. 8</u>**

All documents and communications wherein any claim of the asserted '056 patent was alleged to be invalid.

**<u>728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 8</u>**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced, and HPE's own pleadings and other documents in this case.

**<u>728 CASE REQUEST FOR PRODUCTION NO. 9</u>**

All documents and things supporting, refuting, or otherwise relating to whether secondary considerations or objective indicia probative of non-obviousness of any of the asserted claims of the asserted '056 patent exist.

**728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case. Brazos further objects to this Interrogatory as an improper attempt to shift the burden regarding invalidity, which is properly placed on HPE. *See Tech Licensing Corp. v. Videotek Inc*., 545 F.3d 1316, 1327 (Fed. Cir. 2008); *see also SFA Systems, LLC v. Amazon.com, Inc. et al, LLC* v. No. 6:11-CV-052-LED, Dkt. 400, at 2 (E.D. Tex. April 11, 2013). Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to

123

this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control, including documents within HPE's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to the publicly available prosecution file, which Brazos has produced, and to HPE's own documents (which should be produced by HPE) relating to: (1) the commercial success of HPE's infringing products; (2) demand for HPE's infringing products; (3) praise by others of HPE's infringing products; (4) recognition of the problem addressed by HPE's infringing products; and (5) copying of HPE's infringing products by HPE's competitors. Discovery is ongoing and Brazos reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 10

All documents and things supporting, refuting, or otherwise relating to your contention that HPE infringes the asserted '056 patent.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privilege or doctrine. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may

present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

## 728 CASE REQUEST FOR PRODUCTION NO. 11

Documents sufficient to show (i) each entity other than HPE you contend directly infringes the asserted '056 patent with HPE's accused products for that patent, (ii) the total number of HPE's accused products for that patent that entity purchases annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used, and (iii) the total number of HPE's accused products for that patent that entity uses annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used.

**728 C**ASE **R**ESPONSE TO **R**EQUEST FOR **P**RODUCTION **N**O. **11**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

## 728 CASE REQUEST FOR PRODUCTION NO. 12

All documents relating to any entity other than HPE directly infringing the asserted '056 patent with HPE's accused products for that patent.

## 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this

request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

## 728 CASE REQUEST FOR PRODUCTION NO. 13

All documents and things supporting, refuting, or otherwise relating to your contention that WSOU is due damages for HPE's alleged infringement of the asserted '056 patent.

## 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is

not temporally limited. Brazos objects to this Request to the extent it seeks information not

relevant to any issue, claims or defenses in these actions, not proportional to the needs of the

cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of

Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to

the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly

seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may

present at the trial of this matter. Brazos objects to this Request as unduly burdensome,

unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible

evidence, including because it seeks "all documents and things." Brazos objects to this Request

to the extent that it seeks documents or information not within Brazos's possession, custody, or

control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent

search that is proportional to the needs of the case and produce documents responsive to this

request, to the extent that such documents exist and are within Brazos possession, custody, or

control, and not subject to any privilege or immunity from production.

### 728 CASE REQUEST FOR PRODUCTION NO. 14

All documents related to valuations or analyses of WSOU's asserted '056 patent and/or
related patents, individually or collectively with other patents.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents

in its possession, custody, or control that are responsive to this request and relevant and proportional to the needs of the cases.

## 728 CASE REQUEST FOR PRODUCTION NO. 15

All documents regarding, forecasts of, and/or summaries of, a market or markets which include any products that WSOU contends practice the asserted '056 patent.

## 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the market demand for its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request, to the extent that such documents exist and are within its possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**728 CASE REQUEST FOR PRODUCTION NO. 16**

All documents related to the profitability of products that WSOU contends practice the asserted '056 patent, including documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the established profitability of products made under one or more claims of that patent, their commercial success, and/or their current popularity, and documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the portion of the profit that arises from the claimed invention of one or more claims of the asserted '056 patent, as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements added by another.

**728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the profitability of its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that

is proportional to the needs of the case and produce documents related to the profitability of the

accused products to the extent such documents exist and are within Brazos's possession, custody,

or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos

reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 17

All documents that support or contradict, or otherwise relate to, any contention by
WSOU that there was and/or is a demand for the claimed invention of one or more claims of the
asserted '056 patent.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to

the extent it improperly seeks to require Brazos to marshal all its available proof and limit the

evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this

request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com,*

*Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel

pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the

Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this

Request to the extent it calls for the production of ESI from sources that are not reasonably

accessible because of burden or cost. Brazos objects to this Request as seeking information not

relevant to any issue, claims or defenses in these actions, not proportional to the needs of the

cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of

Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as

unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it seeks "all documents." Brazos objects to this

request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce documents related to the demand for claimed invention, to the extent such

documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update

its response as needed.

### 728 Case Request for Production No. 18

All documents that support or contradict, or otherwise relate to, any contention by
WSOU that there were and/or are no available, acceptable, noninfringing substitute products for
the claimed invention of one or more claims of the asserted '534 patent.

### 728 Case Response to Request for Production No. 18

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it

seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks

discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.,* Case

No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit

investigation noting that the Patent Case Management Judicial Guide produced by the Federal

Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request that are relevant to any claim or defense, to the extent that such documents and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 19

All documents and communications relating to the chain of ownership and/or assignment of the asserted '056 patent, including unredacted copies of such documents previously produced.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence, including because it seeks "all documents and

communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed agreements sufficient to identify Brazos's ownership of the

patent-in-suit, to the extent such documents exist and are within Brazos's possession, custody, or

control, and not subject to any privilege or immunity from production. Discovery is ongoing, and

Brazos reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 20

Documents sufficient to show the transfer of all rights relating to the asserted '056 patent
from its named inventor(s), through any intermediaries, to WSOU and/or the current holder of
the right, including the right to recover for past damages, and all documents and communications
relating to any of those documents, including unredacted copies of such documents previously
produced.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 21

Documents sufficient to show in full all encumbrances referenced in any of the agreements transferring any of the rights related to the asserted '056 patent from one entity to another, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any encumbrances on Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 22

Documents sufficient to show all security interests in or liens against the asserted '056 patent or related patents, whether individually or as part of a group of patents, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence, including because it seeks information relevant to patents

other than the patent-in-suit and because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed agreements sufficient to identify any security interests in or liens

against the patent-in-suit, to the extent that such documents exist and are within Brazos's

possession, custody, or control, and not subject to any privilege or immunity from production.

Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**728 CASE REQUEST FOR PRODUCTION NO. 23**

All documents relating to prosecution of the asserted '056 patent and/or related patents, including any invention disclosures for them and their prosecution histories, applications, documents referenced on the face of or incorporated by reference in them, and/or documents regarding the payment of fees, including but not limited to maintenance fees, for them.

**728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as unduly

burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of

admissible evidence, including because it seeks "all documents" and information relevant to

patents other than the patent-in-suit. Brazos objects to this Request to the extent that it seeks

documents not within Brazos's possession, custody, or control. Brazos also objects to this

Request as seeking discovery for which the burden and expense is not proportional to the needs

to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has produced the publicly available file wrapper related to the patent-in-suit. Otherwise, Brazos responds that this information is as readily available to HPE as to Brazos. Brazos refers HPE to the Public Patent Application Information Retrieval System.

