**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>    Defendants. | <u>Case Numbers</u>:<br>6:20-cv-00473-ADA<br>6:20-cv-00475-ADA<br>6:20-cv-00476-ADA<br>6:20-cv-00477-ADA<br>6:20-cv-00480-ADA<br>6:20-cv-00481-ADA<br>6:20-cv-00482-ADA<br>6:20-cv-00485-ADA<br>6:20-cv-00486-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>ZTE CORPORATION,<br><br>    Defendant. | <u>Case Numbers</u>:<br>6:20-cv-00487-ADA<br>6:20-cv-00488-ADA<br>6:20-cv-00489-ADA<br>6:20-cv-00490-ADA<br>6:20-cv-00491-ADA<br>6:20-cv-00492-ADA<br>6:20-cv-00493-ADA<br>6:20-cv-00494-ADA<br>6:20-cv-00495-ADA<br>6:20-cv-00496-ADA<br>6:20-cv-00497-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE, LLC,<br><br>    Defendant. | <u>Case Numbers</u>:<br>6:20-cv-00572-ADA<br>6:20-cv-00579-ADA<br>6:20-cv-00580-ADA<br>6:20-cv-00584-ADA<br>6:20-cv-00585-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | <u>Case Numbers</u>:<br>6:20-cv-00730-ADA |

| | |
|---|---|
| GOOGLE, LLC,<br><br>    Petitioner,<br><br>v.<br><br>TERRIER SSC, LLC,<br><br>    Respondent. | <u>Case Number</u>:<br>6:21-mc-01269-ADA |
| GOOGLE, LLC,<br><br>    Petitioner,<br><br>v.<br><br>BP FUNDING TRUST,<br><br>    Respondent. | <u>Case Number</u>:<br>6:21-mc-01270-ADA |
| GOOGLE, LLC,<br><br>    Petitioner,<br><br>v.<br><br>AQUA LICENSING, LLC,<br><br>    Respondent. | <u>Case Number</u>:<br>6:21-mc-01309-ADA |

**NON-PARTIES' OMNIBUS RESPONSE TO THE "GOOGLE MOTIONS"**

**REPLY**

Before the Court are the four "**Google Motions**,"[1] related to certain "**Non-Parties**,"[2] who were the subject of this Court's March 4, 2022 order consolidating the above-captioned cases for the limited purpose of resolving issues related to discovery served on the Non-Parties (the "**Consolidation Order**"[3]). In the Consolidation Order, the Court invited briefs from any party that wished to be heard in support of Google's positions on the Google Motions. Consolidation Order at pp. 8-9. Only Dell (20-cv-473 at ECF 164) and HPE (20-cv-730 at ECF No. 91) have filed such a brief. This is the Non-Parties' omnibus response.

**(a)  Google Had an Agreement with BP Funding Trust but Google Chose to Set it Aside and Moved to Compel on Everything Rather than Seek to Enforce It**

Both Google and Dell argue that they had an agreement with BP entities to produce certain documents. Which is true with respect to Google, but not true with respect to Dell. A recap of the history of both alleged agreements shows why both defendants' arguments must fail.

BP Funding Trust has never disputed that it had an agreement whereby Google agreed to narrow the scope of its subpoenas and BP Funding Trust agreed to produce a particular, limited set of documents requested. This agreement, which was reached on a call by counsel for BP Funding Trust and Google, was memorialized in follow-up emails sent on October 5-6, 2021. *Google v. BP Funding Trust,* 6-21-cv-1270, ECF No. 1-1 at pp. 221-35. Google knew that this

---

[1] "[T]he motions to compel filed by Google in the District of Delaware, which have been transferred to this district and assigned case numbers 6:21-mc-1269 [*Google v. Terrier SSC, LLC*], 6:21-mc-1270 [*Google v. BP Funding Trust*], and 6:21-mc-1309 [*Google v. Aqua Licensing, LLC*], in the Western District of Texas, and WSOU's motion for a protective order filed in the Google cases (together, the "Google Motions")". Consolidation Order at p. 8.

[2] Terrier SSC, LLC; BP Funding Trust; BasePoint Administrative, LLC; and Aqua Licensing, LLC.

[3] Filed at, *e.g.*, *WSOU v. Dell, et al.*, 6-20-cv-473-ADA, ECF No. 161.