## 728 CASE REQUEST FOR PRODUCTION NO. 24

All documents and communications exchanged with any of the named inventors or others relating to the asserted '056 patent and/or related patents, and/or the inventions allegedly claimed by the asserted '056 patent and/or related patents.

## 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that

140

are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information not relevant to this case or the patent-in-suit.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents and communications with any of the named inventors of the patent-in-suit regarding this case or the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 728 CASE REQUEST FOR PRODUCTION NO. 25

All documents relating to the conception, reduction to practice, and/or diligence toward reduction to practice of any asserted claim of the asserted '056 patent, including the individual contributions made by each inventor, named or not.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development,*

*LLC v. 1-800-Flowers.com, Inc*., Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013)

(denying motion to compel pre-suit investigation noting that the Patent Case Management

Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery

Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such

discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from

sources that are not reasonably accessible because of burden or cost. Brazos objects to this

Request to the extent it is not temporally limited or seeks information for a time period that is not

proportional to the needs of the case and/or seeks to impose obligations beyond what is required

by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos

objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not

reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this

Request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this request within its

possession, custody, or control.

## 728 CASE REQUEST FOR PRODUCTION NO. 26

All documents relating to any statement, commitment, disclosure of essentiality or
potential essentiality, notices of refusal, letters of assurance, licensing declarations, or obligation
on the part of WSOU or any prior owner of the asserted '056 patent and/or a related patent to
abide by RAND licensing terms with respect to that patent and/or related patents, including but
not limited to any documents relating to whether WSOU or any prior owner of the asserted
patent and/or a related patent disclosed the patent/related patent to any SSO and/or complied or
did not comply with its RAND commitment with regard to the patent/related patent.

**728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, and the relative of importance of the discovery in resolving the issues. Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request within its possession, custody, or control.

### 728 CASE REQUEST FOR PRODUCTION NO. 27

All documents and communications reflecting discussion or consideration by any SSO, or its members, of any of the asserted '056 patent and/or any related patent, including without limitation (i) any submissions to technical working groups or other documents reflecting participation by WSOU or any prior owner of the patent in SSO meetings; (ii) all documents that support or contradict, or otherwise relate to, any contention by WSOU that any SSO standards are based upon the claimed invention of any claim of any asserted patent; and (iii) all documents that support or contradict, or otherwise relate to, any contention by WSOU that information regarding the claimed invention of any claim of any asserted patent was relied upon to develop any SSO standards.

### 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 27

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is

not temporally limited or seeks information for a time period that is not proportional to the needs

of the case. Brazos objects to this Request to the extent it seeks information not relevant to any

issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or

seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure,

the Local Rules, and any other applicable law. . Brazos objects to this Request to the extent it is

unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it seeks "all documents" and information relevant to

patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for

which the burden and expense is not proportional to the needs to this case and outweighs its

likely benefit considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, and the

relative of importance of the discovery in resolving the issues. Brazos objects to this Request as

seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this request within its

possession, custody, or control.

## 728 CASE REQUEST FOR PRODUCTION NO. 28

All documents referring or relating to any intellectual property rights policies, patent
disclosure policies, or RAND-licensing policies of any SSO related to the asserted '056 patent,
or any subgroups or participating organizations of such SSO.

## 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

145

doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc*., Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the

discovery in resolving the issues. Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

## 728 CASE REQUEST FOR PRODUCTION NO. 29

All documents relating to any discussion or consideration by WSOU or any other person of whether license terms offered or sought in respect of the asserted '056 patent, whether individually or as part of any group of patents, were subject to RAND obligations and, if so, whether they met or did not meet those RAND obligations, including any actual or potential discrimination between licensees.

## 728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 29

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this request as vague and ambiguous as to "sought in respect of the asserted '056 patent." Brazos objects to this request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties,

147

including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the cases. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues. Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

### 728 CASE REQUEST FOR PRODUCTION NO. 30

All documents referring or relating to any analysis, assessment, or evaluation conducted by you or on your behalf, or of which you are aware, relating to the extent to which the asserted '056 patent is or may be essential or necessary to implementation of any portion of any SSO

standards at issue, including without limitation any analysis of the relevance, relative importance, relative significance, or contribution of that patent (including the asserted patent and/or related patents) to any SSO standards at issue.

**728 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the cases. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this Request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the

needs to this case and outweighs its likely benefit considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, and the relative of importance of the discovery in resolving the issues.

Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and

not reasonably calculated to lead to the discovery of admissible evidence, including because it

seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos

objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this request within its

possession, custody, or control.

### 729 CASE REQUESTS FOR PRODUCTION

### 729 CASE REQUEST FOR PRODUCTION NO. 1

All agreements, draft agreements, or proposed agreements between WSOU and any third
party that grant or would grant rights under WSOU's asserted '729 patent and/or related patents,
and all documents and communications relating thereto.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this request

on the grounds that it is vague and ambiguous, including as to the phrases "proposed

agreements," and "would grant rights." Brazos objects to this Request to the extent it seeks

information protected by the attorney-client privilege, work product doctrine, common interest

privilege, and/or other applicable privilege or immunity. Brazos objects to this Request to the

extent it seeks confidential business, financial, proprietary, or sensitive information or trade

secrets of third parties, including but not limited to information that is subject to pre-existing

protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all agreements, draft agreements, or proposed agreements" and "all documents and communications related thereto." Brazos further objects to this request as overly broad and unduly burdensome because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**729 C**ASE **R**EQUEST FOR **P**RODUCTION **N**O**. 2**

Documents sufficient to show by calendar quarter the unit volumes, product revenues, and selling prices of licensed products sold by each licensee of WSOU's asserted '729 patent and/or related patents during the term of any license between WSOU and the licensee.

**729 C**ASE **R**ESPONSE TO **R**EQUEST FOR **P**RODUCTION **N**O**. 2**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request on the grounds that it is vague and ambiguous, including as to the term "licensed products." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request as seeking confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce any documents or information from licensees of the asserted patent relating to sales of licensed products, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**729 CASE REQUEST FOR PRODUCTION NO. 3**

All documents and communications relating to negotiations between WSOU and any third party of actual or potential agreements that grant any rights under WSOU's asserted '729 patent and/or related patents, including but not limited to any correspondence, meetings, presentations, draft licensing agreements, term sheets, internal and external valuations of offers, reports, summaries of meetings, summaries of license terms, actual or anticipated payments, royalty audits, estimates, and WSOU internal documents.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "valuation of offers." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil

Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks documents and communications related to patents that have not been asserted in the above captioned cases. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 729 CASE REQUEST FOR PRODUCTION NO. 4

All documents and communications that reference or discuss the terms under which WSOU has offered, was willing to offer, or considered offering to license or authorize use of the alleged inventions claimed in the asserted '729 patent and/or any related patents, including any discussion of what constitutes a reasonable royalty rate for any such patents either individually or in combination with other patents, and/or any discussion of the royalties or profits earned or projected to be earned by WSOU from the licensing of any such patents either individually or in combination with other patents.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "was willing to offer, or considered offering." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed licenses relating to the Patent-in-Suit, to the extent that such

documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to

amend and update its response as needed.