Court had denied similar discovery in the *Microsoft* cases. *Id*. at ECF No. 12 (Richins Decl.), ¶¶ 3-4. Google never disclosed what had happened in *Microsoft* when pressing BP Funding Trust to produce documents that Google knew it was unlikely to obtain from WSOU directly. Rather, BP Funding Trust learned about the history from the *Microsoft* cases when WSOU's counsel sent an email on this topic on October 14, 2021, which further advised that WSOU would be moving for a protective order barring BP Funding Trust from producing the agreed set of documents. *Id*. at ECF No. 1-1, p. 240.

It was Google, not BP Funding Trust, that chose to set aside the agreement. When BP Funding Trust was advised by WSOU about the history from Microsoft and that a protective order motion was being filed by WSOU, BP Funding Trust's counsel responded that he would speak with the client about the new developments and then advise as to a plan. *Id*. at p. 242. Google did not wait around to hear what the new plan might be, however, and instead responded by declaring an emergency and immediately filing a motion to compel the next day, on October 15, 2021, in which Google pressed the District Judge in Delaware to order BP Funding to produce everything Google had asked for on an expedited basis. *Id*. at ECF No. 1.

Google's motion to compel did ***not*** seek to enforce its agreement with BP Funding Trust; rather, Google set the agreement aside and filed a motion to compel asking the Court to order BP to produce everything Google had requested in its plainly overbroad subpoenas. *Id.* If Google had filed a motion to compel seeking to enforce the agreement, then a focus of BP Funding Trust's response would have been to argue that the agreement should be abrogated due to Google's concealment of the material fact that this Court had previously denied Microsoft the very same discovery. Google should not be allowed to set the agreement aside at the outset of proceedings, when it reasoned it stood to benefit from doing so, only to then change tack later

4

and seek to try and enforce the agreement after all, after BP Funding Trust has addressed its own arguments in opposition to the arguments that Google actually made in its moving papers.

In short, BP Funding Trust did have an agreement with Google, but Google was the party that chose to set that agreement aside by filing a motion to compel that asked for not just what had been previously agreed, but for the sun and the moon and the stars.

      **(b)**      **Dell Does Seek to Enforce an Agreement with BasePoint Administrative, LLC, But Neither it Nor the Other Non-Parties Ever Reached Any Agreement with Dell**

What Dell has attempted to do here is take the path that Google opted not to pursue; Dell does not ask for everything requested by its subpoenas, but rather seeks to enforce its own purported agreement with BasePoint Administrative, LLC. The problem for Dell, though, is that BasePoint Administrative LLC has always denied that any such agreement existed; when Dell purported to accept a deal, BasePoint immediately responded that there was no deal. 20-cv-473, ECF No. 146-1, pp. 592-93 (11/4 email from R. Millimet), 597-99 (11/11 letter from M. Pietz).

What the emails show is that the agreement that Dell now seeks to enforce is in fact the very same agreement that Google reached with BP Funding Trust. On **October 8, 2011** which was after counsel for BP Funding Trust reached his deal with Google, but just before WSOU advised it would be filing a protective order, counsel for BasePoint Administrative offered to look past the fact that Dell had subpoenaed the wrong entity, and extend to Dell the same deal BP Funding Trust had just agreed to with Google. *Id.* at pp. 593-94 (10/8 email from R. Millimet). The list of documents to be produced, which was memorialized by counsel for Google, is exactly the same with respect to both of the purported agreements. *Compare id.* at 589 (10/5 email from Google) *with id.* at 593-94 (10/8 email to Dell).

Dell did not immediately accept BasePoint Administrative's October 8, 2021, offer to look past the fact that Dell had subpoenaed the wrong entity and provide Dell with the same

materials that BP Funding Trust had agreed to provide to Google. Rather, almost a month went by, before counsel for BasePoint Administrative heard back from Dell on this issue. During the month that Dell went radio silent, Google and the Non-Parties were briefing Google's motions in Delaware. Notably, on **October 29, 2021**, the Non-Parties filed a brief in Delaware in which they pointed out that Google had "renounced" its agreement with BP Funding Trust when moving to compel, but then also tried to argue that there had been an agreement in opposing the Non-Parties' Rule 45(f) motion to transfer the discovery motions to this Court.[4]