### 729 CASE REQUEST FOR PRODUCTION NO. 5

All documents relating to WSOU's business plans, analyses, or strategies for licensing the asserted '729 patent, any related patents, or any portfolio of patents of which the asserted '729 patent is a part.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

as vague and ambiguous as to the phrase "business plans." Brazos objects to this Request to the

extent it seeks information protected by the attorney-client privilege, work product doctrine,

common interest privilege, and/or other applicable privilege or immunity. Brazos objects to the

extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-*

*Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying

motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide

produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding

Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery.").

Brazos objects to this Request to the extent it calls for the production of ESI from sources that

are not reasonably accessible because of burden or cost. Brazos objects to this Request to the

extent it is not temporally limited or seeks information for a time period that is not proportional

to the needs of the case and/or seeks to impose obligations beyond what is required by the

Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects

to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead

to the discovery of admissible evidence, including because it seeks "all documents" and because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request.

### 729 Case Request for Production No. 6

All prior art (including but not limited to publications, public use or knowledge, prior sales or offers for sales, and any other category of prior art under 35 U.S.C. §§ 102 and 103) currently known to you or any of the named inventors relating to the subject matter claimed in the asserted '729 patent.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs

of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of

Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as

unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it seeks "all prior art" and because it seeks production

of alleged prior art known to "any of the named inventors." Brazos also objects to this Request as

seeking discovery for which the burden and expense is not proportional to the needs to this case

and outweighs its likely benefit considering the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the parties'

resources, and the relative importance of the discovery in resolving the issues. Brazos objects to

this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this Request within its

possession, custody, or control other than the publicly available prosecution history for the

patent-in-suit, which Brazos has produced.

### 729 CASE REQUEST FOR PRODUCTION NO. 7

All documents relating to the first sale and/or offer for sale of the alleged invention of
any of the asserted claims of the asserted '729 patent, the first public use of the alleged invention
of any of the asserted claims of the asserted '729 patent, and/or the first printed publication of the
alleged invention of any of the asserted claims of the asserted '729 patent.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it requires a legal conclusion regarding whether a particular sale, offer for sale, public use, or printed publication satisfies the elements of the claims of the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

**729 CASE REQUEST FOR PRODUCTION NO. 8**

All documents and communications wherein any claim of the asserted '729 patent was alleged to be invalid.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence, including because it seeks "all documents and

communications." Brazos objects to this Request to the extent that it seeks documents or

information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows: Based on its understanding of the request and after a reasonably

proportional search and review of relevant documents, Brazos has no documents responsive to

this Request other than the publicly available prosecution history for the patent-in-suit, which

Brazos has produced, and HPE's own pleadings and other documents in this case.

## 729 CASE REQUEST FOR PRODUCTION NO. 9

All documents and things supporting, refuting, or otherwise relating to whether
secondary considerations or objective indicia probative of non-obviousness of any of the asserted
claims of the asserted '729 patent exist.

## 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent

that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it

seeks information that is properly the subject of expert reports before the deadline for such

disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case. Brazos further objects to this Interrogatory as an improper attempt to shift the burden regarding invalidity, which is properly placed on HPE. *See Tech Licensing Corp. v. Videotek Inc*., 545 F.3d 1316, 1327 (Fed. Cir. 2008); *see also SFA Systems, LLC v. Amazon.com, Inc. et al, LLC* v. No. 6:11-CV-052-LED, Dkt. 400, at 2 (E.D. Tex. April 11, 2013). Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control, including documents within HPE's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to the publicly available prosecution file, which Brazos has produced, and to HPE's own documents (which should be produced by HPE) relating to: (1) the commercial success of HPE's infringing products; (2) demand for HPE's infringing products; (3) praise by others of

HPE's infringing products; (4) recognition of the problem addressed by HPE's infringing

products; and (5) copying of HPE's infringing products by HPE's competitors. Discovery is

ongoing and Brazos reserves the right to amend and update its response as needed.

**729 CASE REQUEST FOR PRODUCTION NO. 10**

All documents and things supporting, refuting, or otherwise relating to your contention
that HPE infringes the asserted '729 patent.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, the work product

doctrine, and/or other applicable privilege or doctrine. Brazos objects to this Request to the

extent it calls for the production of ESI from sources that are not reasonably accessible because

of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue,

claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to

impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local

Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly

seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may

present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-

suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248,

Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting

that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009

ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the

"best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome,

unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible

evidence, including because it seeks "all documents and things." Brazos objects to this Request

to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

**729 CASE REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to show (i) each entity other than HPE you contend directly infringes the asserted '729 patent with HPE's accused products for that patent, (ii) the total number of HPE's accused products for that patent that entity purchases annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used, and (iii) the total number of HPE's accused products for that patent that entity uses annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

163

information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

### 729 CASE REQUEST FOR PRODUCTION NO. 12

All documents relating to any entity other than HPE directly infringing the asserted '729 patent with HPE's accused products for that patent.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

### 729 CASE REQUEST FOR PRODUCTION NO. 13

All documents and things supporting, refuting, or otherwise relating to your contention that WSOU is due damages for HPE's alleged infringement of the asserted '729 patent.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome,

unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request, to the extent that such documents exist and are within Brazos possession, custody, or control, and not subject to any privilege or immunity from production.

### 729 CASE REQUEST FOR PRODUCTION NO. 14

All documents related to valuations or analyses of WSOU's asserted '729 patent and/or related patents, individually or collectively with other patents.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose

obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request and relevant and proportional to the needs of the cases.

### 729 CASE REQUEST FOR PRODUCTION NO. 15

All documents regarding, forecasts of, and/or summaries of, a market or markets which include any products that WSOU contends practice the asserted '729 patent.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it

seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to

require Brazos to marshal all its available proof and limit the evidence that Brazos may present at

the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily

broad, and not reasonably calculated to lead to the discovery of admissible evidence, including

because it seeks "all documents."

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos refers HPE to its own documents concerning the market demand for its infringing

products, which HPE should produce. Brazos will conduct a reasonable and diligent search that

is proportional to the needs of the case and produce documents responsive to this request, to the

extent that such documents exist and are within its possession, custody, or control, and not

subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves

the right to amend and update its response as needed.

## 729 CASE REQUEST FOR PRODUCTION NO. 16

All documents related to the profitability of products that WSOU contends practice the
asserted '729 patent, including documents that support or contradict, or otherwise relate to, any
contention by WSOU regarding the established profitability of products made under one or more
claims of that patent, their commercial success, and/or their current popularity, and documents
that support or contradict, or otherwise relate to, any contention by WSOU regarding the portion
of the profit that arises from the claimed invention of one or more claims of the asserted '729
patent, as opposed to profit arising from unpatented features, such as the manufacturing process,
business risks, or significant features or improvements added by another.

## 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the profitability of its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the profitability of the accused products to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 729 CASE REQUEST FOR PRODUCTION NO. 17

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there was and/or is a demand for the claimed invention of one or more claims of the asserted '729 patent.

## 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the demand for claimed invention, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update

its response as needed.