It was thus only on **November 3, 2021**, after watching the briefing unfold in Delaware, and seeing that Google's approach might not have been optimal, of asking for everything rather than seeking to enforce a more limited agreement, that Dell then got the bright idea of trying to accept an agreement of its own by responding to a month-old email chain. 20-cv-473, ECF No. 146-1at p. 593 (11/3 email from B. Shelton: "We have an agreement.") What the email exchange shows is not a genuine offer and acceptance and a meeting of the minds. It shows a game of gotcha. Dell's counsel knew that the circumstances and conditions surrounding the potential deal outlined by Rob Millimet in his October 8, 2021 email had changed. But Dell nevertheless announced "we have an agreement," to try and setup the argument (which Google did not make, but Dell does) that there was supposedly an agreement that should be enforced" Of course, and unlike with Google where a deal was confirmed in writing, when Dell tried to say there was an agreement, counsel for BasePoint Administrative responded immediately stating that that there was not. *Id*. at pp. 592-93 (11/4 email), 597-99 (11/11 letter).

---

[4] 21-mc-1270, ECF No. 15 at p. 4 (Non-Parties' reply in support of motion to transfer per Rule 45(f): "Google renounced the alleged agreement between itself and BP Funding by filing its motions to compel. Google does not seek to enforce its alleged agreement with BP Funding, but rather seeks to enforce its subpoenas in their entirety.")

In short, Dell's argument about how there is a supposed agreement that should be enforced is smoke and mirrors. Dell never had an agreement with any of the Non-Parties, including Basepoint Administrative.

### (c) Texas Authority Establishes that Courts May Refuse Requests to Compel Overbroad Subpoenas, Even if Objections Were Arguably Waived

The Non-Parties have filed written objections to all of the subpoenas at issue. There is no dispute that the objections served in response to Google were served late, after the deal fell apart and Google moved to compel. There is also no dispute that objections were all timely as to ZTE and HPE. There is a factual dispute, however, as to whether objections to the Dell subpoenas were timely, in view of discussions between counsel about Dell agreeing to withdraw its original subpoena on the wrong entity, if BasePoint would identify its assignee under the financing agreement (*i.e.*, identify Terrier), which BasePoint did. *See* 20-473, ECF No. 153-1, pp. 17-20.

Even assuming, arguendo, that some objections were waived, there is ample authority establishing that a District Court has discretion to refuse to compel overbroad and unduly burdensome subpoenas, that overbreadth justifies relief from waiver and is an issue that may not be waived. *E.g., In re Ex Parte Application of Grupo Mexico SAB de CV for an Ord. to Obtain Discovery for Use in a Foreign Proceeding*, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016) (Untimely objections does not bar them, and untimely objections do not prohibit a court from exercising its inherent authority on its own to limit or prohibit improper discovery); *see also Piazza's Seafood World, LLC*, 2011 WL 3664437, at *3 (M.D. La. 2011) ("[I]f aspects of a subpoena are over-broad on their face and exceed the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith, waiver of the non-party's untimely objections is not automatic, and the objections may be considered.") Accordingly, the Court

should consider the Non-Parties over-breadth objections on the merits and sustain them. No defendant has shown that it was unable to obtain appropriate discovery from WSOU such that a third party need be burdened at all.

### (d) Status of Issues re: Aqua Licensing

The Non-Parties attempted to clarify the status of issues related to Aqua Licensing in advance of this brief. The bottom line appears to be that the defendants are working on serving a consolidated deposition notice, and although nobody is directly threatening a motion to compel production of more documents from Aqua, Google still technically has a motion on file on that issue, which it has been requested to withdraw, in view of Aqua's cooperation.

Aqua has asked the defendants here to agree to allow Salesforce (which is not yet subject to the consolidation order) to participate in the same deposition and most have already agreed.

Respectfully submitted,

DATED: March 18, 2022

BY:

*/s/ Morgan E. Pietz*                                          */s/ Dan N. MacLemore*

**PIETZ & SHAHRIARI, LLP**                      **BEARD KULTGEN BROPHY**
Morgan E. Pietz (CA Bar No. 260629)      **BOSTWICK & DICKSON, PLLC**
 Morgan@pstrials.com
6700 S. Centinela Ave., 2nd Floor               Dan N. MacLemore
Culver City, CA 90230                                   State Bar No. 24037013
(310) 424-5557                                                220 South 4th Street
                                                                          Waco, Texas 76701
                                                                          Tel (254) 776-5500
                                                                          Fax (254) 776-3591
                                                                          maclemore@thetexasfirm.com

*Counsel for the Non-Parties*