**729 CASE REQUEST FOR PRODUCTION NO. 18**

All documents that support or contradict, or otherwise relate to, any contention by
WSOU that there were and/or are no available, acceptable, noninfringing substitute products for
the claimed invention of one or more claims of the asserted '534 patent.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it

seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks

discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.,* Case

No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit

investigation noting that the Patent Case Management Judicial Guide produced by the Federal

Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this

Request to the extent it improperly seeks to require Brazos to marshal all its available proof and

limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence, including because it seeks "all documents." Brazos objects to

this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request that are relevant to any claim or defense, to the extent that such documents and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 729 CASE REQUEST FOR PRODUCTION NO. 19

All documents and communications relating to the chain of ownership and/or assignment of the asserted '729 patent, including unredacted copies of such documents previously produced.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 729 CASE REQUEST FOR PRODUCTION NO. 20

Documents sufficient to show the transfer of all rights relating to the asserted '729 patent from its named inventor(s), through any intermediaries, to WSOU and/or the current holder of the right, including the right to recover for past damages, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed agreements sufficient to identify Brazos's ownership of the

patent-in-suit, to the extent that such documents exist and are within Brazos's possession,

custody, or control, and not subject to any privilege or immunity from production. Discovery is

ongoing, and Brazos reserves the right to amend and update its response as needed.

### 729 CASE REQUEST FOR PRODUCTION NO. 21

Documents sufficient to show in full all encumbrances referenced in any of the
agreements transferring any of the rights related to the asserted '729 patent from one entity to
another, and all documents and communications relating to any of those documents, including
unredacted copies of such documents previously produced.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence, including because it seeks "all documents and

communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any encumbrances on Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 729 CASE REQUEST FOR PRODUCTION NO. 22

Documents sufficient to show all security interests in or liens against the asserted '729 patent or related patents, whether individually or as part of a group of patents, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit and because it seeks "all documents and communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any security interests in or liens against the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 729 CASE REQUEST FOR PRODUCTION NO. 23

All documents relating to prosecution of the asserted '729 patent and/or related patents, including any invention disclosures for them and their prosecution histories, applications, documents referenced on the face of or incorporated by reference in them, and/or documents regarding the payment of fees, including but not limited to maintenance fees, for them.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has produced the publicly available file wrapper related to the patent-in-suit. Otherwise, Brazos responds that this information is as readily available to HPE as to Brazos. Brazos refers HPE to the Public Patent Application Information Retrieval System.

**729 CASE REQUEST FOR PRODUCTION NO. 24**

All documents and communications exchanged with any of the named inventors or others relating to the asserted '729 patent and/or related patents, and/or the inventions allegedly claimed by the asserted '729 patent and/or related patents.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the

Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information not relevant to this case or the patent-in-suit.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents and communications with any of the named inventors of the patent-in-suit regarding this case or the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 729 CASE REQUEST FOR PRODUCTION NO. 25

All documents relating to the conception, reduction to practice, and/or diligence toward reduction to practice of any asserted claim of the asserted '729 patent, including the individual contributions made by each inventor, named or not.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013)

(denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

### 729 CASE REQUEST FOR PRODUCTION NO. 28

All documents relating to any statement, commitment, disclosure of essentiality or potential essentiality, notices of refusal, letters of assurance, licensing declarations, or obligation on the part of WSOU or any prior owner of the asserted '729 patent and/or a related patent to abide by RAND licensing terms with respect to that patent and/or related patents, including but not limited to any documents relating to whether WSOU or any prior owner of the asserted patent and/or a related patent disclosed the patent/related patent to any SSO and/or complied or did not comply with its RAND commitment with regard to the patent/related patent.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving

the issues. Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request within its possession, custody, or control.

### 729 CASE REQUEST FOR PRODUCTION NO. 29

All documents and communications reflecting discussion or consideration by any SSO, or its members, of any of the asserted '729 patent and/or any related patent, including without limitation (i) any submissions to technical working groups or other documents reflecting participation by WSOU or any prior owner of the patent in SSO meetings; (ii) all documents that support or contradict, or otherwise relate to, any contention by WSOU that any SSO standards are based upon the claimed invention of any claim of any asserted patent; and (iii) all documents that support or contradict, or otherwise relate to, any contention by WSOU that information regarding the claimed invention of any claim of any asserted patent was relied upon to develop any SSO standards.

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 29

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs

of the case. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. . Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues. Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

**729 CASE REQUEST FOR PRODUCTION NO. 30**

All documents referring or relating to any intellectual property rights policies, patent disclosure policies, or RAND-licensing policies of any SSO related to the asserted '729 patent, or any subgroups or participating organizations of such SSO.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos

objects to this request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc*., Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the

discovery in resolving the issues. Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

## 729 CASE REQUEST FOR PRODUCTION NO. 31

All documents relating to any discussion or consideration by WSOU or any other person of whether license terms offered or sought in respect of the asserted '729 patent, whether individually or as part of any group of patents, were subject to RAND obligations and, if so, whether they met or did not meet those RAND obligations, including any actual or potential discrimination between licensees.

## 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 31

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this request as vague and ambiguous as to "sought in respect of the asserted '729 patent." Brazos objects to this request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc*., Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties,

including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the cases. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues. Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

## 729 CASE REQUEST FOR PRODUCTION NO. 32

All documents referring or relating to any analysis, assessment, or evaluation conducted by you or on your behalf, or of which you are aware, relating to the extent to which the asserted '729 patent is or may be essential or necessary to implementation of any portion of any SSO

standards at issue, including without limitation any analysis of the relevance, relative importance, relative significance, or contribution of that patent (including the asserted patent and/or related patents) to any SSO standards at issue.

## 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 32

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the cases. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this Request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the

needs to this case and outweighs its likely benefit considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, and the relative of importance of the discovery in resolving the issues.

Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and

not reasonably calculated to lead to the discovery of admissible evidence, including because it

seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos

objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this request within its

possession, custody, or control.

### 729 CASE REQUEST FOR PRODUCTION NO. 26

Documents sufficient to show each entity you contend actually uses the ERPS feature of
the accused products that you accuse of infringement in your infringement contentions for the
asserted '729 patent, and quantification of the amount of infringement for each entity (number of
units of accused products used by that entity in which the ERPS feature is ever used compared to
the total units used, and percent of the time they are so used compared to total usage).

### 729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 26

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is

not temporally limited or seeks information for a time period that is not proportional to the needs

of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of

Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

**729 CASE REQUEST FOR PRODUCTION NO. 27**

All documents relating to any entity (HPE or any entity other than HPE) actually uses the ERPS feature of the accused products that you accuse of infringement in your infringement contentions for the asserted '729 patent.

**729 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

189

objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to

Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

## 730 CASE REQUESTS FOR PRODUCTION

### 730 CASE REQUEST FOR PRODUCTION NO. 1

All agreements, draft agreements, or proposed agreements between WSOU and any third party that grant or would grant rights under WSOU's asserted '774 patent and/or related patents, and all documents and communications relating thereto.

### 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this request on the grounds that it is vague and ambiguous, including as to the phrases "proposed agreements," and "would grant rights." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all agreements, draft agreements, or proposed agreements"

and "all documents and communications related thereto." Brazos further objects to this request as

overly broad and unduly burdensome because it seeks documents and information related to

patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for

which the burden and expense is not proportional to the needs to this case and outweighs its

likely benefit considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, and the

relative importance of the discovery in resolving the issues. Brazos objects to this request to the

extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed agreements or licenses relating to the patent-in-suit, to the extent

that such documents exist and are within Brazos's possession, custody, or control, and not

subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves

the right to amend and update its response as needed.

**730 CASE REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to show by calendar quarter the unit volumes, product revenues,
and selling prices of licensed products sold by each licensee of WSOU's asserted '774 patent
and/or related patents during the term of any license between WSOU and the licensee.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

on the grounds that it is vague and ambiguous, including as to the term "licensed products."

Brazos objects to this Request to the extent it seeks information protected by the attorney-client

privilege, work product doctrine, common interest privilege, and/or any other applicable

privilege or immunity. Brazos objects to this Request as seeking confidential business, financial,

proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce any documents or information from licensees of the asserted patent relating to sales of licensed products, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**730 CASE REQUEST FOR PRODUCTION NO. 3**

All documents and communications relating to negotiations between WSOU and any third party of actual or potential agreements that grant any rights under WSOU's asserted '774 patent and/or related patents, including but not limited to any correspondence, meetings, presentations, draft licensing agreements, term sheets, internal and external valuations of offers, reports, summaries of meetings, summaries of license terms, actual or anticipated payments, royalty audits, estimates, and WSOU internal documents.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "valuation of offers." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks documents and communications related to patents that have not been asserted in the above captioned cases. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 730 CASE REQUEST FOR PRODUCTION NO. 4

All documents and communications that reference or discuss the terms under which WSOU has offered, was willing to offer, or considered offering to license or authorize use of the alleged inventions claimed in the asserted '774 patent and/or any related patents, including any discussion of what constitutes a reasonable royalty rate for any such patents either individually or in combination with other patents, and/or any discussion of the royalties or profits earned or projected to be earned by WSOU from the licensing of any such patents either individually or in combination with other patents.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "was willing to offer, or considered offering." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from

sources that are not reasonably accessible because of burden or cost. Brazos objects to this

Request to the extent it is not temporally limited or seeks information for a time period that is not

proportional to the needs of the case and/or seeks to impose obligations beyond what is required

by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos

objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it seeks "all

documents and communications" and because it seeks information related to patents other than

the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden

and expense is not proportional to the needs to this case and outweighs its likely benefit

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, and the relative importance

of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks

information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed licenses relating to the Patent-in-Suit, to the extent that such

documents exist and are within Brazos's possession, custody, or control, and not subject to any

privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to

amend and update its response as needed.

### 730 CASE REQUEST FOR PRODUCTION NO. 5

All documents relating to WSOU's business plans, analyses, or strategies for licensing
the asserted '774 patent, any related patents, or any portfolio of patents of which the asserted
'774 patent is a part.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "business plans." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request.

### 730 Case Request for Production No. 6

All prior art (including but not limited to publications, public use or knowledge, prior sales or offers for sales, and any other category of prior art under 35 U.S.C. §§ 102 and 103) currently known to you or any of the named inventors relating to the subject matter claimed in the asserted '774 patent.

### 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all prior art" and because it seeks production of alleged prior art known to "any of the named inventors." Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request within its possession, custody, or control other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

## 730 CASE REQUEST FOR PRODUCTION NO. 7

All documents relating to the first sale and/or offer for sale of the alleged invention of any of the asserted claims of the asserted '774 patent, the first public use of the alleged invention of any of the asserted claims of the asserted '774 patent, and/or the first printed publication of the alleged invention of any of the asserted claims of the asserted '774 patent.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it requires a legal conclusion regarding whether a particular sale, offer for sale,

public use, or printed publication satisfies the elements of the claims of the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

**730 CASE REQUEST FOR PRODUCTION NO. 8**

All documents and communications wherein any claim of the asserted '774 patent was alleged to be invalid.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows: Based on its understanding of the request and after a reasonably

proportional search and review of relevant documents, Brazos has no documents responsive to

this Request other than the publicly available prosecution history for the patent-in-suit, which

Brazos has produced, and HPE's own pleadings and other documents in this case.

### 730 CASE REQUEST FOR PRODUCTION NO. 9

All documents and things supporting, refuting, or otherwise relating to whether
secondary considerations or objective indicia probative of non-obviousness of any of the asserted
claims of the asserted '774 patent exist.

### 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent

that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it

seeks information that is properly the subject of expert reports before the deadline for such

disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business,

financial, proprietary, or sensitive information or trade secrets of third parties, including but not

limited to information that is subject to pre-existing protective order(s) and/or confidentiality

agreements. Brazos objects to this Interrogatory to the extent that it seeks information not within

Brazos's possession, custody, or control, including information that is within the possession,

custody, or control of HPE that has not yet been produced in this case. Brazos further objects to

this Interrogatory as an improper attempt to shift the burden regarding invalidity, which is

properly placed on HPE. *See Tech Licensing Corp. v. Videotek Inc*., 545 F.3d 1316, 1327 (Fed.

Cir. 2008); *see also SFA Systems, LLC v. Amazon.com, Inc. et al, LLC* v. No. 6:11-CV-052-LED, Dkt. 400, at 2 (E.D. Tex. April 11, 2013). Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control, including documents within HPE's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to the publicly available prosecution file, which Brazos has produced, and to HPE's own documents (which should be produced by HPE) relating to: (1) the commercial success of HPE's infringing products; (2) demand for HPE's infringing products; (3) praise by others of HPE's infringing products; (4) recognition of the problem addressed by HPE's infringing products; and (5) copying of HPE's infringing products by HPE's competitors. Discovery is ongoing and Brazos reserves the right to amend and update its response as needed.

## 730 CASE REQUEST FOR PRODUCTION NO. 10

All documents and things supporting, refuting, or otherwise relating to your contention that HPE infringes the asserted '774 patent.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product

doctrine, and/or other applicable privilege or doctrine. Brazos objects to this Request to the

extent it calls for the production of ESI from sources that are not reasonably accessible because

of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue,

claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to

impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local

Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly

seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may

present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-

suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248,

Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting

that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009

ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the

"best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome,

unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible

evidence, including because it seeks "all documents and things." Brazos objects to this Request

to the extent that it seeks documents or information not within Brazos's possession, custody, or

control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and

after a reasonably proportional search and review of relevant documents, Brazos refers HPE to

Brazos's Complaint (and any amendments thereto) and infringement contentions (and any

amendments thereto) and to HPE's own documents relating to its infringing products. Brazos

will produce other documents responsive to this request that it intends to rely on to prove

infringement, to the extent not publicly available or already in HPE's possession.

## 730 CASE REQUEST FOR PRODUCTION NO. 11

Documents sufficient to show (i) each entity other than HPE you contend directly
infringes the asserted '774 patent with HPE's accused products for that patent, (ii) the total
number of HPE's accused products for that patent that entity purchases annually and the
percentage of that total used in an infringing manner and the percent of their total usage for
which they are so used, and (iii) the total number of HPE's accused products for that patent that
entity uses annually and the percentage of that total used in an infringing manner and the percent
of their total usage for which they are so used.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this

Request to the extent it improperly seeks to require Brazos to marshal all its available proof and

limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent

this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-*

*Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying

motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide

produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding

Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery.").

Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably

calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the

extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and

after a reasonably proportional search and review of relevant documents, Brazos refers HPE to

Brazos's Complaint (and any amendments thereto) and infringement contentions (and any

amendments thereto) and to HPE's own documents relating to its infringing products. Brazos

will produce other documents responsive to this request that it intends to rely on to prove

infringement, to the extent not publicly available or already in HPE's possession.

## 730 CASE REQUEST FOR PRODUCTION NO. 12

All documents relating to any entity other than HPE directly infringing the asserted '774
patent with HPE's accused products for that patent.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is

not temporally limited. Brazos objects to this Request to the extent it seeks information not

relevant to any issue, claims or defenses in these actions, not proportional to the needs of the

cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of

Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to

the extent it improperly seeks to require Brazos to marshal all its available proof and limit the

evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this

request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com,*

*Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel

pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the

Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this

Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks

documents or information not within Brazos's possession, custody, or control.

     Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

     This request is premature. Nevertheless, based on its understanding of the request and

after a reasonably proportional search and review of relevant documents, Brazos refers HPE to

Brazos's Complaint (and any amendments thereto) and infringement contentions (and any

amendments thereto) and to HPE's own documents relating to its infringing products. Brazos

will produce other documents responsive to this request that it intends to rely on to prove

infringement, to the extent not publicly available or already in HPE's possession.

**730 CASE REQUEST FOR PRODUCTION NO. 13**

All documents and things supporting, refuting, or otherwise relating to your contention that WSOU is due damages for HPE's alleged infringement of the asserted '774 patent.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this

request, to the extent that such documents exist and are within Brazos possession, custody, or control, and not subject to any privilege or immunity from production.

## 730 CASE REQUEST FOR PRODUCTION NO. 14

All documents related to valuations or analyses of WSOU's asserted '774 patent and/or related patents, individually or collectively with other patents.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible

evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request and relevant and proportional to the needs of the cases.

## 730 CASE REQUEST FOR PRODUCTION NO. 15

All documents regarding, forecasts of, and/or summaries of, a market or markets which include any products that WSOU contends practice the asserted '774 patent.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the market demand for its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request, to the extent that such documents exist and are within its possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 730 CASE REQUEST FOR PRODUCTION NO. 16

All documents related to the profitability of products that WSOU contends practice the asserted '774 patent, including documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the established profitability of products made under one or more claims of that patent, their commercial success, and/or their current popularity, and documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the portion of the profit that arises from the claimed invention of one or more claims of the asserted '774 patent, as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements added by another.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all

documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the profitability of its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the profitability of the accused products to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 730 CASE REQUEST FOR PRODUCTION NO. 17

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there was and/or is a demand for the claimed invention of one or more claims of the asserted '774 patent.

### 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the demand for claimed invention, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 730 CASE REQUEST FOR PRODUCTION NO. 18

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there were and/or are no available, acceptable, noninfringing substitute products for the claimed invention of one or more claims of the asserted '534 patent.

### 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 18

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.,* Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request that are relevant to any claim or defense, to the extent that such documents and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 730 CASE REQUEST FOR PRODUCTION NO. 19

All documents and communications relating to the chain of ownership and/or assignment of the asserted '774 patent, including unredacted copies of such documents previously produced.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**730 CASE REQUEST FOR PRODUCTION NO. 20**

Documents sufficient to show the transfer of all rights relating to the asserted '774 patent from its named inventor(s), through any intermediaries, to WSOU and/or the current holder of the right, including the right to recover for past damages, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**730 CASE REQUEST FOR PRODUCTION NO. 21**

Documents sufficient to show in full all encumbrances referenced in any of the agreements transferring any of the rights related to the asserted '774 patent from one entity to another, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any encumbrances on Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**730 CASE REQUEST FOR PRODUCTION NO. 22**

Documents sufficient to show all security interests in or liens against the asserted '774 patent or related patents, whether individually or as part of a group of patents, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit and because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any security interests in or liens against the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**730 CASE REQUEST FOR PRODUCTION NO. 23**

All documents relating to prosecution of the asserted '774 patent and/or related patents, including any invention disclosures for them and their prosecution histories, applications, documents referenced on the face of or incorporated by reference in them, and/or documents regarding the payment of fees, including but not limited to maintenance fees, for them.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has produced the publicly available file wrapper related to the patent-in-suit. Otherwise, Brazos responds that this information is as readily available to HPE as to Brazos. Brazos refers HPE to the Public Patent Application Information Retrieval System.

**730 CASE REQUEST FOR PRODUCTION NO. 24**

All documents and communications exchanged with any of the named inventors or others relating to the asserted '774 patent and/or related patents, and/or the inventions allegedly claimed by the asserted '774 patent and/or related patents.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information not relevant to this case or the patent-in-suit.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents and communications with any of the named inventors of the

patent-in-suit regarding this case or the patent-in-suit, to the extent that such documents exist and

are within Brazos's possession, custody, or control, and not subject to any privilege or immunity

from production. Discovery is ongoing, and Brazos reserves the right to amend and update its

response as needed.

**730 CASE REQUEST FOR PRODUCTION NO. 25**

All documents relating to the conception, reduction to practice, and/or diligence toward
reduction to practice of any asserted claim of the asserted '774 patent, including the individual
contributions made by each inventor, named or not.

**730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development,*

*LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013)

(denying motion to compel pre-suit investigation noting that the Patent Case Management

Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery

Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such

discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from

sources that are not reasonably accessible because of burden or cost. Brazos objects to this

Request to the extent it is not temporally limited or seeks information for a time period that is not

proportional to the needs of the case and/or seeks to impose obligations beyond what is required

by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos

objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not

reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this

Request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this request within its

possession, custody, or control.

### 730 Case Request for Production No. 26

Documents sufficient to show each entity you contend actually configures the accused
products that you accuse of infringement in your infringement contentions for the asserted '774
patent to operate in the Active Gateway Configuration that you contend infringes that patent, and
quantification of the amount of infringement for each entity (number of units of accused products
used by that entity that are ever configured in the Active Gateway Configuration compared to the
total units used, and percent of the time they are so configured compared to total usage).

### 730 Case Response to Request for Production No. 26

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is

not temporally limited or seeks information for a time period that is not proportional to the needs

of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of

Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to

the extent it improperly seeks to require Brazos to marshal all its available proof and limit the

evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this

request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

## 730 CASE REQUEST FOR PRODUCTION NO. 27

All documents relating to any entity (HPE or any entity other than HPE) actually configuring the accused products that you accuse of infringement in your infringement contentions for the asserted '774 patent to operate in the Active Gateway Configuration that you contend infringes that patent.

## 730 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 27

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to

Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

### 783 CASE REQUESTS FOR PRODUCTION

### 783 CASE REQUEST FOR PRODUCTION NO. 1

All agreements, draft agreements, or proposed agreements between WSOU and any third party that grant or would grant rights under WSOU's asserted '629 patent and/or related patents, and all documents and communications relating thereto.

### 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Brazos incorporates its General Objections set forth above. Brazos objects to this request on the grounds that it is vague and ambiguous, including as to the phrases "proposed agreements," and "would grant rights." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all agreements, draft agreements, or proposed agreements"

and "all documents and communications related thereto." Brazos further objects to this request as

overly broad and unduly burdensome because it seeks documents and information related to

patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for

which the burden and expense is not proportional to the needs to this case and outweighs its

likely benefit considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, and the

relative importance of the discovery in resolving the issues. Brazos objects to this request to the

extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of

the case and produce executed agreements or licenses relating to the patent-in-suit, to the extent

that such documents exist and are within Brazos's possession, custody, or control, and not

subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves

the right to amend and update its response as needed.

**783 CASE REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to show by calendar quarter the unit volumes, product revenues,
and selling prices of licensed products sold by each licensee of WSOU's asserted '629 patent
and/or related patents during the term of any license between WSOU and the licensee.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

on the grounds that it is vague and ambiguous, including as to the term "licensed products."

Brazos objects to this Request to the extent it seeks information protected by the attorney-client

privilege, work product doctrine, common interest privilege, and/or any other applicable

privilege or immunity. Brazos objects to this Request as seeking confidential business, financial,

proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce any documents or information from licensees of the asserted patent relating to sales of licensed products, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**783 Case Request for Production No. 3**

All documents and communications relating to negotiations between WSOU and any third party of actual or potential agreements that grant any rights under WSOU's asserted '629 patent and/or related patents, including but not limited to any correspondence, meetings, presentations, draft licensing agreements, term sheets, internal and external valuations of offers, reports, summaries of meetings, summaries of license terms, actual or anticipated payments, royalty audits, estimates, and WSOU internal documents.

**783 Case Response to Request for Production No. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "valuation of offers." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks documents and communications related to patents that have not been asserted in the above captioned cases. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the

227

parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements or licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 783 CASE REQUEST FOR PRODUCTION NO. 4

All documents and communications that reference or discuss the terms under which WSOU has offered, was willing to offer, or considered offering to license or authorize use of the alleged inventions claimed in the asserted '629 patent and/or any related patents, including any discussion of what constitutes a reasonable royalty rate for any such patents either individually or in combination with other patents, and/or any discussion of the royalties or profits earned or projected to be earned by WSOU from the licensing of any such patents either individually or in combination with other patents.

### 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "was willing to offer, or considered offering." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from

sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications" and because it seeks information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed licenses relating to the Patent-in-Suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 783 CASE REQUEST FOR PRODUCTION NO. 5

All documents relating to WSOU's business plans, analyses, or strategies for licensing the asserted '629 patent, any related patents, or any portfolio of patents of which the asserted '629 patent is a part.

**<u>783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 5</u>**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request as vague and ambiguous as to the phrase "business plans." Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privilege or immunity. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800- Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and because it seeks documents and information related to patents other than the patent-in-suit. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues. Brazos objects to this request to the extent it seeks information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request.

### 783 Case Request for Production No. 6

All prior art (including but not limited to publications, public use or knowledge, prior sales or offers for sales, and any other category of prior art under 35 U.S.C. §§ 102 and 103) currently known to you or any of the named inventors relating to the subject matter claimed in the asserted '629 patent.

### 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all prior art" and because it seeks production of alleged prior art known to "any of the named inventors." Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, and the relative importance of the discovery in resolving the issues. Brazos objects to

this request as seeking information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos

responds as follows:

Based on its understanding of the request and after a reasonably proportional search and

review of relevant documents, Brazos has no documents responsive to this Request within its

possession, custody, or control other than the publicly available prosecution history for the

patent-in-suit, which Brazos has produced.

**783 CASE REQUEST FOR PRODUCTION NO. 7**

All documents relating to the first sale and/or offer for sale of the alleged invention of
any of the asserted claims of the asserted '629 patent, the first public use of the alleged invention
of any of the asserted claims of the asserted '629 patent, and/or the first printed publication of the
alleged invention of any of the asserted claims of the asserted '629 patent.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as unduly

burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of

admissible evidence, including because it seeks "all documents." Brazos objects to this Request

to the extent that it requires a legal conclusion regarding whether a particular sale, offer for sale,

public use, or printed publication satisfies the elements of the claims of the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced.

**783 CASE REQUEST FOR PRODUCTION NO. 8**

All documents and communications wherein any claim of the asserted '629 patent was alleged to be invalid.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this Request other than the publicly available prosecution history for the patent-in-suit, which Brazos has produced, and HPE's own pleadings and other documents in this case.

## 783 CASE REQUEST FOR PRODUCTION NO. 9

All documents and things supporting, refuting, or otherwise relating to whether secondary considerations or objective indicia probative of non-obviousness of any of the asserted claims of the asserted '629 patent exist.

## 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it calls for a legal conclusion. Brazos objects to this Interrogatory as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control, including information that is within the possession, custody, or control of HPE that has not yet been produced in this case. Brazos further objects to this Interrogatory as an improper attempt to shift the burden regarding invalidity, which is properly placed on HPE. *See Tech Licensing Corp. v. Videotek Inc*., 545 F.3d 1316, 1327 (Fed.

Cir. 2008); *see also SFA Systems, LLC v. Amazon.com, Inc. et al, LLC* v. No. 6:11-CV-052-LED, Dkt. 400, at 2 (E.D. Tex. April 11, 2013). Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control, including documents within HPE's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows: This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to the publicly available prosecution file, which Brazos has produced, and to HPE's own documents (which should be produced by HPE) relating to: (1) the commercial success of HPE's infringing products; (2) demand for HPE's infringing products; (3) praise by others of HPE's infringing products; (4) recognition of the problem addressed by HPE's infringing products; and (5) copying of HPE's infringing products by HPE's competitors. Discovery is ongoing and Brazos reserves the right to amend and update its response as needed.

### 783 CASE REQUEST FOR PRODUCTION NO. 10

All documents and things supporting, refuting, or otherwise relating to your contention that HPE infringes the asserted '629 patent.

### 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product

doctrine, and/or other applicable privilege or doctrine. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos

will produce other documents responsive to this request that it intends to rely on to prove

infringement, to the extent not publicly available or already in HPE's possession.

## 783 CASE REQUEST FOR PRODUCTION NO. 11

Documents sufficient to show (i) each entity other than HPE you contend directly infringes the asserted '629 patent with HPE's accused products for that patent, (ii) the total number of HPE's accused products for that patent that entity purchases annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used, and (iii) the total number of HPE's accused products for that patent that entity uses annually and the percentage of that total used in an infringing manner and the percent of their total usage for which they are so used.

## 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Brazos incorporates its General Objections set forth above. Brazos objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, common interest privilege, and/or any other applicable privilege or doctrine. Brazos

objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information

that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos

objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request as seeking

information not relevant to any issue, claims or defenses in these actions, not proportional to the

needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal

Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this

Request to the extent it improperly seeks to require Brazos to marshal all its available proof and

limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent

this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-*

*Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying

motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide

produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

**783 CASE REQUEST FOR PRODUCTION NO. 12**

All documents relating to any entity other than HPE directly infringing the asserted '629 patent with HPE's accused products for that patent.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

239

**<u>783 CASE REQUEST FOR PRODUCTION NO. 13</u>**

All documents and things supporting, refuting, or otherwise relating to your contention that WSOU is due damages for HPE's alleged infringement of the asserted '629 patent.

**<u>783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 13</u>**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and things." Brazos objects to this Request to the extent that it seeks documents or information not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this

request, to the extent that such documents exist and are within Brazos possession, custody, or control, and not subject to any privilege or immunity from production.

## 783 CASE REQUEST FOR PRODUCTION NO. 14

All documents related to valuations or analyses of WSOU's asserted '629 patent and/or related patents, individually or collectively with other patents.

## 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request to the extent it is not temporally limited. Brazos objects to this Request to the extent it seeks information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible

evidence, including because it seeks "all documents." Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos is unaware of any non-privileged, non-immune documents in its possession, custody, or control that are responsive to this request and relevant and proportional to the needs of the cases.

**783 CASE REQUEST FOR PRODUCTION NO. 15**

All documents regarding, forecasts of, and/or summaries of, a market or markets which include any products that WSOU contends practice the asserted '629 patent.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the market demand for its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request, to the extent that such documents exist and are within its possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

## 783 CASE REQUEST FOR PRODUCTION NO. 16

All documents related to the profitability of products that WSOU contends practice the asserted '629 patent, including documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the established profitability of products made under one or more claims of that patent, their commercial success, and/or their current popularity, and documents that support or contradict, or otherwise relate to, any contention by WSOU regarding the portion of the profit that arises from the claimed invention of one or more claims of the asserted '629 patent, as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements added by another.

## 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as premature because it seeks information that is properly the subject of expert reports before the deadline for such disclosures Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all

documents." Brazos objects to this Request as seeking documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos refers HPE to its own documents concerning the profitability of its infringing products, which HPE should produce. Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the profitability of the accused products to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 783 CASE REQUEST FOR PRODUCTION NO. 17

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there was and/or is a demand for the claimed invention of one or more claims of the asserted '629 patent.

### 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks a legal conclusion. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing

Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents related to the demand for claimed invention, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 783 CASE REQUEST FOR PRODUCTION NO. 18

All documents that support or contradict, or otherwise relate to, any contention by WSOU that there were and/or are no available, acceptable, noninfringing substitute products for the claimed invention of one or more claims of the asserted '534 patent.

### 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 18

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not

reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it seeks a legal conclusion and/or expert opinion. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.,* Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents." Brazos objects to this request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents responsive to this request that are relevant to any claim or defense, to the extent that such documents and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 783 CASE REQUEST FOR PRODUCTION NO. 19

All documents and communications relating to the chain of ownership and/or assignment of the asserted '629 patent, including unredacted copies of such documents previously produced.

**<u>783 Case Response to Request for Production No. 19</u>**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications."

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**<u>783 Case Request for Production No. 20</u>**

Documents sufficient to show the transfer of all rights relating to the asserted '629 patent from its named inventor(s), through any intermediaries, to WSOU and/or the current holder of the right, including the right to recover for past damages, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**783 CASE REQUEST FOR PRODUCTION NO. 21**

Documents sufficient to show in full all encumbrances referenced in any of the agreements transferring any of the rights related to the asserted '629 patent from one entity to another, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any encumbrances on Brazos's ownership of the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**783 CASE REQUEST FOR PRODUCTION NO. 22**

Documents sufficient to show all security interests in or liens against the asserted '629 patent or related patents, whether individually or as part of a group of patents, and all documents and communications relating to any of those documents, including unredacted copies of such documents previously produced.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information relevant to patents other than the patent-in-suit and because it seeks "all documents and communications.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce executed agreements sufficient to identify any security interests in or liens against the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

**783 CASE REQUEST FOR PRODUCTION NO. 23**

All documents relating to prosecution of the asserted '629 patent and/or related patents, including any invention disclosures for them and their prosecution histories, applications, documents referenced on the face of or incorporated by reference in them, and/or documents regarding the payment of fees, including but not limited to maintenance fees, for them.

**<u>783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 23</u>**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information relevant to patents other than the patent-in-suit. Brazos objects to this Request to the extent that it seeks documents not within Brazos's possession, custody, or control. Brazos also objects to this Request as seeking discovery for which the burden and expense is not proportional to the needs to this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative of importance of the discovery in resolving the issues.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos has produced the publicly available file wrapper related to the patent-in-suit. Otherwise, Brazos responds that this information is as readily available to HPE as to Brazos. Brazos refers HPE to the Public Patent Application Information Retrieval System.

**<u>783 CASE REQUEST FOR PRODUCTION NO. 24</u>**

All documents and communications exchanged with any of the named inventors or others relating to the asserted '629 patent and/or related patents, and/or the inventions allegedly claimed by the asserted '629 patent and/or related patents.

**783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all documents" and information not relevant to this case or the patent-in-suit.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Brazos will conduct a reasonable and diligent search that is proportional to the needs of the case and produce documents and communications with any of the named inventors of the

patent-in-suit regarding this case or the patent-in-suit, to the extent that such documents exist and are within Brazos's possession, custody, or control, and not subject to any privilege or immunity from production. Discovery is ongoing, and Brazos reserves the right to amend and update its response as needed.

### 783 CASE REQUEST FOR PRODUCTION NO. 25

All documents relating to the conception, reduction to practice, and/or diligence toward reduction to practice of any asserted claim of the asserted '629 patent, including the individual contributions made by each inventor, named or not.

### 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos

objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos objects to this Request to the extent it seeks documents not within Brazos's possession, custody, or control.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

Based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos has no documents responsive to this request within its possession, custody, or control.

## 783 CASE REQUEST FOR PRODUCTION NO. 26

Documents sufficient to show the entity or entities you contend satisfy(ies)/perform(s) each element/step of each asserted claim of the asserted '629 patent.

## 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 26

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the

evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos will produce other documents responsive to this request that it intends to rely on to prove infringement, to the extent not publicly available or already in HPE's possession.

### 783 CASE REQUEST FOR PRODUCTION NO. 27

All documents relating to any entity (HPE or any entity other than HPE) satisfying/performing one or more elements/steps of any of the asserted claims of the asserted '629 patent.

### 783 CASE RESPONSE TO REQUEST FOR PRODUCTION NO. 27

Brazos incorporates its General Objections set forth above. Brazos objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Request to the extent it seeks confidential business, financial, proprietary, or

sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Request to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Request to the extent it is not temporally limited or seeks information for a time period that is not proportional to the needs of the case and/or seeks to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Request to the extent it improperly seeks to require Brazos to marshal all its available proof and limit the evidence that Brazos may present at the trial of this matter. Brazos objects to the extent this request seeks discovery on pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre- Filing Investigation") states that the "best practice is to deny such discovery."). Brazos objects to this Request to the extent it is unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and all objections set forth above, Brazos responds as follows:

This request is premature. Nevertheless, based on its understanding of the request and after a reasonably proportional search and review of relevant documents, Brazos refers HPE to Brazos's Complaint (and any amendments thereto) and infringement contentions (and any amendments thereto) and to HPE's own documents relating to its infringing products. Brazos

will produce other documents responsive to this request that it intends to rely on to prove

infringement, to the extent not publicly available or already in HPE's possession

As to Objections,

Dated: July 2, 2021

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

/s/ Timothy J. Rousseau
Alessandra C. Messing
New York State Bar No. 5040019
amessing@brownrudnick.com
Timothy J. Rousseau
New York State Bar No. 4698742
trousseau@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:      (212) 209-4801

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

Edward J. Naughton
(admitted *pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(admitted *pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, a true and correct copy of the above and foregoing

document has been served by email on all counsel of record.

_/s/ Timothy J. Rousseau_
Timothy J. Rousseau